# EXHIBIT D

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEIFA XU, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>FIBROGEN, INC., ENRIQUE CONTERNO, JAMES SCHOENECK, and K. PEONY YU,<br><br>Defendants. | No. 3:21-cv-02623-EMC<br><br>Judge Edward M. Chen<br><br><u>CLASS ACTION</u> |

*Captions continued on next page.*

**JOINT DECLARATION OF
DAVID RANDALL, ELEANOR N. EWING, AND DAVID SULLIVAN
IN SUPPORT OF THE MOTION OF EMPLOYEES' RETIREMENT SYSTEM OF THE
CITY OF BALTIMORE, CITY OF PHILADELPHIA BOARD OF PENSIONS AND
RETIREMENT, AND PLYMOUTH COUNTY RETIREMENT ASSOCIATION FOR
CONSOLIDATION OF RELATED ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF, AND
<u>APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

| | | |
|---|---|---|
| 1 | ROBERT GUTMAN, Individually and on Behalf of All Others Similarly Situated, | No. 3:21-cv-02725-YGR |
| 2 | | Judge Yvonne Gonzalez Rogers |
| 3 | Plaintiff, | |
| | | CLASS ACTION |
| 4 | vs. | |
| 5 | FIBROGEN, INC., ENRIQUE CONTERNO, and JAMES SCHOENECK, | |
| 6 | | |
| 7 | Defendants. | |
| 8 | CESARE GRAZOLI, Individually and on Behalf of All Others Similarly Situated, | No. 3:21-cv-03212-CRB |
| 9 | | Judge Charles R. Breyer |
| 10 | Plaintiff, | |
| | | CLASS ACTION |
| 11 | vs. | |
| 12 | FIBROGEN, INC., ENRIQUE CONTERNO, JAMES SCHOENECK, and K. PEONY YU, | |
| 13 | | |
| 14 | Defendants. | |
| 15 | THOMAS LEONARD, Individually and on Behalf of All Others Similarly Situated, | No. 5:21-cv-03370-BLF |
| 16 | | Judge Beth Labson Freeman |
| 17 | Plaintiff, | |
| | | CLASS ACTION |
| 18 | vs. | |
| 19 | FIBROGEN, INC., ENRIQUE CONTERNO, JAMES SCHOENECK, and K. PEONY YU, | |
| 20 | | |
| 21 | Defendants. | |
| 22 | IBEW LOCAL 353 PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, | No. 3:21-cv-03396-EJD |
| 23 | | Judge Edward J. Davila |
| 24 | Plaintiff, | CLASS ACTION |
| 25 | vs. | |
| 26 | FIBROGEN, INC., ENRIQUE CONTERNO, JAMES SCHOENECK, and K. PEONY YU, | |
| 27 | | |
| 28 | Defendants. | |

We, David Randall, Eleanor N. Ewing, and David Sullivan pursuant to 28 U.S.C. § 1746, declare as follows:

1. We respectfully submit this joint declaration in support of the motion of Employees' Retirement System of the City of Baltimore ("Baltimore Employees"), City of Philadelphia Board of Pensions and Retirement ("Philadelphia Pension Fund"), and Plymouth County Retirement Association ("Plymouth County," and together with Baltimore Employees and Philadelphia Pension Fund, the "Retirement Systems") for consolidation of the above-captioned related actions, appointment of the Retirement Systems as Lead Plaintiff, and approval of the Retirement Systems' selection of Saxena White P.A. ("Saxena White") as Lead Counsel for the proposed Class in the securities class action filed against FibroGen, Inc. ("FibroGen") and other defendants. We are informed of and understand the requirements and duties of serving as the Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), including the selection and retention of counsel and overseeing the prosecution of the FibroGen litigation. We each have personal knowledge about the facts set forth in this Joint Declaration relating to the retirement system with which we are associated.

2. I, David Randall, am the Executive Director of Baltimore Employees and am authorized to make this Joint Declaration on its behalf. Baltimore Employees is a public pension fund that provides retirement benefits to approximately 18,000 regular and permanent employees in the general administrative service of the City of Baltimore, Maryland and certain non-teacher employees of the Baltimore City Public School System. Baltimore Employees was established in 1926 and, as of June 30, 2020, had approximately $1.7 billion in assets under management. As reflected in its certification, Baltimore Employees purchased a significant number of shares of FibroGen common stock during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this action. In addition, as reflected in its certification, pursuant to an assignment of claims from Fire and Police Employees' Retirement System of the City of Baltimore ("Baltimore F&P"), Baltimore Employees also seeks recovery for the substantial loss suffered by Baltimore F&P as a result of the violations of the federal securities laws alleged in this action in connection with Baltimore F&P's purchases of FibroGen

1  common stock during the Class Period. Baltimore Employees is a sophisticated institutional investor that understands, appreciates, and accepts the duties and fiduciary responsibilities with which a lead plaintiff is charged under the PSLRA.

3. I, Eleanor N. Ewing, am a Chief Deputy City Solicitor for the City of Philadelphia Law Department and am authorized to make this Joint Declaration on its behalf. Philadelphia Pension Fund provides public pension fund benefits to approximately 66,000 police, fire, and civilian workers of the City of Philadelphia, Pennsylvania. Philadelphia Pension Fund was established in 1957 and, as of July 1, 2020, had approximately $5.7 billion in assets under management. As reflected in its certification, Philadelphia Pension Fund purchased a significant number of shares of FibroGen common stock during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this action. Philadelphia Pension Fund is a sophisticated institutional investor that understands, appreciates, and accepts the duties and fiduciary responsibilities with which a lead plaintiff is charged under the PSLRA. Philadelphia Pension Fund's familiarity with the PSLRA's requirements is informed by among other things, its role serving as co-lead plaintiff in *In re MGM Mirage Securities Litigation*, No. 2:09-cv-01558 (D. Ariz.), in which Philadelphia Pension Fund capably served as co-lead plaintiff with three other pension funds in achieving a $75 million recovery for the class.

4. I, David Sullivan, am the Executive Director of Plymouth County and am authorized to make this Joint Declaration on its behalf. Plymouth County provides public pension fund benefits to approximately 12,000 current and retired municipal and county employees of Plymouth County, Massachusetts. Plymouth County was established in 1937 and, as of April 2021, had more than $1.2 billion in assets under management. As reflected in its certification, Plymouth County purchased a significant number of shares of FibroGen common stock during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this action. Plymouth County is a sophisticated institutional investor that understands, appreciates, and accepts the duties and responsibilities with which a lead plaintiff is charged under the PSLRA. Plymouth County's familiarity with the PSLRA's requirements is informed by among other things, its role serving as lead plaintiff or co-lead plaintiff in numerous

cases in this District and other federal courts across the country, such as *City of Westland Police and Fire Retirement System v. Sonic Solutions*, No. 07-cv-05111 (N.D. Cal.) ($5 million settlement), in which Plymouth County capably served as co-lead plaintiff with another pension fund in achieving a $5 million recovery for the class.

5. The Retirement Systems are sophisticated institutional investors that have dedicated staffs of professionals who will ensure effective oversight of counsel and this litigation. Each entity manages hundreds of millions of dollars in assets and serves as a fiduciary to thousands of beneficiaries. The Retirement Systems each have prior experience serving as fiduciaries and in selecting, hiring, and overseeing lawyers in complex litigation. The Retirement Systems also are familiar with one another given their membership in the National Conference for Public Employee Retirement Systems (NCPERS) and the active participation of Baltimore Employees and Philadelphia Pension Fund in Mid-Atlantic Plan Sponsors, a non-profit, eleven-state organization dedicated to trustee education, in which they are two of the fourteen members.

6. The Retirement Systems are strongly motivated to recover the significant losses that they and the Class suffered as a result of defendants' violations of the federal securities laws. The principal goal of Baltimore Employees, Philadelphia Pension Fund, and Plymouth County in seeking to serve as Lead Plaintiff in this case is to achieve the best possible recovery for the Class from all culpable parties. We each believe that the prosecution of this fraud should be entrusted to institutional investors that have a significant financial interest in the claims against defendants and are committed to maximizing the Class's recovery and ensuring the litigation is prosecuted as zealously and efficiently as possible, in accordance with the duties set forth in the PSLRA.

7. Baltimore Employees, Philadelphia Pension Fund, and Plymouth County reaffirm our commitment to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by: conferring with each other and with our counsel regarding litigation strategy and other matters; attending court proceedings, depositions, any settlement mediations, and hearings as needed; and reviewing and authorizing the filing of important litigation documents. Through these and other measures, the Retirement Systems will ensure that the FibroGen securities litigation will be vigorously prosecuted consistent with the Lead Plaintiff's

obligations under the PSLRA and in the best interests of the Class.

8. In exploring their potential leadership of this action, Baltimore Employees, Philadelphia Pension Fund, and Plymouth County expressed an interest to their counsel in collaborating with other sophisticated institutional investors in seeking joint Lead Plaintiff appointment. Baltimore Employees, Philadelphia Pension Fund, and Plymouth County each determined that they could maximize the Class's recovery by pooling their respective resources and experience and jointly seeking appointment as Lead Plaintiff. After reviewing the allegations pleaded in the operative complaint and consulting with their counsel, Baltimore Employees, Philadelphia Pension Fund, and Plymouth County each independently determined to seek joint appointment as Lead Plaintiff, and subsequently approved the filing of a joint motion seeking their appointment as Lead Plaintiff.

9. The Retirement Systems' decision was driven in part by our respective organizations' prior experience prosecuting complex litigation, and our mutual belief that our partnership would allow for the sharing of experiences and resources and would add substantial value to the prosecution of the FibroGen litigation and benefit the Class. The Retirement Systems' decision also was driven by their common interests in enhancing the stability of defined benefit plans and the reliability of information disseminated by publicly traded corporations and by their shared belief regarding the role of corporate governance in detecting and preventing securities fraud.

10. As part of an effort to formalize our leadership over this litigation, and to begin implementing our strategy for prosecuting this litigation as Lead Plaintiff, on June 10, 2021, we held a joint conference call, during which we discussed: our respective funds' losses arising from defendants' misconduct; the merits of the claims against the defendants; the benefits of working together jointly to prosecute the litigation in a collaborative and cohesive manner; the advantages of having a law firm experienced in successfully litigating securities class actions serve as Lead Counsel; and procedures and mechanisms for communication and decision-making that will ensure that the Class will benefit from our supervision of counsel. In particular, we discussed our shared views that the prosecution of this action would benefit from the leadership of institutional

investors that have the financial interest and desire to ensure active oversight of the action and counsel and maximize the Class's potential recovery.

11. We also discussed our intention to make all decisions jointly, taking into consideration proposed Lead Counsel's advice. We do not anticipate that any disagreements between us will arise and are committed to making all efforts, in good faith, to reach consensus with respect to litigation decisions, and to that end will consult with our counsel as we deem necessary to fulfill our fiduciary obligations to the Class. In the event that such a disagreement arises, we agree to resolve such disagreement by a majority vote, in which each of us possesses one vote. We recognize that even in the event of such a disagreement, the ultimate decision will necessarily be informed by consulting one another and our counsel.

12. In addition, we discussed a Lead Plaintiff's obligation under the PSLRA to select Lead Counsel and to supervise the prosecution of the case to guarantee that it is prosecuted efficiently. Through supervision of proposed Lead Counsel, we will ensure that this action is prosecuted for the benefit of the Class in an efficient and effective manner. In order to achieve this result, we plan on consulting with each other and with counsel regarding the prosecution of this lawsuit via telephone, email, and videoconference. We also understand that some of these meetings may need to be conducted without counsel. To this end, we each have exchanged contact information for one another, and are able to call or email each other with and without counsel as needed, including on an emergency basis if circumstances arise requiring such urgent communications.

13. We have directed counsel to advise us as to all developments during the lead plaintiff motion process. We will continue to direct counsel and actively oversee the prosecution of this action for the benefit of the Class by, among other things, reviewing pleadings and conferring amongst ourselves. Representatives of the Retirement Systems also are prepared to travel to court proceedings, depositions, settlement mediations, and hearings when their presence will be of benefit to the Class.

14. We understand that the PSLRA and courts throughout the country, including courts in this District, have endorsed the appointment of small groups of institutional investors to serve

1  as lead plaintiff when the group is able to establish that its members are capable of overseeing the
2  litigation and their proposed lead counsel in an independent manner. We intend to prosecute this
3  litigation in such an independent and vigorous manner. Indeed, as noted above, Philadelphia
4  Pension Fund and Plymouth County each have significant experience serving as co-lead plaintiff
5  alongside other sophisticated institutional investors. Further, in addition to the *Sonic Solutions*
6  securities class action noted above, Plymouth County has previously served or is currently serving
7  as co-lead plaintiff in actions including: *Plymouth County Retirement System v. Patterson
8  Companies, Inc.*, No. 18-cv-00871 (D. Minn.) (class certified in September 2020); *Plymouth
9  County Retirement System v. Evolent Health, Inc.*, No. 19-cv-01031 (E.D. Va.) (motion to dismiss
10 denied in part in March 2021); *Medoff v. CVS Caremark Corp.*, No. 09-cv-00554 (D.R.I.) ($48
11 million recovery); and *In re SafeNet, Inc. Securities Litigation*, No. 06-cv-05797 (S.D.N.Y.)
12 ($25 million recovery).

13     15.     In addition to discussing our goals for the FibroGen litigation, the Retirement
14 Systems recognized the importance of selecting a qualified law firm to prosecute the litigation in
15 a cost-effective manner. We are familiar with the experience, resources, and successes of
16 proposed Lead Counsel, Saxena White, and we are aware that it is an accomplished law firm with
17 a history of achieving significant recoveries and corporate governance reforms with defendants.
18 We also are aware that Saxena White has a track record of efficiently prosecuting complex
19 securities actions. Indeed, we believe that this firm's history of effectively prosecuting complex
20 securities class action lawsuits provides comfort that the Class will receive the best possible
21 representation. We also believe that Saxena White's diverse legal team will offer unique
22 perspectives that will benefit the Class and advance the important goal of increasing diversity in
23 the courtroom.

24     16.     Through our conversations with each other and with counsel, and our oversight of
25 counsel, we believe that Saxena White will vigorously prosecute the action in a zealous and cost-
26 effective manner and in the best interests of all members of the Class.

27     17.     The Retirement Systems are committed to ensuring that the Class receives the best
28 possible outcome from this litigation.

1 | Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing
2 | statements relating to Baltimore Employees are true and correct to the best of my knowledge.
3 | Executed this 11th day of June, 2021.

By: */s/ David Randall*
David Randall
Executive Director

Authorized Signatory of Employees'
Retirement System of the City of
Baltimore

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Philadelphia Pension Fund are true and correct to the best of my knowledge.

Executed this 11 day of June, 2021.

By: /s/ Eleanor N. Ewing
Eleanor N. Ewing, Esq.,
Chief Deputy City Solicitor
City of Philadelphia Law Department

Authorized Signatory of City Philadelphia Law Department on behalf of the City of Philadelphia Board of Pensions and Retirement

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Plymouth County are true and correct to the best of my knowledge.

Executed this 11th day of June, 2021.

By: /s/ David Sullivan
David Sullivan
Executive Director

Authorized Signatory of Plymouth
County Retirement Association