# EXHIBIT A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

PEIFA XU, Individually and on Behalf of All Others Similarly Situated,

      Plaintiff,

      vs.

FIBROGEN, INC., ENRIQUE CONTERNO, JAMES SCHOENECK, and K. PEONY YU,

      Defendants.

No. 3:21-cv-02623-EMC

Judge Edward M. Chen

CLASS ACTION

*Captions continued on next page.*

**SUPPLEMENTAL JOINT DECLARATION OF
DAVID RANDALL, ELEANOR N. EWING, AND DAVID SULLIVAN
IN SUPPORT OF THE MOTION OF EMPLOYEES' RETIREMENT SYSTEM OF THE
CITY OF BALTIMORE, CITY OF PHILADELPHIA BOARD OF PENSIONS AND
RETIREMENT, AND PLYMOUTH COUNTY RETIREMENT ASSOCIATION FOR
CONSOLIDATION OF RELATED ACTIONS,
APPOINTMENT AS LEAD PLAINTIFF, AND
APPROVAL OF SELECTION OF LEAD COUNSEL**

| | |
|---|---|
| ROBERT GUTMAN, Individually and on Behalf of All Others Similarly Situated, | No. 3:21-cv-02725-YGR |
| Plaintiff, | Judge Yvonne Gonzalez Rogers |
| vs. | CLASS ACTION |
| FIBROGEN, INC., ENRIQUE CONTERNO, and JAMES SCHOENECK, | |
| Defendants. | |
| CESARE GRAZOLI, Individually and on Behalf of All Others Similarly Situated, | No. 3:21-cv-03212-CRB |
| Plaintiff, | Judge Charles R. Breyer |
| vs. | CLASS ACTION |
| FIBROGEN, INC., ENRIQUE CONTERNO, JAMES SCHOENECK, and K. PEONY YU, | |
| Defendants. | |
| THOMAS LEONARD, Individually and on Behalf of All Others Similarly Situated, | No. 5:21-cv-03370-BLF |
| Plaintiff, | Judge Beth Labson Freeman |
| vs. | CLASS ACTION |
| FIBROGEN, INC., ENRIQUE CONTERNO, JAMES SCHOENECK, and K. PEONY YU, | |
| Defendants. | |
| IBEW LOCAL 353 PENSION PLAN, Individually and on Behalf of All Others Similarly Situated, | No. 3:21-cv-03396-EJD |
| Plaintiff, | Judge Edward J. Davila |
| vs. | CLASS ACTION |
| FIBROGEN, INC., ENRIQUE CONTERNO, JAMES SCHOENECK, and K. PEONY YU, | |
| Defendants. | |

SUPPLEMNTAL JOINT DECLARATION OF DAVID RANDALL,
ELEANOR N. EWING, AND DAVID SULLIVAN
CASE NO. 3:21-CV-02623-EMC

We, David Randall, Eleanor N. Ewing, and David Sullivan pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We respectfully submit this Supplemental Joint Declaration in support of the motion of Employees' Retirement System of the City of Baltimore ("Baltimore Employees"), City of Philadelphia Board of Pensions and Retirement ("Philadelphia Pension Fund"), and Plymouth County Retirement Association ("Plymouth County," and together with Baltimore Employees and Philadelphia Pension Fund, the "Retirement Systems") for consolidation of the above-captioned related actions, appointment of the Retirement Systems as Lead Plaintiff, and approval of the Retirement Systems' selection of Saxena White P.A. ("Saxena White") as Lead Counsel for the proposed Class.  We each have personal knowledge about the facts set forth in this Supplemental Joint Declaration relating to the retirement system with which we are associated.

2.      I, David Randall, am the Executive Director of Baltimore Employees and am authorized to make this Supplemental Joint Declaration on its behalf.

3.      I, Eleanor N. Ewing, am a Chief Deputy City Solicitor for the City of Philadelphia Law Department and am authorized to make this Supplemental Joint Declaration on its behalf.

4.      I, David Sullivan, am the Executive Director of Plymouth County and am authorized to make this Supplemental Joint Declaration on its behalf.

5.      In accordance with the protocols or management of this litigation set out in our initial Joint Declaration (ECF No. 30-4), we have been closely tracking the progress of the briefing of the competing motions for appointment as lead plaintiff.  We have been communicating both with each other and with counsel concerning specific protocols for the litigation in light of the attached guidelines adopted by this Court in the *In re Carrier IQ, Inc., Consumer Privacy Litigation*, No. 3:12-md-02330-EMC for lead counsel to follow to limit costs and expenses.  We understand that the Court has expressed an expectation that those guidelines be followed in securities class actions and have carefully reviewed the guidelines.  We share the Court's efficiency concerns and believe that specific guidelines for lead counsel to follow to limit costs and expenses would be prudent to implement here.  Accordingly, if the Court appoints the

SUPPLEMNTAL JOINT DECLARATION OF DAVID RANDALL,
ELEANOR N. EWING, AND DAVID SULLIVAN
CASE NO. 3:21-CV-02623-EMC

Retirement Systems as Lead Plaintiff, we will adopt and implement the *Carrier IQ* guidelines in this litigation.

6. Given our interest in maximizing the Class' recovery through efficient and cost-conscious litigation, after reviewing the guidelines and consulting with counsel, we also have identified ways in which to enhance the *Carrier IQ* guidelines to include efficiency and cost-saving measures that may have been unavailable or not otherwise considered at the time of the guidelines were adopted in 2012. These include, among other things: (a) agreeing to be virtually deposed, in instances where counsel or a witness would otherwise expend significant expenses to travel to and attend the deposition, (b) seeking to take virtual depositions of opposing and third parties in instances where, based on the advice of counsel, we believe there is no strategic advantage or need for an in-person deposition, and (c) holding virtual mediations, as appropriate, to further contain travel related expenses.

7. Our counsel has informed us that they will be recording their time in conformance with this Court's guidelines in *Carrier IQ,* and in addition to receiving regular updates on the status of the case, our counsel has agreed to provide us with monthly time and expense reports to further permit our supervision over this case.

8. In addition, after consulting with one another, we have agreed that to keep costs and expenses down, on a rotating basis, only one representative from the Retirement Systems will attend in-person hearings on dispositive motions as well as hearings related to class certification and other significant pretrial motions. We further agreed that the representative who attends hearings shall report back to the others not in attendance, in addition to counsel's report of the proceedings.

9. We remain confident that, if appointed as Lead Plaintiff, the Retirement Systems will continue to exercise diligence in collectively overseeing the effective and efficient prosecution of this action, and we reiterate our commitment to ensuring that this litigation is prosecuted as zealously and efficiently as possible, in accordance with the duties set forth in the PSLRA.

SUPPLEMENTAL JOINT DECLARATION OF DAVID RANDALL,
ELEANOR N. EWING, AND DAVID SULLIVAN
CASE NO. 3:21-CV-02623-EMC

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Baltimore Employees are true and correct to the best of my knowledge.

Executed this 1st day of ___July___, 2021.

By: _____
David Randall
Executive Director

Authorized Signatory of Employees'
Retirement System of the City of
Baltimore

SUPPLEMENTAL JOINT DECLARATION OF DAVID RANDALL,
ELEANOR N. EWING, AND DAVID SULLIVAN
CASE NO. 3:21-CV-02623-EMC

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Philadelphia Pension Fund are true and correct to the best of my knowledge.

Executed this 30th day of ___June___, 2021.

By: _____
Eleanor N. Ewing, Esq.,
Chief Deputy City Solicitor
City of Philadelphia Law Department

Authorized Signatory of City
Philadelphia Law Department on
behalf of the City of Philadelphia
Board of Pensions and Retirement

SUPPLEMENTAL JOINT DECLARATION OF DAVID RANDALL,
ELEANOR N. EWING, AND DAVID SULLIVAN
CASE NO. 3:21-CV-02623-EMC

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Plymouth County are true and correct to the best of my knowledge.

Executed this 30 day of June, 2021.

By: _____

David Sullivan
Executive Director

Authorized Signatory of Plymouth
County Retirement Association

SUPPLEMENTAL JOINT DECLARATION OF DAVID RANDALL,
ELEANOR N. EWING, AND DAVID SULLIVAN
CASE NO. 3:21-CV-02623-EMC