COOLEY LLP
JOHN C. DWYER (136533)
(dwyerjc@cooley.com)
JESSICA VALENZUELA SANTAMARIA (220934)
(jvs@cooley.com)
TIJANA M. BRIEN (286590)
(tbrien@cooley.com)
ALEXANDER J. KASNER (310637)
(akasner@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

Attorneys for Defendants
FibroGen, Inc., Enrique Conterno, James Schoeneck,
Mark Eisner, and Pat Cotroneo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FIBROGEN, INC., SECURITIES LITIGATION | Case No. 3:21-cv-02623-EMC<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Hearing Date:  April 28, 2022<br>Time:              1:30 pm<br>Courtroom:     5<br>Judge:            Hon. Edward M. Chen |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

Defendants FibroGen, Inc. ("FibroGen" or the "Company"), Enrique Conterno, James Schoeneck, Mark Eisner, and Pat Cotroneo (collectively, "Defendants") have moved pursuant to Federal Rules of Civil Procedure 9(b), 12 (b)(6), and the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 *et seq.*, ("PSLRA") to dismiss without leave to amend Plaintiffs' Consolidated Class Action Complaint ("CAC") filed on October 29, 2021, and corrected on November 19, 2021.

Having considered the submissions and arguments of counsel, along with the pleadings and papers on file in this matter, oral argument by the parties, and all matters properly before the Court,[1] the Court hereby GRANTS Defendants' motion to dismiss.

Plaintiffs bring claims under Section 10(b) of the Securities Exchange Act of 1934 and Securities and Exchange Commission Rule 10b-5 against the following defendants: FibroGen, Inc., Enrique Conterno, James Schoeneck, Mark Eisner, Pat Cotroneo, and K. Peony  Yu.[2] Plaintiffs allege that the Defendants committed securities fraud by making 96 separate false and misleading statements during the Class Period, which spans from December 20, 2018 to July 15, 2021.  To adequately plead claims under Section 10(b) and Rule 10b-5, Plaintiffs "must allege: (1) a material misrepresentation or omission by the defendant (falsity); (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance []; (5) economic loss; and (6) loss causation." *Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1057 (9th Cir. 2014).  Under the PSLRA and Rule 9(b), every element of a securities fraud claim must be pled with particularity. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d at 990; *Or. Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598 (9th Cir. 2014).  Plaintiffs must allege the "who, what, when, where, and how" of the alleged fraud, and "set forth what is false or misleading about a statement, and why it is false." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).  Defendants move to dismiss the CAC on the ground that Plaintiffs have not

---

[1] The Court grants Defendants' Request for Judicial Notice and Consideration of Documents Incorporated by Reference.  The Court considers facts alleged in the CAC, facts contained in documents relied on in the CAC, and other facts subject to judicial notice. *See Tellabs, Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 322-23 (2007).

[2] Defendant Yu also filed a separate motion to dismiss the claims asserted against her. The Court has considered Defendant Yu's separate motion to dismiss and GRANTS that motion for the reasons set out in a separate order.

adequately pleaded the elements of falsity and scienter.

*First,* Plaintiffs fail to allege that any of the challenged statements were false or misleading. To properly allege falsity, a complaint must "'specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief . . . state with particularity all facts on which the belief is formed.'" *In re Rigel Pharm., Inc. Sec. Litig.*, 697 F.3d 869, 877 (9th Cir. 2012) (quoting 15 U.S.C. § 78u-4(b)(1)). When considering the allegations and challenged statement in "context," as required, Plaintiffs fail to show that Defendants made any materially misleading statements. *In re Syntex Corp. Sec. Litig.*, 95 F.3d 922, 928-30 (9th Cir. 1996).

In particular, the CAC fails to establish that the challenged statements regarding the possibility of a black box warning "differ[ed] in a material way" from the truth, *Brody v. Transitional Hospitals Corp.*, 280 F.3d 997, 1006 (9th Cir. 2002), as the Company made clear to the public that, if roxadustat was approved, the FDA could very well require a black box warning. Likewise, Plaintiffs have not pleaded with particularity that Defendants gave investors a misleading impression that the FDA had endorsed or agreed to a 1.3 hazard ratio as the upper bound of the 95% confidence interval. Indeed, Defendants made clear throughout the Class Period that no agreement had been reached with the FDA. Plaintiffs also fail to allege that any of the challenged statements as to roxadustat's efficacy were false or misleading.

Nor have Plaintiffs alleged that statements disclosing the results of the pooled CV safety analysis were false or misleading. As an initial matter, these statements interpreting the safety data, are opinion. "[P]ublicly stated interpretations of the results of various clinical studies . . . are essentially no different than opinions." *In re Sanofi-Aventis Sec. Litig.*, 774 F. Supp. 2d 549, 567 (S.D.N.Y. 2011). And the CAC does not allege that any Defendant did not sincerely believe the disclosed results were reasonable interpretations of the data. Nor does the CAC allege that the Company did not have a reasonable basis for its conclusions. As a result, the CAC fails to plead that any such statement was false or misleading. *Omnicare, Inc. v. Laborers Dist. Council Constr. Indus. Pension Fund*, 575 U.S. 175, 186, 198 (2015).

Further, Plaintiffs fail to allege that the Defendants' statements that there was no clinically

meaningful difference in risk of MACE between roxadustat and Epoegen (in the DD population), and roxadustat and placebo (in the NDD population) were in fact false, especially given the FDA's conclusion that there was "no significant difference in the risk of MACE" between the drug and its comparators.  Plaintiffs likewise fail to allege that, at the time they were made, the Defendants had reason to believe their conclusion that roxadustat's safety data demonstrated "superiority" in MACE risk for the ID sub-group was false.  "Plaintiffs cannot premise a fraud claim upon a mere disagreement with how defendants chose to interpret the results of the clinical trial."  *In re MELA Sciences, Inc. Sec. Litig.*, 2012 WL 4466604, at *13 (S.D.N.Y. Sept. 19, 2012).    Nor was it misleading for the Company to only share its interpretation of the data based on the primary safety analyses submitted in the NDA.  As the Ninth Circuit explained in *Rigel*, "[A] company is not required to disclose every safety-related result from a clinical trial, even if the company discloses some safety-related results and even if investors would consider the omitted information significant."  697 F.3d at 880 n.8.

*Second,* many statements challenged by Plaintiffs are not actionable because they are statements of corporate optimism.  Statements that results were "very positive" or that the company had a "strong" product "constitute run-of-the-mill corporate optimism on which no reasonable investor would rely."  *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 868, 869 (N.D. Cal. 2004).  The same is true for statements that a product had an "excellent" or "compelling" risk/benefit profile.  *Kovtun v. VIVUS, Inc.*, 2012 WL 4477647, at *11 (N.D. Cal. Sept. 27, 2012); *In re Splash Tech. Holdings, Inc. Sec. Litig.*, 160 F. Supp. 2d 1059, 1077 (N.D. Cal. 2001) ("robust" is not actionable).  These statements are also statements of opinion, which "inherently reflect the speaker's assessment of and judgment about the underlying circumstances."  *Markette v. XOMA Corp.*, 2017 WL 4310759, at *4 (N.D. Cal. Sept. 28, 2017); *see In re LifeLock, Inc. Sec. Litig.*, 690 F. App'x 947, 951 (9th Cir. 2017) (what defendants "believe[d]" or "fe[lt]" are classically "opinion").  Because the CAC does not allege that the Defendants did not sincerely hold those beliefs, Plaintiffs do not plead securities fraud claims based on them.

*Third,* many of the challenged statements are forward-looking and not actionable under the PSLRA's safe harbor.  Statements predicting the potential approval of the NDA, what label the

FDA might require for roxadustat upon its approval, or roxadustat's clinical potential are forward-looking statements. *Kovtun*, 2012 WL 4477647, at *12. As they were identified as forward-looking and accompanied by meaningful cautionary language, or Plaintiffs failed to plead that Defendants had actual knowledge of their falsity when making them, they are protected under the PSLRA's safe harbor. 15 U.S.C. § 78u-5(c).

*Fourth,* the CAC fails to plead facts establishing a strong inference of scienter, that is, "strong circumstantial evidence of deliberately reckless or conscious misconduct." *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 974 (9th Cir. 1999). Scienter must be pled "with respect to each of the individual defendants." *Or. Pub. Emps. Ret. Fund*, 774 F.3d at 607. Allegations must be "[p]ersuasive, effective, and cogent," giving rise to an inference of scienter that is "at least as compelling as any opposing inference," a standard "not easy to satisfy." *Tellabs*, 551 U.S. at 323-24; *Webb v. Solarcity Corp.*, 884 F.3d 844, 855 (9th Cir. 2018).

Plaintiffs fail to allege scienter as to any defendant. The CAC fails to articulate any alleged motive to defraud. The stock sales cited by Plaintiffs were not "calculated to maximize the personal benefit from undisclosed inside information." *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1066-67 (9th Cir. 2008). Indeed, the fact that the Individual Defendants collectively and individually sold far fewer shares during the Class Period—all pursuant to non-discretionary 10b5-1 plans—than in the preceding equivalent period undercuts any cogent theory of motive. *In re Apple Sec. Litig.*, 886 F.2d 1109, 1117 (9th Cir. 1989). Likewise, while the CAC cites compensation and bonuses that the Individual Defendants stood to receive, such "routine business objectives, without more, cannot normally be alleged to be motivations for fraud" as "to hold otherwise would be to support a finding of fraudulent intent for all companies." *Lipton v. Pathogenesis*, 284 F.3d 1027, 1038 (9th Cir. 2002). Plaintiffs further fail to allege "a single fact showing what each defendant knew, when he/she knew it, or how he/she acquired that knowledge." *In re Verisign, Inc., Derivative Litig.*, 531 F. Supp. 2d 1173, 1207 (N.D. Cal. 2007). Vague allegations from confidential witnesses—none of whom worked at FibroGen—and third-party analysts do not establish "personal knowledge of the defendants' mental state." *Ferraro Family Found., Inc. v. Corcept Therapeutics Inc.*, 501 F. Supp. 3d 735, 766 (N.D. Cal. 2020).

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

4

**[PROPOSED] ORDER RE MOTION TO DISMISS**
**3:21-CV-02623-EMC**

A holistic review of Plaintiffs' theory of scienter—a "practical and common-sense perspective," *South Ferry LP v. Killinger*, 542 F.3d 776, 784 (9th Cir. 2008)—underscores the ways in which the CAC falls short. Plaintiffs would have the Court belief that FibroGen and the Individual Defendants (and its development partner AstraZeneca) conspired to artificially inflate the Company's stock price even though they knew the truth would eventually come out during the FDA's review of the roxadustat NDA. *Nguyen v. Endologix*, 962 F.3d 405, 415 (9th Cir. 2020) (rejecting theory of scienter that depended on "the supposition that defendants would rather keep the stock price high for a time and then face the inevitable fallout"). Plaintiffs' theory is less "[p]ersuasive, effective, and cogent," than the "opposing inference," *Tellabs*, 551 U.S. at 323-24: that Defendants' optimism regarding the cardiovascular safety profile and possible approval of roxadustat was genuine.

*Finally,* in light of Plaintiffs' failure to state a claim under Section 10(b), Plaintiffs' claim under Section 20(a) fails too. *Rigel*, 697 F.3d at 886.

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss the CAC without leave to amend.

IT IS SO ORDERED.

Dated: _____

_____
HONORABLE EDWARD M. CHEN
UNITED STATES DISTRICT COURT