COOLEY LLP
JOHN C. DWYER (136533)
(dwyerjc@cooley.com)
JESSICA VALENZUELA SANTAMARIA (220934)
(jvs@cooley.com)
TIJANA M. BRIEN (286590)
(tbrien@cooley.com)
ALEXANDER J. KASNER (310637)
(akasner@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

Attorneys for Defendants
FibroGen, Inc., Enrique Conterno, James Schoeneck,
Mark Eisner, and Pat Cotroneo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FIBROGEN, INC., SECURITIES LITIGATION | Case No. 3:21-cv-02623-EMC<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER GRANTING REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Hearing Date:  April 28, 2022<br>Time:          1:30 pm<br>Courtroom:    5<br>Judge:         Hon. Edward M. Chen |

Defendants FibroGen, Inc. ("FibroGen" or the "Company"), and Enrique Conterno, James Schoeneck, Mark Eisner, and Pat Cotroneo (collectively, "Defendants") have filed a Request for Judicial Notice and Consideration of Documents Incorporated by Reference in Support of Defendants' Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint ("Request").  For the following reasons, the Court grants Defendants' Request in its entirety and therefore considers Exhibits A through EEE to the Declaration of Alexander J. Kasner in Support of Defendants'

Motion to Dismiss Plaintiffs' Consolidated Class Action Complaint and Request for Judicial Notice and Consideration of Documents Incorporated by Reference in deciding Defendants' Motion to Dismiss.

*First,* the Court determines that Exhibits E, G, I-P, R-VV, and XX-YY are incorporated by reference in the Consolidated Class Action Complaint ("CAC"). A document is incorporated by reference into a complaint "if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Plaintiffs either reference the contents of the aforementioned Exhibits, or quote portions of them to support their claims and allegations. These documents are press releases issued by FibroGen (Exs. E, I, P, JJ, LL, PP), transcripts of FibroGen's earnings calls and presentations at conferences (Exs. G, J, M, N, R, U, V, X-CC, EE-II, MM, OO, QQ-UU), filings with the SEC (Exs. L, O, S, W, DD, NN, YY), an online blog purporting to republish a FibroGen statement (Ex. T), and analyst reports (Ex. K). They also include FibroGen correspondence with the FDA (Ex. KK) and publicly available documents and transcripts from the FDA's 2021 Advisory Committee meeting regarding roxadustat (Exs. VV, XX). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for the purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (citation omitted).

*Second,* the Court takes judicial notice of Exhibits A-D, F, H, Q, WW and ZZ-EEE.[1] Courts may take judicial notice of a fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Unlike documents incorporated by reference, judicial notice extends to "matters of public record *outside* the pleadings." *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 820 (C.D. Cal. 1998) (emphasis added). Courts routinely take judicial notice of SEC filings, analyst reports, and other public information

---

[1] Because the Court has determined that E, G, I-P, R-VV, and XX-YY are incorporated by reference and their contents therefore assumed to be true, it need not determine whether these documents are also judicially noticeable. Nevertheless, for the reasons stated in Defendants' Request, the Court agrees that these documents would also be appropriate for judicial notice.

for the purpose of showing what information was available to the stock market and when. *See In re Apple Inc. Sec. Litig.*, 2020 WL 2857397, at *6 (N.D. Cal. June 2, 2020).

Here, Exhibits A-D, F, H, Q, WW, and ZZ-EEE are appropriate for judicial notice. FibroGen's public filings with the SEC (Ex. A, H) may be judicially noticed "for the purpose of determining what was disclosed to the market" is appropriate. *In re Aqua Metals, Inc. Sec. Litig.*, 2019 WL 3817849, at *5 (N.D. Cal. Aug. 14, 2019) (taking judicial notice of SEC filings and press releases). The Court likewise takes judicial notice of statements of changes in beneficial ownership of FibroGen securities filed by the named Individual Defendants and non-defendant Thomas Neff with the SEC on Form 4s (Exs. AAA-EEE). *See In re Leapfrog Enter., Inc. Sec. Litig.*, 237 F. Supp. 3d 943, 952-53 (N.D. Cal. 2017).

Publicly available documents published by the FDA or submitted to the FDA and available on an NIH-affiliated website may be judicially noticed. (Exs. B-D, WW). "The Court may take judicial notice of materials available on government agency websites." *Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (taking judicial notice of documents "available on the FDA's website"). In particular, documents submitted to the FDA and available through a government agency website are the proper subjects of judicial notice. *Crihfield v. CytRx Corp.*, 2017 WL 2819834, at *1 (C.D. Cal. June 14, 2017) (Special Protocol Assessment agreement with FDA). As for the press releases from FibroGen's partners AstraZeneca and Astellas (Exs. F, Q, ZZ), judicial notice is appropriate for the limited purpose of determining what was public information at the time. *E.g.*, *Aqua Metals*, 2019 WL 3817849, at *5 (taking judicial notice of press releases).

The Defendants' Request is GRANTED and the Court therefore considers Exhibits A-EEE in deciding Defendants' Motion to Dismiss.

IT IS SO ORDERED.

Dated: _____          _____
                                        HONORABLE EDWARD M. CHEN
                                        UNITED STATES DISTRICT COURT