COOLEY LLP
JOHN C. DWYER (136533)
(dwyerjc@cooley.com)
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
TIJANA M. BRIEN (286590)
(tbrien@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:     +1 650 843 5000
Facsimile:     +1 650 849 7400

Attorneys for Defendants
FibroGen, Inc., Enrique Conterno,
James Schoeneck, Mark Eisner,
and Pat Cotroneo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FIBROGEN, INC., SECURITIES LITIGATION | Case No. 3:21-cv-02623-EMC<br><br>**<u>CLASS ACTION</u>**<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' CORRECTED CONSOLIDATED CLASS ACTION COMPLAINT** |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

Defendants FibroGen, Inc. ("FibroGen"), Enrique Conterno, James Schoeneck, Mark Eisner, and Pat Cotroneo (collectively, "Defendants"), by and through their counsel, hereby answer Lead Plaintiffs' ("Plaintiffs") Corrected Consolidated Class Action Complaint ("CCAC").

To the extent that the paragraphs in the CCAC are grouped under headings and subheadings (which are also listed in the CCAC's Table of Contents), Defendants respond generally that the headings and subheadings do not constitute factual averments, and thus the headings are not included herein. To the extent that a response is deemed necessary, Defendants deny any and all allegations in each and every heading and subheading in the CCAC.

Except as explicitly admitted herein, Defendants deny each and every allegation in the CCAC, including, without limitation, any and all allegations in headings, subheadings, footnotes, figures and images, titles or texts associated with figures and images, and the claims for relief and prayer for relief. Defendants further answer the numbered paragraphs in the CCAC as follows.

1. Defendants lack sufficient information to admit or deny the allegations in Paragraph 1 of the CCAC.

2. In response to Paragraph 2 of the CCAC, Defendants admit that Plaintiffs purport to bring this action under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934, but Defendants deny that Plaintiffs have met the requirements necessary to do so.

3. The eighth sentence of Paragraph 3 of the CCAC quotes and/or purports to summarize and/or characterize portions of some unidentified analyst reports; as a result, Defendants lack sufficient information to admit or deny the allegations. Except as expressly admitted here, Defendants deny each and every allegation in Paragraph 3 of the CCAC.

4. In response to the first sentence of Paragraph 4 of the CCAC, Defendants admit that FibroGen developed Roxadustat as an oral treatment for anemia in patients with chronic kidney disease ("CKD"). In response to the second sentence of Paragraph 4, Defendants admit that in 2013, FibroGen entered into an agreement with AstraZeneca for Roxadustat. To the extent Paragraph 4 purports to summarize and/or characterize FibroGen's collaboration agreement with AstraZeneca, Defendants respectfully refer the Court to the complete collaboration agreement. In response to the third sentence of Paragraph 4, Defendants admit that Epogen is one medication used

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

to treat Dialysis-Dependent ("DD") patients with CKD anemia and is associated with an increased risk of major adverse cardiac events ("MACE") in patients with CKD anemia. The sixth sentence of Paragraph 4 quotes and/or purports to summarize and/or characterize portions unidentified analyst reports; as a result, Defendant lack sufficient information to admit or deny the allegations. Except as expressly admitted here, Defendants deny each and every allegation in Paragraph 4 of the CCAC.

5.    In response to the second sentence of Paragraph 5 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of a statement made by Yu in FibroGen's press release issued on December 20, 2018; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete press release. In response to the third sentence of Paragraph 5, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Neff and Yu on FibroGen's Earnings Call on May 9, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. In response to the fourth sentence of Paragraph 5, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno at the Jefferies 2020 Virtual London Healthcare Conference on November 19, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. In response to the fifth sentence of Paragraph 5, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of a statement made by Conterno at the Jefferies 2020 Virtual London Healthcare Conference on November 19, 2020; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete transcript. In response to Footnote 1 of Paragraph 5, Defendants admit that Neff was the CEO of FibroGen during the first eight months of the class period until his death in August 2019. Except as expressly admitted here, Defendants deny each and every allegation in Paragraph 5 of the CCAC.

6.    In response to the first sentence of Paragraph 6 of the CCAC, Defendants admit that

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

on December 20, 2018, FibroGen's stock price opened at $41.00 and on March 1, 2019, it closed at $59.91. In response to the second sentence of Paragraph 6, Defendants respond that the allegations are irrelevant in light of the Court's Order, dated July 15, 2022 ("Order"),[1] holding that the alleged stock sales do not support an inference of scienter and as such, no response is required. *See* Order (ECF No. 126) at 41. To the extent a response is required, Defendants deny each and every allegation therein. To the extent that the allegations purport to summarize and/or characterize the Form 4s filed on behalf of the Individual Defendants, Defendants respectfully refer the Court to the complete documents, which speak for themselves and are the best evidence of their contents. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 6 of the CCAC.

7. Defendants deny each and every allegation in Paragraph 7 of the CCAC.

8. In response to the second sentence of Paragraph 8 of the CCAC, Defendants admit that on March 1, 2021, the Company issued a press release and Form 8-K announcing that the Cardiovascular and Renal Drugs Advisory Committee of the U.S. Food and Drug Administration ("FDA") would hold an advisory committee ("AdCom") meeting to review the new drug application ("NDA") for Roxadustat in the United States. In response to the third sentence of Paragraph 8, Defendants admit that on March 1, 2021, FibroGen's stock price closed at $50.53 and on March 3, 2021, it closed at $34.35. In response to the fourth and fifth sentences of Paragraph 8, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's press release issued on April 6, 2021 and statements made by Eisner on FibroGen's Special Call on April 6, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete press release and transcript. In response to the sixth sentence of Paragraph 8, Defendants admit that on

---

[1] In its Order, the Court dismissed certain statements relating to the non-inferiority margin and Defendants' impressions of the pre-NDA meeting and overall confidence in their NDA submissions and held that Defendants' stock sales during the Class Period were "not out of the ordinary and fail[ed] to raise a strong inference of scienter." Order at 41, 50–51. As such, Defendants are not obligated to respond to these allegations. *E.g., Am. Fam. Ins. Co. v. Almassud*, 522 F.Supp.3d 1263, 1278 (N.D. Ga. 2021); *Peper v. Dep't of Agric.*, 2008 WL 1744578, at *2 (D. Colo. Apr. 11, 2008); *see also Davanzia, S.L. v. Laserscope, Inc.*, 2007 WL 3460721, at *2 (N.D. Cal. Nov. 14, 2007) (noting that defendant was "not required to respond to dismissed claims and allegations").

Cooley LLP
Attorneys at Law
Palo Alto

4

Answer to Corrected Consolidated
Class Action Complaint
3:21-cv-02623-EMC

April 6, 2021, FibroGen's stock price closed at $34.64 and on April 8, 2021, it closed at $18.81. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 8 of the CCAC.

9. In response to the third sentence of Paragraph 9 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an article published by TipRanks on April 8, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete article. In response to the fourth sentence of Paragraph 9, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of an analyst report published by Jefferies on April 7, 2021; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete report. In response to the fifth sentence of Paragraph 9, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an analyst report published by William Blair on April 7, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete report. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 9 of the CCAC.

10. In response to the second sentence of Paragraph 10 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an article published by Evaluate Vantage on April 7, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete article. In response to the third sentence of Paragraph 10, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of articles published by STAT+ on April 6, 2021 and May 13, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete articles. In response to the fourth sentence of Paragraph 10, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of an article published by FiercePharma on April 7, 2021; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete article.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

5

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

In response to the fifth, sixth, and seventh sentences of Paragraph 10, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an article published by the American Society of Nephrology on June 1, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete article.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 10 of the CCAC.

11.    In response to the fifth and sixth sentences of Paragraph 11 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made at the July 15, 2021 AdCom meeting; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 11 of the CCAC.

12.    The first sentence of Paragraph 12 of the CCAC quotes and/or purports to summarize and/or characterize portions of unidentified analyst reports; as a result, Defendants lack sufficient information to admit or deny the allegations.  In response to the second sentence of Paragraph 12, Defendants admit that on July 15, 2021, FibroGen's stock price closed at $24.84 and on July 16, 2021, it closed at $14.35.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 12 of the CCAC.

13.    Defendants deny each and every allegation in Paragraph 13 of the CCAC.

14.    In response to the first sentence of Paragraph 14 of the CCAC, Defendants admit that Plaintiffs purport to bring this action under Sections 10(b) and 20(a) of the Securities Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 CF.R. § 240.10b-5, promulgated thereunder, but Defendants deny that Plaintiffs have met the requirements necessary to do so.  In response to the second sentence of Paragraph 14, Defendants admit that 28 U.S.C. §§ 1331 and 1337 and Section 27 of the Exchange Act, 15 U.S.C. § 78aa, provide for jurisdiction over this action.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 14 of the CCAC.

15.    In response to the first and second sentences of Paragraph 15 of the CCAC,

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

6

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

Defendants admit that FibroGen's headquarters and principal place of business are in the Northern District of California and that venue is proper in this district. The third sentence of Paragraph 15 is Plaintiffs' legal argument and does not require a response. Except as expressly admitted here, Defendants deny each and every allegation in Paragraph 15 of the CCAC.

16. Defendants lack sufficient information to admit or deny the allegations in the first and second sentences of Paragraph 16 of the CCAC. The third sentence of Paragraph 16 is Plaintiffs' legal argument and does not require a response. To the extent a response is required, Defendants deny each and every allegation therein.

17. Defendants lack sufficient information to admit or deny the allegations in the first and second sentences of Paragraph 17 of the CCAC. The third sentence of Paragraph 17 is Plaintiffs' legal argument and does not require a response. To the extent a response is required, Defendants deny each and every allegation therein.

18. Defendants lack sufficient information to admit or deny the allegations in the first and second sentences of Paragraph 18 of the CCAC. The third sentence of Paragraph 18 is Plaintiffs' legal argument and does not require a response. To the extent a response is required, Defendants deny each and every allegation therein.

19. Defendants admit the first sentence of Paragraph 19 of the CCAC. In response to the third sentence of Paragraph 19, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's Offer Letter to Enrique Conterno dated December 17, 2019, filed with the SEC as an exhibit to FibroGen's 2019 Form 10-K on March 2, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete offer letter. In response to the fourth, fifth, and sixth sentences of Paragraph 19, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's proxy statement filed with the SEC on April 13, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete proxy statement. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 19 of the CCAC.

Cooley LLP
Attorneys at Law
Palo Alto

7

Answer to Corrected Consolidated
Class Action Complaint
3:21-cv-02623-EMC

20. Defendants deny each and every allegation in Paragraph 20 of the CCAC.

21. Defendants admit the first, second, and third sentences of Paragraph 21 of the CCAC. In response to the fourth sentence of Paragraph 21, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of FibroGen's proxy statement filed with the SEC on April 23, 2020; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete proxy statement. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 21 of the CCAC.

22. Defendants deny each and every allegation in Paragraph 22 of the CCAC.

23. Defendants admit the first sentence of Paragraph 23 of the CCAC. The second sentence of Paragraph 23 quotes and/or purports to summarize and/or characterize an unidentified biography of Yu; as a result, Defendants lack sufficient information to admit or deny the allegations. Defendants admit the third sentence of Paragraph 23. In response to the fourth sentence of Paragraph 23, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's press release issued on December 1, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete press release. In response to the fifth and sixth sentences of Paragraph 23, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's Transition, Separation, and Consulting Agreement with Yu dated November 27, 2020, filed with the SEC as an exhibit to FibroGen's Form 10-Q for Q1 2021 on May 10, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete agreement. In response to the seventh sentence of Paragraph 23, Defendants admit that FibroGen terminated the Transition, Separation, and Consulting Agreement with Yu on August 24, 2021. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 23 of the CCAC.

24. In response to the first, second, and third sentences of Paragraph 24 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

8

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

of FibroGen's proxy statement filed with the SEC on April 23, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete proxy statement. In response to the fourth and fifth sentences of Paragraph 24, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's proxy statement filed with the SEC on April 13, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete proxy statement. In response to the sixth sentence of Paragraph 24, Defendants respond that the allegations are irrelevant in light of the Order's holding that the alleged stock sales do not support an inference of scienter and as such, no response is required. *See supra* at 4, n.1; Order at 41. To the extent that the allegations purport to summarize and/or characterize the Form 4s filed on behalf of Yu, Defendants respectfully refer the Court to the complete documents, which speak for themselves and are the best evidence of their contents. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 24 of the CCAC.

25.     Defendants deny each and every allegation in Paragraph 25 of the CCAC.

26.     In response to the first and second sentences of Paragraph 26 of the CCAC, Defendants admit that Eisner is the current Chief Medical Officer of FibroGen and that he joined the Company in December 2020. In response to the third and fourth sentences of Paragraph 26, Defendants admit that the CCAC purports to summarize and/or characterize FibroGen's proxy statement filed with the SEC on April 13, 2021, and Defendants respectfully refer the Court to the complete proxy statement, and Defendants respectfully refer the Court to the complete proxy statement. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 26 of the CCAC.

27.     Defendants deny each and every allegation in Paragraph 27 of the CCAC.

28.     Defendants admit the first sentence of Paragraph 28 of the CCAC. In response to the second sentence of Paragraph 28, Defendants admit that on August 16, 2021 FibroGen announced the retirement of Cotroneo as Chief Financial Officer, and that he would continue to be employed with FibroGen as Executive Advisor to the CEO through March 31, 2022. In response

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

9

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

to the third, fourth, fifth, and sixth sentences of Paragraph 28, Defendants admit that the CCAC purports to summarize and/or characterize FibroGen's proxy statement filed with the SEC on April 13, 2021, and Defendants respectfully refer the Court to the complete proxy statement, and Defendants respectfully refer the Court to the complete proxy statement.  In response to the seventh sentence of Paragraph 28, Defendants respond that the allegations are irrelevant in light of the Order's holding that the alleged stock sales do not support an inference of scienter and as such, no response is required.  *See supra* at 4, n.1; Order at 41.  To the extent that the allegations purport to summarize or characterize the Form 4s filed on behalf of Cotroneo, Defendant Cotroneo respectfully refers the Court to the complete documents, which speak for themselves and are the best evidence of their contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 28 of the CCAC.

29.    Defendants deny each and every allegation in Paragraph 29 of the CCAC.

30.    In response to Paragraph 30 of the CCAC, Defendants admit that Plaintiffs purport to refer to Defendants in this manner.  Except as expressly admitted, Defendants deny each and every allegation in Paragraph 30 of the CCAC.

31.    Paragraph 31 of the CCAC asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

32.    Paragraph 32 of the CCAC asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

33.    Paragraph 33 of the CCAC asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

34.    Paragraph 34 of the CCAC asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

35.    Defendants admit the first and second sentences of Paragraph 35 of the CCAC. Defendants lack sufficient information to admit or deny the third sentence of Paragraph 35.  The fourth sentence of Paragraph 35 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 35 of the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

10

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

CCAC.

36.    In response to the first and second sentences of Paragraph 36 of the CCAC, Defendants admit that the CCAC purports to summarize and/or characterize portions of FibroGen's proxy statement filed with the SEC on April 23, 2020, and Defendants respectfully refer the Court to the complete proxy statement.  In response to the third sentence of Paragraph 36, Defendants respond that the allegations are irrelevant in light of the Order's holding that the alleged stock sales do not support an inference of scienter and as such, no response is required.  *See supra* at 4, n.1; Order at 41.  To the extent that the allegations purport to summarize and/or characterize the Form 4s filed on behalf of Neff, Defendants respectfully refer the Court to the complete documents, which speak for themselves and are the best evidence of their contents.  In response to the fourth sentence of Paragraph 36, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of FibroGen's proxy statement filed with the SEC on April 23, 2019; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete proxy statement.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 36 of the CCAC.

37.    Defendants deny each and every allegation in Paragraph 37 of the CCAC.

38.    In response to the first sentence of Paragraph 38 of the CCAC, Defendants admit that AstraZeneca is a biopharmaceutical company.  In response to the second and third sentences of Paragraph 38, Defendants admit that the CCAC purports to summarize and/or characterize AstraZeneca's press release issued on July 31, 2013, and Defendants respectfully refer the Court to the complete press release.  In response to the fourth sentence of Paragraph 38, Defendants admit that FibroGen entered into two agreements with AstraZeneca in 2013 for Roxadustat, one for China, and one for the United States and all other countries not previously licensed to Astellas.  To the extent Paragraph 38 purports to summarize and/or characterize FibroGen's collaboration agreements with AstraZeneca, Defendants respectfully refer the Court to the collaboration agreements, which speak for themselves and are the best evidence of their contents.  In response to the sixth sentence of Paragraph 38, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of FibroGen's Form 10-K filed with the SEC on March 1,

Cooley LLP
Attorneys at Law
Palo Alto

11

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-cv-02623-EMC

2021; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete SEC filing. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 38 of the CCAC.

39. Defendants admit the first sentence of Paragraph 39 of the CCAC. In response to the second sentence of Paragraph 39, Defendants admit that FibroGen's most advanced product during the Class Period was Roxadustat, an oral small molecule inhibitor of HIF-prolyl hydroxylase ("HIF-PH") activity that acts by stimulating the body's natural pathway of red blood cell production to treat anemia. Defendants admit the third and fourth sentences of Paragraph 39. In response to the fifth sentence of Paragraph 39, Defendants admit that erythropoiesis-stimulating agents ("ESAs") are used to treat anemia in CKD patients and that they use a different mechanism to treat anemia than HIF-PH inhibitors. In further response to the fifth sentence of Paragraph 39, Defendants admit that Epogen or epoetin alfa is one currently marketed ESA. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 39 of the CCAC.

40. In response to the fourth sentence of Paragraph 40 of the CCAC, Defendants admit that ESA labeling includes a Black Box Warning for increased risk of mortality, serious cardiac and thromboembolic events, tumor progression, and other risks. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 40 of the CCAC.

41. In response to the first sentence of Paragraph 41 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of a statement made by Yu on FibroGen's Earnings Call on November 11, 2019; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete transcript. In response to the second sentence of Paragraph 41, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of FibroGen's Form 10-K filed with the SEC on February 11, 2016; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete SEC filing. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 41 of the CCAC.

42. The second and fourth sentences of Paragraph 42 of the CCAC quote and/or purport

CooLEY LLP
ATTORNEYS AT LAW
PALO ALTO

12

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

to summarize and/or characterize portions of some unidentified analyst reports; as a result, Defendants lack sufficient information to admit or deny the allegations therein. In response to the third sentence of Paragraph 42, Defendants admit that FibroGen's revenue for 2020 was approximately $176 million. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 42 of the CCAC.

43.    In response to the first sentence of Paragraph 43 of the CCAC, Defendants admit that in July 2013, FibroGen entered into a collaboration agreement with AstraZeneca covering the United States, among other territories, for Roxadustat for the treatment of anemia. To the extent Paragraph 43 purports to summarize and/or characterize FibroGen's collaboration agreement with AstraZeneca, Defendants respectfully refer the Court to the collaboration agreement, which speaks for itself and is the best evidence of its contents. In response to the third and fourth sentences of Paragraph 43, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's Form 10-K filed with the SEC on March 2, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete SEC filing. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 43 of the CCAC.

44.    In response to Paragraph 44 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of the Amended and Restated License, Development and Commercialization Agreement between FibroGen and AstraZeneca, filed with the SEC as an Exhibit to FibroGen's 10-Q on November 5, 2020; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the court to the complete agreement. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 44 of the CCAC.

45.    Paragraph 45 of the CCAC asserts legal interpretations of unidentified agency guidance and regulations to which no response is required; to the extent a response is required, Defendants lack sufficient information to admit or deny the allegations therein.

46.    In response to the second sentence of Paragraph 46 of the CCAC, Defendants admit that as part of the NDA, FibroGen submitted data from four open-label studies involving DD

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

13

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

patients, one of which studied patients in the ID patient subgroup and compared Roxadustat against Epogen, and three of which were pooled, as well as three double-blind studies involving NDD patients that compared Roxadustat against placebo. In response to the fourth sentence of Paragraph 46, Defendants admit that the purpose of a double-blind study is to eliminate possible bias in administering the study. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 46 of the CCAC.

47. The second sentence of Paragraph 47 of the CCAC quotes and/or purports to summarize and/or characterize an unidentified statement made by Neff; as a result, Defendants lack sufficient information to admit or deny the allegations therein. In response to the fourth sentence of Paragraph 47, Defendants admit that FibroGen evaluated Roxadustat's safety by, amongst other endpoints, looking at (i) MACE, a composite endpoint of all-cause mortality, myocardial infarction, and stroke; (ii) all-cause mortality; and (iii) MACE+, a composite endpoint of MACE plus heart failure requiring hospitalization and unstable angina requiring hospitalization. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 47 of the CCAC.

48. Paragraph 48 of the CCAC contains allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required. *See supra* at 4, n.1; Order at 27–28, 50. To the extent a response is required, Defendants admit that the fifth sentence of Paragraph 48 quotes and/or purports to summarize and/or characterize portions of statements made by Yu on FibroGen's August 7, 2018 and November 8, 2018 Earnings Calls; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcripts. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 48 of the CCAC.

49. In response to the second sentence of Paragraph 49 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an analyst report published by Jefferies on March 2, 2018; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete report. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 49 of the CCAC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

14

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

50.    In response to the second and third sentences of Paragraph 50 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of analyst reports published by Jefferies on March 2, 2018 and September 20, 2018; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete reports.  The fourth sentence of Paragraph 50 quotes and/or purports to summarize and/or characterize a statement made by an analyst on FibroGen's Earning Call on November 8, 2018; however, Defendants were unable to locate the quoted portion and refer the Court to the complete transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 50 of the CCAC.

51.    In response to Paragraph 51 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's press release issued on December 20, 2018; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete press release.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 51 of the CCAC.

52.    In response to Paragraph 52 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of analyst reports published by Jefferies on December 20, 2018; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete reports.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 52 of the CCAC.

53.    In response to the second and third sentences of Paragraph 53 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of FibroGen's press release issued on May 9, 2019; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete press release.  In response to the fourth, fifth, and sixth sentences of Paragraph 53, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Neff and Yu on FibroGen's Earnings Call on May 9, 2019; however, the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

15

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 53 of the CCAC.

54. Paragraph 54 of the CCAC contains allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required. *See supra* at 4, n.1; Order at 27–28, 50. To the extent a response is required, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of statements made by Yu on FibroGen's Earnings Call on May 9, 2019; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 54 of the CCAC.

55. Paragraph 55 of the CCAC contains allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required. *See supra* at 4, n.1; Order at 27–28, 50. To the extent a response is required, Defendants admit that the second and third sentences of Paragraph 55 quote and/or purport to summarize and/or characterize portions of statements made at the July 15, 2021 AdCom meeting; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 55 of the CCAC.

56. Defendants lack sufficient information to admit or deny the allegations in the first sentence of Paragraph 56 of the CCAC. In response to the second sentence of Paragraph 56, Defendants admit that on May 9, 2019, FibroGen's stock price closed at $45.67 and on May 10, 2021, it closed at $36.39. In response to the fourth and sixth sentences of Paragraph 56, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an analyst report published by Jefferies on May 9, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete report. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 56 of the CCAC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

16

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

57.    In response to the second sentence of Paragraph 57 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Yu and Neff at the 40th Annual Goldman Sachs Global Healthcare Conference on June 12, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 57 of the CCAC.

58.    In response to the fourth sentence of Paragraph 58 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of FibroGen's press release issued on April 6, 2021; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete press release.  Except as expressly admitted herein, Defendants deny each and very allegation in Paragraph 58 of the CCAC.

59.    Defendants lack sufficient information to admit or deny the allegations in the first sentence of Paragraph 59 of the CCAC.  In response to the second, third, and fourth sentences of Paragraph 59, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Neff and Yu on FibroGen's Earnings Call on August 8, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 59 of the CCAC.

60.    In response to Paragraph 60 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an analyst report published by Jefferies on August 8, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete report.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 60 of the CCAC.

61.    Defendants deny each and every allegation in Paragraph 61 of the CCAC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

62.    The first sentence of Paragraph 62 of the CCAC contains allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required. *See supra* at 4, n.1; Order at 27–28, 50. To the extent a response is required, Defendants admit that the first sentence of Paragraph 62 quotes and/or purports to summarize and/or characterize a portion of FibroGen's press release issued on November 8, 2019; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete press release. In response to the second sentence of Paragraph 62, Defendants lack sufficient information to admit or deny the allegations therein. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 62 of the CCAC.

63.    In response to Paragraph 63 of the CCAC and the image following Paragraph 63, Defendants admit that the CCAC quotes and/or purports to summarize, characterize, and/or represent portions of FibroGen's press release issued on November 8, 2019; however, those portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete press release. The second and third sentences of Paragraph 63 contain allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required. *See supra* at 4, n.1; Order at 27–28, 50. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 63 of the CCAC.

64.    Paragraph 64 of the CCAC contains allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required. *See supra* at 4, n.1; Order at 27–28, 50. To the extent a response is required, Defendants admit that Paragraph 64 quotes and/or purports to summarize and/or characterize portions of statements made by Yu on FibroGen's Earnings Call on November 11, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 64 of the CCAC.

65.    In response to the second sentence of Paragraph 65 of the CCAC, Defendants admit that on November 4, 2019, FibroGen's stock price closed at $37.01 and on December 20, 2019, it closed at $45.30. Except as expressly admitted herein, Defendants deny each and every allegation

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

18

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

in Paragraph 65 of the CCAC.

66. To the extent Paragraph 66 of the CCAC purports to summarize and/or characterize FibroGen's collaboration agreement with AstraZeneca, Defendants refer the court to the collaboration agreement, which speaks for itself and is the best evidence of its contents. In response to the third sentence of Paragraph 66, Defendants admit that FibroGen announced that the FDA set a date of December 20, 2020 to complete its review of the Roxadustat NDA (known as the "PDUFA Date"). Footnote 2 to Paragraph 66 asserts legal interpretations of unidentified agency guidance and regulations to which no response is required; to the extent a response is required, Defendants admit that, pursuant to federal law, once the FDA accepts an NDA filing, the FDA sets a PDUFA date to complete its review of the application. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 66 of the CCAC.

67. In response Paragraph 67 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of statements made by Conterno at the SVB Leerink Global Healthcare Conference on February 25, 2020; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 67 of the CCAC.

68. In response to the second sentence of Paragraph 68 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of a statement made by Conterno at the Bank of America Securities 2020 Health Care Conference on May 14, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. In response to the third sentence of Paragraph 68, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of a statement made by Conterno at the 41st Annual Goldman Sachs Global Healthcare Conference on June 9, 2020; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and very allegation in Paragraph 68 of the CCAC.

Cooley LLP
Attorneys at Law
Palo Alto

19

Answer to Corrected Consolidated
Class Action Complaint
3:21-cv-02623-EMC

69.    In response to the second sentence of Paragraph 69 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno at the Citigroup 15th Annual Biopharma Conference on September 9, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. In response to the third and fourth sentences of Paragraph 69, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno at the Jefferies 2020 Virtual London Healthcare Conference on November 19, 2020; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 69 of the CCAC.

70.    In response to the first sentence of Paragraph 70 of the CCAC, Defendants admit that FibroGen's stock price closed at $55.72 on February 12, 2021. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 70 of the CCAC.

71.    Defendants deny each and every allegation in Paragraph 71 of the CCAC.

72.    In response to the second sentence of Paragraph 72 of the CCAC, Defendants admit that FibroGen announced the retirement of Yu and appointment of Eisner as Chief Medical Officer on December 1, 2020. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 72 of the CCAC.

73.    In response to the first and fifth sentences of Paragraph 73 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's press release issued on December 18, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete press release. In response to the second sentence of Paragraph 73, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an analyst report published by Raymond James on December 18, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete report. In response to the third sentence of Paragraph 73, Defendants admit

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

20

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

that the CCAC quotes and/or purports to summarize and/or characterize portions of an analyst report published by Jefferies on December 18, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete report. In response to the fourth sentence of Paragraph 73, Defendants admit that on December 18, 2020, FibroGen's stock price closed at $43.97 and on December 21, 2020, it closed at $40.01. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 73 of the CCAC.

74. In response to the second sentence of Paragraph 74 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's press release issued on March 1, 2021; however, the quoted portions have been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete press release. In response to the fourth sentence of Paragraph 74, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an analyst report published by Jefferies on March 1, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete report. In response to the fifth sentence of Paragraph 74, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of an analyst report published by SVB Leerink on March 2, 2021; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete report. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 74 of the CCAC.

75. In response to Paragraph 75 of the CCAC, Defendants admit that on March 1, 2021, FibroGen's stock price closed at $50.53 and on March 3, 2021, it closed at $34.35. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 75 of the CCAC.

76. In response to the second, third, and fourth sentences of Paragraph 76 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno and Eisner on FibroGen's Earnings Call on March 1, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

21

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

Defendants respectfully refer the Court to the complete transcript. In further response to the second sentence of Paragraph 76, Defendants admit that the CCAC incorrectly cites only FibroGen's Earnings Call on March 1, 2021 but also quotes and/or purports to summarize and/or characterize a portion of a statement made by Conterno at the 41st Annual Cowen Health Care Conference on March 2, 2021; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 76 of the CCAC.

77. Defendants deny each and every allegation in Paragraph 77 of the CCAC.

78. To the extent Paragraph 78 of the CCAC references and/or purports to summarize and/or characterize unidentified FDA guidance, Defendants lack sufficient information to admit or deny the allegations therein. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 78 of the CCAC.

79. In response to the second sentence of Paragraph 79 and the first sentence of Footnote 3 of Paragraph 79 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of a document titled "Multiple Endpoints in Clinical Trials, Guidance For Industry" published by the FDA; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete document. In response to the second and third sentences of Footnote 3 of Paragraph 79, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of a document titled "Non-Inferiority Clinical Trials to Establish Effectiveness, Guidance For Industry" published by the FDA; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete document. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 79 of the CCAC.

80. In response to Paragraph 80 of the CCAC, Defendants admit that the CCAC references a chart represented in Paragraph 81. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 80 of the CCAC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

22

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

81.    In response to the third sentence of and the chart following Paragraph 81 of the CCAC, Defendants admit that the CCAC quotes and/or characterizes, summarizes, or represents portions of FibroGen's press release issued April 6, 2021; however, the quoted or represented portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete press release.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 81 of the CCAC.

82.    The third sentence of Paragraph 82 of the CCAC quotes and/or purports to summarize and/or characterize portions of unidentified analyst reports; as a result, Defendants lack sufficient information to admit or deny the allegations.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 82 of the CCAC.

83.    The second and third sentences of Paragraph 83 of the CCAC contain allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required. *See supra* at 4, n.1; Order at 27–28, 50.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 83 of the CCAC.

84.    Defendants deny each and every allegation in Paragraph 84 of the CCAC.

85.    In response to Paragraph 85 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's Special Call on April 6, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 85 of the CCAC.

86.    In response to Paragraph 86 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's Special Call on April 6, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 86 of the CCAC.

87.    The first sentence of Paragraph 87 of the CCAC quotes and/or purports to

Cooley LLP
Attorneys at Law
Palo Alto

23

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-cv-02623-EMC

summarize and/or characterize a portion of an unidentified article; as a result, Defendants lack sufficient information to admit or deny the allegations. In response to the second sentence of Paragraph 87, Defendants admit that Conterno commenced his role as CEO in January 2020. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 87 of the CCAC.

88.     In response to Paragraph 88 of the CCAC, Defendants admit that on April 6, 2021, FibroGen's stock price closed at $34.64 and on April 8, 2021, it closed at $18.81. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 88 of the CCAC.

89.     Defendants deny each and every allegation in Paragraph 89 of the CCAC.

90.     In response to the second and third sentences of Paragraph 90 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of an article published by STAT+ on April 6, 2021; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete article. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 90 of the CCAC.

91.     In response to the first sentence of Paragraph 91 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an analyst report published by H.C. Wainwright on April 7, 2021 that was incorrectly identified as a report published by Jefferies; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete report. In response to the second sentence of Paragraph 91, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an analyst report published by Jefferies on April 7, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete report. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 91 of the CCAC.

92.     In response to Paragraph 92 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an analyst report published by H.C.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

24

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

Wainwright on April 7, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete report. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 92 of the CCAC.

93.     In response to the second and third sentence of Paragraph 93 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an analyst report published by Raymond James on April 6, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete report.  In response to the fourth sentence of Paragraph 93, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an analyst report published by William Blair on April 7, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete report.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 93 of the CCAC.

94.     In response to Paragraph 94 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an article published by Evaluate Vantage on April 7, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete article.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 94 of the CCAC.

95.     In response to Paragraph 95 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an article published by FiercePharma on April 7, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete article.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 95 of the CCAC.

96.     In response to Paragraph 96 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an article published by the American

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

25

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

Society of Nephrology on June 1, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete article. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 96 of the CCAC.

97.     In response to Paragraph 97 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an article published by TipRanks on April 8, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete article. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 97 of the CCAC.

98.     Defendants deny each and every allegation in Paragraph 98 of the CCAC.

99.     In response to Paragraph 99 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an article published by STAT+ on May 13, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete article. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 99 of the CCAC.

100.     In response to Paragraph 100 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an article published by SeekingAlpha on May 17, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete article. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 100 of the CCAC.

101.     In response to Paragraph 101 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an article published by SeekingAlpha on May 17, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete article. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 101 of the CCAC.

102.     In response to the second sentence of Paragraph 102 of the CCAC, Defendants admit

Cooley LLP
Attorneys at Law
Palo Alto

26

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-cv-02623-EMC

that the CCAC quotes and/or purports to summarize and/or characterize portions of statements by Conterno on FibroGen's Special Call on April 6, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript.  In response to the third sentence of Paragraph 102, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno and Eisner on FibroGen's Special Call on April 6, 2021 and statements by Conterno at the Bank of America Securities 2021 Health Care Conference on May 13, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcripts.  In response to the fourth sentence of Paragraph 102, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of statements by Eisner on FibroGen's Earnings Call on May 10, 2021; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 102 and Footnote 6 to Paragraph 102 of the CCAC.

103.    Defendants deny each and every allegation in Paragraph 103 of the CCAC.

104.    In response to the first sentence of Paragraph 104 of the CCAC, Defendants admit that the AdCom of the FDA met and discussed the Roxadustat NDA on July 15, 2021.  In response to the second, third, fifth, and sixth sentences of Paragraph 104, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made in the FDA Briefing Document for the July 15, 2021 AdCom meeting; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete briefing document.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 104 of the CCAC.

105.    Defendants deny each and every allegation in Paragraph 105 of the CCAC.

106.    In response to Paragraph 106 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made at the July 15, 2021 AdCom Meeting; however, the quoted portions have been modified, taken out of context, and/or

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

27

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

are incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 106 of the CCAC.

107. In response to the second sentence of Paragraph 107 of the CCAC, Defendants admit that FibroGen stated that at the pre-NDA meeting the FDA agreed that the primary analysis in the NDD patients would be based on an ITT framework and that the primary analysis in the DD patients would be based on an OT+7 framework. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 107 of the CCAC.

108. In response to the third sentence of and the chart following Paragraph 108 of the CCAC, Defendants admit that the CCAC purports to represent a portion of FibroGen's press release issued on April 6, 2021; however, the represented portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete press release. To the extent that Paragraph 108 purports to summarize and/or characterize statements at the July 15, 2021 AdCom meeting, Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 108 of the CCAC.

109. The third sentence of Paragraph 109 of the CCAC contains allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required. *See supra* at 4, n.1; Order at 27–28, 50. To the extent a response is required, Defendants deny each and every allegation therein. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 109 of the CCAC.

110. Paragraph 110 of the CCAC contains allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required. *See supra* at 4, n.1; Order at 27–28, 50. To the extent a response is required, Defendants admit that the second and third sentences of Paragraph 110 quote and/or purport to summarize and/or characterize portions of statements made at the July 15, 2021 AdCom meeting; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

28

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

allegation in Paragraph 110 of the CCAC.

111. In response to Paragraph 111 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made at the July 15, 2021 AdCom meeting; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 111 of the CCAC.

112. In response to Paragraph 112 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements at the July 15, 2021 AdCom meeting; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 112 of the CCAC.

113. In response to the third sentence of Paragraph 113 of the CCAC, Defendants admit that on July 15, 2021, FibroGen's stock price closed at $24.84 and on July 16, 2021, it closed at $14.35. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 113 of the CCAC.

114. Defendants deny each and every allegation in Paragraph 114 of the CCAC.

115. In response to Paragraph 115 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an article published by BioPharma Dive on July 16, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete article. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 115 of the CCAC.

116. In response to Paragraph 116 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of an article published by BioPharma Dive on July 16, 2021; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete article. Except as

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

29

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

expressly admitted herein, Defendants deny each and every allegation in Paragraph 116 of the CCAC.

117.    In response to Paragraph 117 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of an article published by FiercePharma on August 11, 2021; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete article.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 117 of the CCAC.

118.    In response to the second, third, and fourth sentences of Paragraph 118 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an analyst report published by H.C. Wainwright on July 16, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete report.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 118 of the CCAC.

119.    In response to the first and second sentences of Paragraph 119 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of FibroGen's press release issued on August 11, 2021; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete press release.  In response to the third sentence of Paragraph 119, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an analyst report published by Mizuho on August 11, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete report.  In response to the fourth and fifth sentences of Paragraph 119, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an analyst report published by H.C. Wainwright on August 12, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete report.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 119 of the CCAC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

30

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

120. Defendants lack sufficient information to admit or deny the allegations in Paragraph 120 of the CCAC.

121. Defendants lack sufficient information to admit or deny the allegations in Paragraph 121 of the CCAC.

122. Defendants lack sufficient information to admit or deny the allegations in Paragraph 122 of the CCAC.

123. Defendants lack sufficient information to admit or deny the allegations in Paragraph 123 of the CCAC.

124. Defendants lack sufficient information to admit or deny the allegations in Paragraph 124 of the CCAC.

125. Defendants lack sufficient information to admit or deny the allegations in Paragraph 125 of the CCAC.

126. Defendants lack sufficient information to admit or deny the allegations in Paragraph 126 of the CCAC.

127. Defendants lack sufficient information to admit or deny the allegations in Paragraph 127 of the CCAC.

128. Defendants lack sufficient information to admit or deny the allegations in Paragraph 128 of the CCAC.

129. Defendants lack sufficient information to admit or deny the allegations in Paragraph 129 of the CCAC.

130. Defendants lack sufficient information to admit or deny the allegations in Paragraph 130 of the CCAC.

131. Defendants lack sufficient information to admit or deny the allegations in Paragraph 131 of the CCAC.

132. Defendants lack sufficient information to admit or deny the allegations in Paragraph 132 of the CCAC.

133. Defendants lack sufficient information to admit or deny the allegations in Paragraph 133 of the CCAC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

31

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

134.    In response to Paragraph 134 of the CCAC, Defendants admit that on December 20, 2018, FibroGen's stock price opened at $41.00 and on March 1, 2019, it closed at $59.91.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 134 of the CCAC.

135.    In response to Paragraph 135 of the CCAC, Defendants respond that the allegations are irrelevant in light of the Order's holding that the alleged stock sales do not support an inference of scienter and as such, no response is required. *See supra* at 4, n.1; Order at 41.  To the extent that the allegations purport to summarize and/or characterize the Form 4s filed on behalf of the Individual Defendants or Neff or FibroGen's proxy statement filed with the SEC on April 24, 2018, Defendants respectfully refer the Court to the complete documents, which speak for themselves and are the best evidence of their contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 135 of the CCAC.

136.    In response to Paragraph 136 of the CCAC, Defendants respond that the allegations are irrelevant in light of the Order's holding that the alleged stock sales do not support an inference of scienter and as such, no response is required.  *See supra* at 4, n.1; Order at 41.  To the extent that the allegations purport to summarize or characterize the Form 4s filed on behalf of Cotroneo or FibroGen's proxy statement filed with the SEC on April 24, 2018, Defendant Cotroneo respectfully refers the Court to the complete documents, which speak for themselves and are the best evidence of their contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 136 of the CCAC.

137.    In response to Paragraph 137 of the CCAC, Defendants respond that the allegations are irrelevant in light of the Order's holding that the alleged stock sales do not support an inference of scienter and as such, no response is required.  *See supra* at 4, n.1; Order at 41.  To the extent that the allegations purport to summarize and/or characterize the Form 4s filed on behalf of Yu or Schoeneck or FibroGen's proxy statement filed with the SEC on April 24, 2018, Defendants respectfully refer the Court to the complete documents, which speak for themselves and are the best evidence of their contents.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 137 of the CCAC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

32

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

138.    In response to Paragraph 138 of the CCAC, Defendants admit that the CCAC purports to summarize and/or characterize portions of FibroGen's proxy statements filed with the SEC on April 23, 2019, April 23, 2020, and April 13, 2021; Defendants respectfully refer the Court to the complete proxy statements.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 138 of the CCAC.

139.    Paragraph 139 of the CCAC contains allegations that are irrelevant in light of the Order's holding that the alleged stock sales do not support an inference of scienter and as such, no response is required.  *See supra* at 4, n.1; Order at 41.  To the extent a response is required, Defendants deny each and every allegation in Paragraph 139 of the CCAC.

140.    Defendants deny each and every allegation in Paragraph 140 of the CCAC.

141.    Defendants deny each and every allegation in Paragraph 141 of the CCAC.

142.    In response to Paragraph 142 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's press release issued on December 20, 2018; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete press release.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 142 of the CCAC.

143.    In response to Paragraph 143 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's press release issued on December 20, 2018; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete press release.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 143 of the CCAC.

144.    Defendants deny each and every allegation in Paragraph 144 of the CCAC.

145.    In response to Paragraph 145 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements by Neff and Yu on FibroGen's Earnings Call on February 27, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

33

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

complete transcript. The third sentence of Paragraph 145 contains allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required. *See supra* at 4, n.1; Order at 50; Appendix (ECF No. 126-1) at 2–3. Except as expressly admitted herein and to the extent a response is required, Defendants deny each and every allegation in Paragraph 145 of the CCAC.

146.    Defendants deny each and every allegation in Paragraph 146 of the CCAC.

147.    In response to the first and second sentence of Paragraph 147 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of FibroGen's press release issued on May 9, 2019; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete press release. The third sentence of Paragraph 147 contains allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required. *See supra* at 4, n.1; Order at 50; Appendix at 4. Except as expressly admitted herein and to the extent a response is required, Defendants deny each and every allegation in Paragraph 147 of the CCAC.

148.    In response to Paragraph 148 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Yu and Neff in FibroGen's press release issued on May 9, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete press release. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 148 of the CCAC.

149.    Defendants deny each and every allegation in Paragraph 149 of the CCAC.

150.    Defendants deny each and every allegation in Paragraph 150 of the CCAC.

151.    Defendants deny each and every allegation in Paragraph 151 of the CCAC.

152.    Paragraph 152 of the CCAC relates to allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required. *See supra* at 4, n.1; Order at 27–28, 50. To the extent a response is required, Defendants deny each and every allegation in Paragraph 152 of the CCAC.

153.    In response to Paragraph 153 of the CCAC, Defendants admit the CCAC quotes

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

34

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

and/or purports to summarize and/or characterize portions of statements made by Neff and Yu on FibroGen's Earnings Call on May 9, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 153 of the CCAC.

154.    Defendants deny each and every allegation in Paragraph 154 of the CCAC.

155.    In response to Paragraph 155 of the CCAC, Defendants admit the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Yu and an analyst on FibroGen's Earnings Call on May 9, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 155 of the CCAC.

156.    Defendants deny each and every allegation in Paragraph 156 of the CCAC.

157.    Paragraph 157 of the CCAC contains allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required. *See supra* at 4, n.1; Order at 50; Appendix at 9. To the extent a response is required, Defendants deny each and every allegation in Paragraph 157 of the CCAC.

158.    Paragraph 158 of the CCAC contains allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required. *See supra* at 4, n.1; Order at 50; Appendix at 10. To the extent a response is required, Defendants deny each and every allegation in Paragraph 158 of the CCAC.

159.    Defendants deny each and every allegation in Paragraph 159 of the CCAC.

160.    Defendants deny each and every allegation in Paragraph 160 of the CCAC.

161.    Defendants deny each and every allegation in Paragraph 161 of the CCAC.

162.    In response to the first sentence of Paragraph 162 of the CCAC, Defendants admit that FibroGen filed a Form 10-Q for Q1 2019 with the SEC on May 9, 2019 that contained a certification by Neff and Cotroneo under Exchange Act Rules 13a-14(a) or 15d-14(a). In response to the second, third, and fourth sentences of Paragraph 162, Defendants admit that the CCAC quotes

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

35

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

and/or purports to summarize and/or characterize portions of FibroGen's Form 10-Q filed with the SEC on May 9, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete SEC filing. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 162 of the CCAC.

163. In response to Paragraph 163 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Yu at the 40th Annual Goldman Sachs Global Healthcare Conference on June 12, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 163 of the CCAC.

164. In response to Paragraph 164 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of a statement made by Neff at the 40th Annual Goldman Sachs Global Healthcare Conference on June 12, 2019; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 164 of the CCAC.

165. In response to Paragraph 165 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of a statement made by Neff at the 40th Annual Goldman Sachs Global Healthcare Conference on June 12, 2019; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 165 of the CCAC.

166. Defendants deny each and every allegation in Paragraph 166 of the CCAC.

167. In response to Paragraph 167 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Yu on FibroGen's Earnings Call on August 8, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

36

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 167 of the CCAC.

168. In response to Paragraph 168 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Yu on FibroGen's Earnings Call on August 8, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 168 of the CCAC.

169. In response to the first sentence of Paragraph 169 of the CCAC, Defendants admit that FibroGen filed a Form 10-Q for Q2 2019 with the SEC on August 8, 2019 that contained a certification by Neff and Cotroneo under Exchange Act Rules 13a-14(a) or 15d-14(a). In response to the second, third, and fourth sentences of Paragraph 169, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of FibroGen's Form 10-Q filed with the SEC on August 8, 2019; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete SEC filing. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 169 of the CCAC.

170. Defendants deny each and every allegation of Paragraph 170 of the CCAC.

171. In response to the second sentence of Paragraph 171 of the CCAC, Defendants admit that FibroGen issued a press release issued on November 8, 2019 titled "FibroGen Announces Positive Phase 3 Pooled Roxadustat Safety and Efficacy Results for Treatment of Anemia in Chronic Kidney Disease." In response to the third, fourth and fifth sentences of Paragraph 171, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's press release issued on November 8, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete press release. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 171 of the CCAC.

172. Paragraph 172 of the CCAC contains allegations regarding claims that were

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

37

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

dismissed pursuant to the Order and as such, no response is required. *See supra* at 4, n.1; Order at 50; Appendix at 16–17. To the extent a response is required, Defendants admit that Paragraph 172 quotes and/or purports to summarize and/or characterize portions of FibroGen's press release issued on November 8, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete press release. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 172 of the CCAC.

173. Defendants deny each and every allegation in Paragraph 173 of the CCAC.

174. Defendants deny each and every allegation in Paragraph 174 of the CCAC.

175. Defendants deny each and every allegation in Paragraph 175 of the CCAC.

176. In response to Paragraph 176 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of a report published by Plainview Capital on November 4, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete report. Defendants further admit that on November 1, 2019, FibroGen's stock price closed at $40.02 and on November 4, 2019, it closed at $37.01. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 176 of the CCAC.

177. In response to the first and second sentences of Paragraph 177 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Schoeneck on FibroGen's Earnings Call on November 11, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 177 of the CCAC.

178. The first sentence of Paragraph 178 of the CCAC contains allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required. *See supra* at 4, n.1; Order at 50; Appendix at 18–19. In response to the remainder of Paragraph 178, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Yu on FibroGen's Earnings Call on November 11, 2019; however, the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

38

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. To the extent a response is required and except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 178 of the CCAC.

179. In response to the first sentence of Paragraph 179 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an article published by BuyersStrike on November 14, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete article. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 179 of the CCAC.

180. In response to the second sentence of Paragraph 180 of the CCAC, Defendants admit that on November 4, 2019, FibroGen's stock price closed at $37.01 and on December 20, 2019, it closed at $45.30. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 180 of the CCAC.

181. In response to the first sentence of Paragraph 181 of the CCAC, Defendants admit that FibroGen filed a Form 10-Q on November 12, 2019 with the SEC that contained a certification signed by Schoeneck and Cotroneo under Exchange Act Rules 13a-14(a) or 15d-14(a). In response to the second and third sentences of Paragraph 181, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's 10-Q filed with the SEC on November 12, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete SEC filing. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 181 of the CCAC.

182. Defendants deny each and every allegation in Paragraph 182 of the CCAC.

183. Defendants deny each and every allegation in Paragraph 183 of the CCAC.

184. In response to Paragraph 184 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno at the SVB Leerink Global Healthcare Conference on February 25, 2020; however, the quoted portions

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

39

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. The sixth sentence of Paragraph 184 contains allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required. *See supra* at 4, n.1; Order at 27–28, 50; Appendix at 22. Except as expressly admitted herein and to the extent a response is required, Defendant deny each and every allegation in Paragraph 184 of the CCAC.

185. Defendants deny each and every allegation in Paragraph 185 of the CCAC.

186. Defendants deny each and every allegation in Paragraph 186 of the CCAC.

187. In response to the first sentence of Paragraph 187 of the CCAC, Defendants admit that FibroGen reported financial results for the fourth quarter and full year of 2019 on March 2, 2020. In response to the second, third, and fourth sentences of Paragraph 187, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Yu on FibroGen's Earnings Call on March 2, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. In response to the fifth sentence of Paragraph 187, Defendants admit that FibroGen filed a Form 10-K on March 2, 2020 with the SEC that contained a certification signed by Conterno and Cotroneo under Exchange Act Rules 13a-14(a) or 15d-14(a), which reported financial results for the fourth quarter and full year 2019. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 187 of the CCAC.

188. Defendants deny each and every allegation in Paragraph 188 of the CCAC.

189. In response to Paragraph 189 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Yu on FibroGen's Earnings Call on May 7, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 189 of the CCAC.

190. In response to Paragraph 190 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno at the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

40

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

Bank of America Securities 2020 Health Care Conference on May 14, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 190 of the CCAC.

191. Defendants deny each and every allegation in Paragraph 191 of the CCAC.

192. In response to the second sentence of Paragraph 192 of the CCAC, Defendants admit that Conterno participated in the Jefferies 2020 London Healthcare Conference on June 2, 2020. In response to the third sentence of Paragraph 192, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno at the Jefferies 2020 London Healthcare Conference on June 2, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 192 of the CCAC.

193. In response to Paragraph 193 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno at the 2020 Annual Meeting of Stockholders for FibroGen, Inc. on June 4, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 193 of the CCAC.

194. Defendants deny each and every allegation in Paragraph 194 of the CCAC.

195. In response to Paragraph 195 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno at the 41st Annual Goldman Sachs Global Healthcare Conference on June 9, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 195 of the CCAC.

196. In response to Paragraph 195 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno at the

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

41

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

41st Annual Goldman Sachs Global Healthcare Conference on June 9, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 196 of the CCAC.

197. Defendants deny each and every allegation in Paragraph 197 of the CCAC.

198. In response to Paragraph 198 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno on FibroGen's Earnings Call on August 6, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. The third sentence of Paragraph 198 contains allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required. *See supra* at 4, n.1; Order at 50–51; Appendix at 29–30. Except as expressly admitted herein and to the extent a response is required, Defendant deny each and every allegation in Paragraph 198 of the CCAC.

199. In response to Paragraph 199 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of FibroGen's 10-Q filed with the SEC on August 6, 2020; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete SEC filing. Defendants further admit that FibroGen filed a Form 10-Q on August 6, 2020 with the SEC that contained a certification signed by Conterno and Cotroneo under Exchange Act Rules 13a-14(a) or 15d-14(a). Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 199 of the CCAC.

200. Defendants deny each and every allegation in Paragraph 200 of the CCAC.

201. In response to Paragraph 201 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno at the Citigroup 15th Annual BioPharma Conference on September 9, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. The fifth sentence of Paragraph 201 contains allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

42

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

*See supra* at 4, n.1; Order at 50–51; Appendix at 31.  Except as expressly admitted herein and to the extent a response is required, Defendant deny each and every allegation in Paragraph 201 of the CCAC.

202.   In response to Paragraph 202 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno at the 18th Annual Morgan Stanley Global Healthcare Conference on September 16, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 202 of the CCAC.

203.   Defendants deny each and every allegation in Paragraph 203 of the CCAC.

204.   The first sentence of Paragraph 204 of the CCAC contains allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required.  *See supra* at 4, n.1; Order at 27–28, 50. To the extent a response is required, Defendants deny each and every allegation in Paragraph 204 of the CCAC.

205.   In response to Paragraph 205 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno on FibroGen's Earnings Call on November 5, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 205 of the CCAC.

206.   Defendants deny each and every allegation in Paragraph 206 of the CCAC.

207.   In response to Paragraph 207 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno at the Stifel 2020 Virtual Healthcare Conference on November 17, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 207 of the CCAC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

43

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

208.   In response to Paragraph 208 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno at the Jefferies 2020 Virtual London Healthcare Conference on November 19, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript.  The second sentence of Paragraph 208 contains allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required.  *See supra* at 4, n.1; Order at 50–51; Appendix at 34.  Except as expressly admitted herein and to the extent a response is required, Defendants deny each and every allegation in Paragraph 208 of the CCAC.

209.   Defendants deny each and every allegation in Paragraph 209 of the CCAC.

210.   In response to Paragraph 210 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of a citizen petition submitted to the FDA dated November 13, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete petition. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 210 of the CCAC.

211.   In response to Paragraph 211 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of Wayne Frost's objection letter to a citizen petition submitted to the FDA dated December 9, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete objection letter.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 211 of the CCAC.

212.   In response to Paragraph 212 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of Wayne Frost's objection letter to a citizen petition submitted to the FDA dated December 9, 2020; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete objection letter.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 212 of the CCAC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

44

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

213.   Defendants deny each and every allegation in Paragraph 213 of the CCAC.

214.   Defendants deny each and every allegation in Paragraph 214 of the CCAC.

215.   Defendants deny each and every allegation in Paragraph 215 of the CCAC.

216.   In response to the first sentence of Paragraph 216 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of FibroGen's press release issued on March 1, 2021; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete press release.  In response to the third sentence of Paragraph 216, Defendants admit that on March 1, 2021, FibroGen's stock price closed at $50.53 and on March 3, 2021, it closed at $34.35.  In response to the fourth sentence of Paragraph 216, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an analyst report published by Jefferies on March 1, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete report.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 216 of the CCAC.

217.   In response to the second sentence of Paragraph 217 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's press release issued on March 1, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete press release.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 217 of the CCAC.

218.   In response to Paragraph 218 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Eisner on FibroGen's Earnings Call on March 1, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript.  The first sentence of Paragraph 218 contains allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required.  *See supra* at 4, n.1; Order at 50–51; Appendix at 37.  Except as expressly admitted herein and to the extent a response is required, Defendants deny each and every allegation in Paragraph 218 of the CCAC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

45

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

219.    In response to Paragraph 219 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno at the 41st Annual Cowen Healthcare Conference on March 2, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 219 of the CCAC.

220.    Defendants deny each and every allegation in Paragraph 220 of the CCAC.

221.    In response to the second sentence of Paragraph 221 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an article published by FiercePharma on April 7, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete article. In response to the third sentence of Paragraph 221, Defendants admit that on April 8, 2021, FibroGen's stock price closed at $18.81. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 221 of the CCAC.

222.    In response to the second and third sentences of Paragraph 222 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's press release issued on April 6, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete press release. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 222 of the CCAC.

223.    In response to Paragraph 223 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno on FibroGen's Special Call on April 6, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 223 of the CCAC.

224.    In response to Paragraph 224 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of statements made by Eisner on

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

FibroGen's Special Call on April 6, 2021; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 224 of the CCAC.

225. In response to Paragraph 225 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno on FibroGen's Special Call on April 6, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. The first sentence of Paragraph 225 contains allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required. *See supra* at 4, n.1; Order at 50. Except as expressly admitted herein and to the extent a response is required, Defendants deny each and every allegation in Paragraph 225 of the CCAC.

226. In response to Paragraph 226 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Eisner on FibroGen's Special Call on April 6, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 226 of the CCAC.

227. Defendants deny each and every allegation in Paragraph 227 of the CCAC.

228. In response to Paragraph 228 of the CCAC and the chart following Paragraph 228, Defendants admit that the CCAC purports to summarize, characterize, and/or represent portions of FibroGen's press release issued on April 6, 2021; however, the represented portions have been taken out of context and/or are incomplete, and Defendants respectfully refer the Court to the complete press release. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 228 of the CCAC.

229. In response to Paragraph 229 of the CCAC, Defendants respond that Paragraph 229 contains allegations regarding claims that were dismissed pursuant to the Order to the extent they relate to the agreement with the FDA and as such, no response is required. *See supra* at 4, n.1;

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

47

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

Order at 27–28, 50.    To the extent a response is required, Defendants deny each and every allegation in Paragraph 229 of the CCAC.

230.    In response to Paragraph 230 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno on FibroGen's Earnings Call on May 10, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript.    Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 230 of the CCAC.

231.    In response to Paragraph 231 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno at the Bank of America Securities 2021 Healthcare Conference on May 13, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript.    Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 231 of the CCAC.

232.    Defendants deny each and every allegation in Paragraph 232 of the CCAC.

233.    In response to Paragraph 233 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by Conterno at the Jefferies 2021 Healthcare Conference on June 4, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript.    Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 233 of the CCAC.

234.    In response to Paragraph 234 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of a statement made by Conterno at the 42nd Annual Goldman Sachs Global Healthcare Conference on June 10, 2021; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete transcript.    Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 234 of the CCAC.

235.    Defendants deny each and every allegation in Paragraph 235 of the CCAC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

48

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

236.    Defendants deny each and every allegation in Paragraph 236 of the CCAC.

237.    Defendants deny each and every allegation in Paragraph 237 of the CCAC.

238.    Defendants deny each and every allegation in Paragraph 238 of the CCAC.

239.    In response to the second sentence of Paragraph 239 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an article published by the American Society of Nephrology on June 1, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete article.  In response to the third sentence of Paragraph 239, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an article published by Evaluate Vantage on April 7, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete article.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 239 of the CCAC.

240.    In response to the first and second sentences of Paragraph 240 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of articles published by STAT+ on April 6, 2021 and May 13, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete articles.  In response to the third sentence of Paragraph 240, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an article published by FiercePharma on April 7, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete article.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 240 of the CCAC.

241.    In response to the second sentence of Paragraph 241 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of an article published by the American Society of Nephrology on June 1, 2021; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete article.  In response to the third sentence of Paragraph 241, Defendants admit

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

49

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

that the CCAC quotes and/or purports to summarize and/or characterize portions of an article published by TipRanks on April 8, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete article. In response to the fourth sentence of Paragraph 241, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an article published by FiercePharma on August 11, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete article. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 241 of the CCAC.

242. In response to the second sentence of Paragraph 242 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an analyst report published by Jefferies on April 7, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete report. In response to the third sentence of Paragraph 242, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an analyst report published by Raymond James on April 6, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete report. In response to the fourth sentence of Paragraph 242, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an analyst report published by William Blair on April 7, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete report. In response to the fifth sentence of Paragraph 242, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an article published by SeekingAlpha on May 17, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete article. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 242 of the CCAC.

243. Defendants deny each and every allegation in Paragraph 243 of the CCAC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

50

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

244. Defendants deny each and every allegation in Paragraph 244 of the CCAC.

245. The second sentence of Paragraph 245 of the CCAC contains allegations regarding claims that were dismissed pursuant to the Order and as such, no response is required. *See supra* at 4, n.1; Order at 27–28, 50. To the extent a response is required, Defendants deny each and every allegation therein. In response to the third sentence of Paragraph 245, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of FibroGen's Form 10-Q filed with the SEC on August 9, 2021; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete SEC filing. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 245 of the CCAC.

246. The second and fourth sentences of Paragraph 246 of the CCAC quote and/or purport to summarize and/or characterize statements made by unidentified analysts; as a result, Defendants lack sufficient information to admit or deny the allegations therein. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 246 of the CCAC.

247. Defendants deny each and every allegation in Paragraph 247 of the CCAC.

248. The second sentence of Paragraph 248 of the CCAC quotes and/or purports to summarize and/or characterize comments made by unidentified analysts; Defendants lack sufficient information to admit or deny the allegations therein. In response to third and fourth sentences of Paragraph 248, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of statements made by analysts and Yu on FibroGen's Earnings Call on November 11, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete transcript. In response to the sixth sentence of Paragraph 248, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of an article published by BuyersStrike on November 14, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete article. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 248 of the CCAC.

249. Defendants deny each and every allegation in Paragraph 249 of the CCAC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

51

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

250.    In response to Paragraph 250 of the CCAC, Defendants lack sufficient information to admit or deny the allegations in Paragraph 250 of the CCAC.

251.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 251 of the CCAC.

252.    Defendants lack sufficient information to admit or deny the allegations in Paragraph 252 of the CCAC.

253.    In response Paragraph 253 of the CCAC, Defendants respond that they are irrelevant in light of the Order's holding that the alleged stock sales do not support an inference of scienter and as such, no response is required. *See supra* at 4, n.1; Order at 41.  To the extent that the allegations purport to summarize or characterize the Form 4s filed on behalf of the Individual Defendants or FibroGen's proxy statement filed with the SEC on April 24, 2018, Defendants respectfully refer the Court to the complete documents, which speak for themselves and are the best evidence of their contents.  Defendants lack sufficient information to admit or deny the allegations in the third sentence of Paragraph 253.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 253 of the CCAC.

254.    In response to second, third, fourth, fifth, sixth, and seventh sentences of Paragraph 254 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's 2020 and 2021 proxy statements filed with the SEC on April 23, 2020 and April 13, 2021; however, the quoted portions have been modified, taken out of context, and are incomplete, and Defendants respectfully refer the Court to the complete proxy statements.  Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 254 of the CCAC.

255.    Defendants deny each and every allegation in Paragraph 255 of the CCAC.

256.    In response to the second and third sentences of Paragraph 256 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's Form 10-K filed with the SEC on March 1, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete SEC filing.  In response to the fourth sentence of Paragraph 256, Defendants

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

52

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's Form 10-Q filed with the SEC on August 9, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete SEC filing. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 256 of the CCAC.

257. Defendants deny each and every allegation in Paragraph 257 of the CCAC.

258. In response to the second sentence of Paragraph 258 of the CCAC, Defendants admit that the CCAC quotes and/or purports to characterize and/or summarize a portion of FibroGen's Form 8-K filed with the SEC on December 1, 2020 (Date of Report: November 27, 2020); however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete SEC filing. Defendants further respond that, as to the portions of the second sentence referencing certain CW allegations, Defendants lack sufficient information to admit or deny the allegations therein. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 258 of the CCAC.

259. Defendants admit the first sentence of Paragraph 259 of the CCAC. The second sentence of Paragraph 259 asserts legal conclusions to which no response is required; to the extent a response is required, Defendants lack sufficient to admit or deny the allegations. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 259 of the CCAC.

260. Defendants deny each and every allegation in Paragraph 260 of the CCAC.

261. In response to the third sentence of Paragraph 261 of the CCAC, Defendants admit that on March 1, 2019, FibroGen's stock price closed at $59.91 and on February 12, 2021, it closed at $55.72. In response to the fourth sentence of Paragraph 261, Defendants admit that on July 16, 2021, FibroGen's stock price closed at $14.35. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 261 of the CCAC.

262. Paragraph 262 of the CCAC asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

263. In response to the first and second sentences of Paragraph 263 of the CCAC,

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

53

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's press release issued on May 9, 2019; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete press release. In response to the third sentence of Paragraph 263, Defendants admit that on May 9, 2019, FibroGen's stock price closed at $45.67 and on May 10, 2019, it closed at $36.39. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 263 of the CCAC.

264. In response to the first sentence of Paragraph 264 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize a portion of FibroGen's press release issued on March 1, 2021; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete press release. In response to the third sentence of Paragraph 264, Defendants admit that on March 1, 2021, FibroGen's stock price closed at $50.53 and on March 3, 2021, it closed at $34.35. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 264 of the CCAC.

265. In response to the first, second, and third sentences of Paragraph 265 of the CCAC, Defendants admit that the CCAC quotes and/or purports to summarize and/or characterize portions of FibroGen's press release issued on April 6, 2021; however, the quoted portions have been modified, taken out of context, and/or are incomplete, and Defendants respectfully refer the Court to the complete press release. In response to the fourth sentence of Paragraph 265, Defendants admit that on April 6, 2021, FibroGen's stock price closed at $34.64 and on April 8, 2021, it closed at $18.81. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 265 of the CCAC.

266. In response to the first sentence of Paragraph 266 of the CCAC, Defendants admit that the CCAC quotes a portion of FibroGen's press release issued on July 15, 2021; however, the quoted portion has been modified, taken out of context, and/or is incomplete, and Defendants respectfully refer the Court to the complete press release. To the extent Paragraph 266 purports to summarize and/or characterize the Minutes of the July 15, 2021 AdCom, Defendants respectfully

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

54

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

refer the Court to the complete minutes and transcript. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 266 of the CCAC.

267. In response to the second sentence of Paragraph 267 of the CCAC, Defendants admit that on July 14 and 15, 2021, FibroGen's stock price closed at $24.84 and on July 16, 2021, it closed at $14.35. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 267 of the CCAC.

268. Defendants deny each and every allegation in Paragraph 268 of the CCAC.

269. Paragraph 269 of the CCAC asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

270. Paragraph 270 of the CCAC asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

271. Paragraph 271 of the CCAC asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

272. Paragraph 272 of the CCAC asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

273. Paragraph 273 of the CCAC asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

274. In response to Paragraph 274 of the CCAC, Defendants deny that this action can be maintained as a class action under Federal Rules of Civil Procedures 23(a) and 23(b)(3). Paragraph 274 sets forth Plaintiffs' proposed class definition to which no response is required; to the extent that a response is required, Defendants deny the allegations therein.

275. The first sentence of Paragraph 275 of the CCAC asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein. In response to the second and third sentence of Paragraph 275, Defendants admit that throughout the Class Period, FibroGen shares were actively traded on the NASDAQ and that there were over 92.1 million shares of FibroGen common stock outstanding as of April 30, 2021. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 275 of the CCAC.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

55

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

276.   Paragraph 276 of the CCAC asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

277.   Paragraph 277 of the CCAC asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

278.   Paragraph 278 of the CCAC asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

279.   Paragraph 279 of the CCAC asserts legal conclusions to which no response is required; to the extent a response is required, Defendants deny each and every allegation therein.

## PRAYER FOR RELIEF

The paragraphs in the section entitled "Prayer for Relief" compromise Plaintiffs' statement of requested relief, to which no response is required; to the extent a response is required, Defendants deny the allegations therein, including but not limited to denying that Plaintiffs are entitled to judgment and that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

With respect to separate affirmative defenses to the causes of action in the CCAC, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

1.   The CCAC, and each and every cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendants upon which the requested relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Justification)

2.   The CCAC, and each and every cause of action alleged therein, is barred because Defendants were justified in doing any and/or all of the acts alleged in the CCAC.

### THIRD AFFIRMATIVE DEFENSE

### (Conduct of Third Parties)

3.   If it should be determined that Plaintiffs have been damaged, then Defendants are

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

56

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

informed and believe, and based thereon allege, that said damage was proximately caused by the conduct of others for which Defendants were not and are not responsible.

## FOURTH AFFIRMATIVE DEFENSE

### (Good Faith Basis)

4.     The CCAC, and each and every cause of action alleged therein, is barred because Defendants' alleged misstatements were made in good faith and with genuine belief and had a reasonable and factual historical basis.

## FIFTH AFFIRMATIVE DEFENSE

### (Standing)

5.     The CCAC, and each and every cause of action alleged therein, is barred by Plaintiffs' lack of standing pursuant to Federal Rule of Civil Procedure 23.1.

## SIXTH AFFIRMATIVE DEFENSE

### (Estoppel)

6.     The CCAC, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

### (Waiver)

7.     The CCAC, and each and every cause of action alleged therein, is barred by the doctrine of waiver.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

8.     The CCAC, and each and every cause of action alleged therein, is barred because Plaintiffs have failed, and continue to fail, to act reasonably to mitigate the damages alleged in the CCAC.

## NINTH AFFIRMATIVE DEFENSE

### (No Proximate Cause)

9.     The CCAC, and each and every cause of action alleged therein, is barred because the alleged statements or acts by Defendants were not the proximate cause of any loss suffered by

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

57

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

Plaintiffs.

## TENTH AFFIRMATIVE DEFENSE

### (Privilege)

10.    The CCAC, and each and every cause of action alleged therein, is barred because Defendants' acts were privileged.

## ELEVENTH AFFIRMATIVE DEFENSE

### (15 U.S.C. § 78u-4(e))

11.    If it should be determined that Plaintiffs have been damaged, then the damages that Plaintiffs seek are limited by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(e). ||

## TWELFTH AFFIRMATIVE DEFENSE

### (Truth)

12.    The CCAC, and each and every cause of action alleged therein, is barred by virtue of the truth of Defendants' assertions.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Assumption of Risk)

13.    The CCAC, and each and every cause of action alleged therein, is barred because Plaintiffs were expressly advised in statements made to them, including in documents and otherwise, regarding the material facts concerning their investments.  Plaintiffs therefore assumed the risk of any loss and are estopped from recovering any relief.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Available Information)

14.    The CCAC, and each and every cause of action alleged therein, is barred because the allegedly misleading statements, if any, were rebutted by contrary information (including both public and non-public information) received by or that was otherwise available to Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Loss Causation)

15.    The CCAC, and each and every cause of action alleged therein, is barred because

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC

the damages that Plaintiffs seek were not caused by any statement, omission, or other action by any Defendant, and therefore Plaintiffs cannot establish loss causation.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Scienter)

16.    The CCAC, and each and every cause of action alleged therein, is barred because Defendants did not have scienter with respect to any allegedly untrue statement of material fact, omission of material fact, misleading statement, or other challenged statement with respect to which the liability of Defendants is asserted.

## <u>JURY DEMAND</u>

Defendants demand a trial by jury.


Dated: September 13, 2022                                    COOLEY LLP


By:    /s/ Patrick E. Gibbs
                Patrick E. Gibbs

Attorneys for Defendants
FibroGen, Inc., Enrique Conterno,
James Schoeneck, Mark Eisner,
and Pat Cotroneo

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

59                    ANSWER TO CORRECTED CONSOLIDATED
CLASS ACTION COMPLAINT
3:21-CV-02623-EMC