# EXHIBIT 4

**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Telephone:     (858) 997-0860
Facsimile:      (858) 369-0096

*Counsel for Lead Plaintiff Employees' Retirement
System of the City of Baltimore, City of
Philadelphia Board of Pensions and Retirement,
and Plymouth County Retirement Association, and
Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FIBROGEN, INC., SECURITIES LITIGATION | Case No. 3:21-cv-02623-EMC<br><br>**CLASS ACTION**<br><br>DECLARATION OF TIMOTHY J. SMYTH IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

I, TIMOTHY J. SMYTH, declare as follows:

1.  I respectfully submit this declaration in support of Lead Plaintiffs' Motion for Class Certification in the above-captioned litigation (the "Action"). I have personal knowledge of the statements herein and, if called upon as a witness, I could and would competently testify thereto under oath.

2.  I am the Executive Director & General Counsel at Plymouth County Retirement Association ("Plymouth County" or the "Fund"). Pursuant to Chapter 32 of Massachusetts General Laws, the Fund was created in 1937 in order to provide financial security to current and retired municipal and county employees of Plymouth County, Massachusetts, and is subject to regulatory oversight and guidance provided by Massachusetts's Public Employee Retirement Administration Commission ("PERAC"). The Fund currently has more than 12,700 pensioners and beneficiaries that receive approximately $130 million each year in benefits. As of February 2022, the total value of the Fund's assets under management was approximately $1.3 billion.

3.  The Fund is governed by the Plymouth County Retirement Board (the "Board") whose member trustees are fiduciaries with respect to the Fund. Pursuant to Massachusetts General Laws and PERAC Investment Regulations, the Board is authorized to delegate discretionary investment decision-making authority regarding certain portions of the Fund's assets to professional investment management firms ("investment managers") selected by the Board with the professional assistance of the Fund's independent investment consultant. LMCG Investments, LLC is one such investment manager, which exercised its discretionary authority to purchase shares of FibroGen, Inc. ("FibroGen") common stock during the period from December 20, 2018, through July 15, 2021, inclusive (the "Class Period"), for the accounts they managed on behalf of the Fund.

4.  On August 30, 2021, the Court appointed Plymouth County as a Lead Plaintiff in this Action along with the Employees' Retirement System of the City of Baltimore ("Baltimore Employees"), and the City of Philadelphia Board of Pensions and Retirement ("Philadelphia

DECLARATION OF TIMOTHY J. SMYTH
IN SUPPORT OF LEAD PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION
CASE NO. 3:21-CV-02623-EMC

1

Pension Fund") (collectively "Lead Plaintiffs"). ECF No. 75. On November 19, 2021, Lead Plaintiffs filed the [Corrected] Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint"). ECF No. 97.

5.      During the Class Period, Plymouth County purchased over 12,000 shares of FibroGen common stock, and suffered substantial losses as a result of Defendants' violations of the federal securities laws alleged in the Complaint. ECF No. 30-2.

6.      In the Motion for Class Certification, Plymouth County seeks appointment as a Class Representative in the Action. On behalf of Plymouth County, myself and other Fund staff have actively monitored and directed the progress of the Action, regularly communicating with Lead Counsel and proposed Class Counsel, Saxena White P.A. ("Saxena White"), about various aspects of the Action, including pleadings, briefs, discovery, Court orders and other case developments.

7.      Plymouth County has diligently pursued the effective prosecution of this action. To date, myself and other Fund staff (including the past Executive Director) have actively participated in or supervised the preparation of numerous key documents in the Action, including, but not limited to, Plymouth County, Baltimore Employees, and Philadelphia Pension Fund's motion for consolidation of related actions, appointment as Lead Plaintiffs, and approval of selection of Lead Counsel and supporting joint declaration, and briefing related thereto (ECF Nos. 29, 52, 57); the Consolidated Complaint; Lead Plaintiffs' Opposition to Defendants' Motions to Dismiss the Complaint (ECF Nos. 106-107, 109); Lead Plaintiffs' Initial Disclosures; Lead Plaintiffs' First Request for Production of Documents to All Defendants; and Lead Plaintiffs' Motion for Class Certification filed concurrently herewith. Plymouth County has also received and reviewed significant documents, filings, and orders in the Action, including, but not limited to, submissions related to Defendants' Motion to Dismiss; the Court's Order Denying Defendants' Motion to Dismiss (ECF No. 126); the parties' Joint Rule 26(f) Case Management Statement (ECF No. 141); Defendants' First Requests for Production of Documents and First Set of Interrogatories to Lead

DECLARATION OF TIMOTHY J. SMYTH
IN SUPPORT OF LEAD PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION
CASE NO. 3:21-CV-02623-EMC

2

Plaintiffs, and Lead Plaintiffs' responses and objections thereto. Plymouth County has communicated regularly with Lead Counsel concerning these and other case-related matters, including satisfying the Fund's discovery obligations through the collection and production to Defendants of potentially relevant documents and communications from the Fund's files.

8. Plymouth County understands that the Private Securities Litigation Reform Act of 1995 ("PSLRA") was intended to encourage institutional investors and others with meaningful losses to direct securities class actions. Plymouth County is committed to vigorously prosecuting and directing this litigation and will strive to maximize the recovery for the Class consistent with good faith and sound judgment. Notably, Plymouth County has been appointed as Class Representative and achieved settlements in other class action litigations, including in *Plymouth County Retirement System and Oklahoma Police Pension and Retirement System v. Evolent Health, Inc., et al.*, Case No. 1:19-cv-01031-MSN-WEF (E.D. Va.) ($23.5 million recovery); *Plymouth County Retirement System* v. *Patterson Companies, Inc., et al.*, Case No. 0:18-cv-00871-MJD-HB (D. Minn.) ($63 million recovery); *In re Aqua Metals, Inc. Securities Litigation*, Case No. 4:17-cv-07142-HSG (N.D. Cal.) ($7 million recovery); *Van Noppen* v. *InnerWorkings, Inc.*, Case No. 1:14-cv-01416 (N.D. Ill) (over $6 million recovery); *Medoff* v. *CVS Caremark*, Case No. 1:09-cv-00554-S-DLM (D.R.I.) ($48 million recovery); *In re Carter's Inc. Sec. Litig.*, No. 08-cv-02940 (N.D. Ga.) ($23.3 million recovery); and *In re SafeNet, Inc. Securities Litigation*, Case No. 06-cv-05797 (S.D.N.Y.) ($25 million recovery).

9. Plymouth County understands that, as a Lead Plaintiff and Class Representative (if appointed), the Fund owes a fiduciary duty to provide fair and adequate representation to all members of the Class. The Fund is committed to faithfully and diligently carrying out that duty and continuing to work with Lead Counsel to obtain the best outcome for the Class consistent with good faith and meritorious advocacy.

10. Plymouth County seeks to appoint Saxena White as Class Counsel for the Class based on the firm's substantial experience and expertise in successfully prosecuting securities class

DECLARATION OF TIMOTHY J. SMYTH
IN SUPPORT OF LEAD PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION
CASE NO. 3:21-CV-02623-EMC

3

actions and other forms of complex shareholder litigation. In addition, Plymouth County believes that Saxena White possesses the necessary financial and human resources to effectively and successfully prosecute this Action through trial and any post-trial appeals. Should Lead Counsel be appointed Class Counsel, Plymouth County will continue to actively monitor and direct Saxena White's efforts to vigorously and effectively prosecute this Action on behalf of Lead Plaintiffs and the Class.

11.     Plymouth County will not accept any payment for serving as a Lead Plaintiff or Class Representative (if appointed) beyond its *pro rata* share of any recovery, except for reimbursement of such reasonable costs and expenses directly relating to the Fund's representation of the Class, as contemplated by the PSLRA, and as may be ordered and approved by the Court.

I declare under penalty of perjury pursuant to the laws of the United States of America that the facts set forth in the aforesaid documents are true and correct.

Executed this the 25th day of January, 2023, in Plymouth, Massachusetts.

Timothy J. Smyth, Esquire
Executive Director & General Counsel
Plymouth County Retirement Association

DECLARATION OF TIMOTHY J. SMYTH
IN SUPPORT OF LEAD PLAINTIFFS'
MOTION FOR CLASS CERTIFICATION
CASE NO. 3:21-CV-02623-EMC

4