COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
TIJANA M. BRIEN (286590)
(tbrien@cooley.com)
BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
ZANETA J. KIM (317844)
(zkim@cooley.com)
AMIE L. SIMMONS (336356)
(asimmons@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:     +1 650 843 5000
Facsimile:     +1 650 849 7400

Attorneys for Defendants
FibroGen, Inc., Enrique Conterno, James Schoeneck,
Mark Eisner, and Pat Cotroneo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FIBROGEN, INC., SECURITIES LITIGATION | Case No. 3:21-cv-02623-EMC |
| | **CLASS ACTION** |
| | **DECLARATION OF TIJANA M. BRIEN IN SUPPORT OF MOTION FOR LEAVE OF COURT TO FILE MOTION FOR RECONSIDERATION** |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

BRIEN DECL. ISO MOT. FOR LEAVE TO
FILE MOT. FOR RECONS.
3:21-CV-02623-EMC

I, Tijana M. Brien, declare:

1.    I am a partner at the law firm Cooley LLP, counsel for Defendants FibroGen, Inc. ("FibroGen" or the "Company"), Enrique Conterno, James Schoeneck, Mark Eisner, and Pat Cotroneo (collectively, "Defendants"), in the above-captioned matter.  I submit this declaration in support of Defendants' Motion for Leave of Court to File Motion for Reconsideration.  The information set forth herein is true to the best of my knowledge, information, and belief, and if called upon to testify, I could and would testify to the following.

2.    Between August and October 2022, Plaintiffs and Defendants (together, the "Parties") negotiated the terms of the Stipulated Protective Order ("PO"), Dkt. No. 144, including section 11.1 of the PO.

3.    As the party bearing most of the production burden, section 11.1 of the PO was important to include so that Defendants could conduct a reasonable document review and production without the need for a fact-intensive inquiry as to whether they satisfied Federal Rule of Evidence 502(b)'s "reasonable steps" requirement.

4.    Section 11.1 of the PO was also important due to Plaintiffs' repeated request that Defendants re-produce to Plaintiffs close to 100,000 documents Defendants had produced to the U.S. Securities and Exchange Commission ("SEC") in connection with an SEC investigation into FibroGen's April 6, 2021 announcement that the primary cardiovascular safety analyses included post-hoc changes to the stratification factors, which Plaintiffs argued were relevant to this action.

5.    Defendants ultimately agreed to make the re-production to Plaintiffs of documents produced to the SEC based, in part, on the understanding that the requirements of Rule 502(b) would not apply and that Defendants would not need to undertake an extensive re-review of privilege for purposes of this class action.

6.    Defendants completed the re-production in three installments on November 19, 2022, December 8, 2022, and December 19, 2022, after this Court entered the PO on October 21, 2022.

7.    On Friday, January 27, 2023 at 7:41 p.m. PT, Plaintiffs filed a Motion for Class Certification, Dkt. No. 147, and attached the Presentation as Exhibit 10, Dkt. No. 147-11.  Exhibit

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1

BRIEN DECL. ISO MOT. FOR LEAVE TO
FILE MOT. FOR RECONS.
3:21-CV-02623-EMC

10 had been filed under seal and was not accessible via ECF, but was emailed to counsel for Defendants at 8:15 p.m. PT.

8.    On Monday, January 30, 2023, counsel for Defendants realized that Exhibit 10 may have been inadvertently produced and that an investigation into the reason for its creation was needed in order to determine if it was created for the purpose of seeking legal advice. Defendants' counsel began this investigation the same day.

9.    Over the course of the week of January 30, 2023, Defendants' counsel had several phone calls with FibroGen's in-house counsel regarding the Presentation, exchanged multiple emails with FibroGen's in-house counsel, sought information from FibroGen's Chief Medical Officer, Mark Eisner, about the purpose for which he created the Presentation, and reviewed other versions of the Presentation that had been withheld for privilege to determine the context of and reason for its creation.

10.    On Friday, February 3, 2023, Defendants' counsel received final information from Mr. Eisner which confirmed that the Presentation was prepared by Mr. Eisner at the request of FibroGen's General Counsel, Michael Lowenstein, to facilitate in-house and outside counsel's legal advice to the Company.

11.    After creating the Presentation at counsel's request, Mr. Eisner sent it to Mr. Lowenstein for review and comment, and Mr. Lowenstein in turn sent it to outside counsel for the same.

12.    The final version was presented to FibroGen's Board on March 29, 2021 so that in-house and outside counsel could advise the Company on the pooled CV safety analyses supporting the New Drug Application for Roxadustat, among others.

13.    Defendants' counsel's investigation also revealed that Defendants had withheld from the SEC production at least a dozen other versions of the Presentation as privileged.

14.    Unlike other versions of the Presentation, which were attached to a privileged email communication and/or stamped "attorney-client privileged," this version of the Presentation was a standalone document.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

BRIEN DECL. ISO MOT. FOR LEAVE TO
FILE MOT. FOR RECONS.
3:21-CV-02623-EMC

15.    That same day, on Friday, February 3, 2023, Defendants clawed back the Presentation from Plaintiffs at 5:19 p.m. PT, only hours after making the determination that the Presentation was privileged.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 10th day of April 2023, at Moss Beach, California.

*/s/ Tijana M. Brien*
Tijana M. Brien