UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEIFA XU, et al.,

              Plaintiffs,

     v.

FIBROGEN, INC., et al.,

              Defendants.

Case No. 21-cv-02623-EMC

**ORDER GRANTING DEFENDANTS'
MOTION FOR LEAVE TO FILE
MOTION FOR RECONSIDERATION**

Docket No. 168

Defendants move for leave to file a motion for reconsideration of this Court's March 29, 2023, Order granting Plaintiffs' motion to compel the production of PowerPoint slides Bates numbered FGEN-CA-0353824 (the "Presentation"). Docket Nos. 161, 168. The Court had held that Defendants waived any attorney-client privilege that might have existed when they disclosed the Presentation to the SEC months ago, and that they were not entitled to the safe harbor provided to some inadvertent disclosures under Federal Rule of Evidence 502(b). Docket No. 161 at 4–6. Having considered Defendants' submissions and the applicable law, the Court hereby **GRANTS** Defendants' motion for leave to file motion for reconsideration.

## I.    <u>DISCUSSION</u>

"Before the entry of a judgment adjudicating all of the claims . . .[,] any party may make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order" where a court manifestly fails to "consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Civil L.R. 7-9(a)–(b). Defendants argue that the Court "did not afford Defendants the opportunity to present any evidence that they satisfied the requirements of Rule 502(b)." Docket

No. 168 at 8.  Instead of presupposing that the Stipulated Protective Order supplanted Rule 502(b), Defendants should have raised a Rule 502(b) argument and presented material facts in their letter motion; however, because this Court's Standing Order imposes a three-page limit on discovery motions and indicates that the Court will "advise the parties if additional briefing . . . will be necessary," it is fair to conclude that Defendants did not have a full opportunity fully to present facts material to a 502(b) analysis, and thus the Court grants Defendants' motion for leave to file motion for reconsideration.  Standing Order at 2–3

## II.   CONCLUSION

Defendants' motion for leave to file motion for reconsideration is **GRANTED**. Defendants shall file a motion for reconsideration by April 21, 2023; thereafter, Plaintiffs shall file a response by April 28, 2023.

This order disposes of Docket No. 168.

**IT IS SO ORDERED**.

Dated: April 13, 2023

_____
EDWARD M. CHEN
United States District Judge

United States District Court
Northern District of California