COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
TIJANA M. BRIEN (286590)
(tbrien@cooley.com)
BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
ZANETA J. KIM (317844)
(zkim@cooley.com)
AMIE L. SIMMONS (336356)
(asimmons@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:     +1 650 843 5000
Facsimile:     +1 650 849 7400

CAITLIN MUNLEY (*Pro Hac Vice*)
(cmunley@cooley.com)
ALEXANDRA EBER (P*ro Hac Vice*)
(aeber@cooley.com)
1299 Pennsylvania Ave., N.W., Suite 700
Washington, DC 20004-2400
Telephone:     +1 202 842 7800
Facsimile:     +1 202 842 7899

Attorneys for Defendants
FibroGen, Inc., Enrique Conterno, James Schoeneck,
Mark Eisner, and Pat Cotroneo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FIBROGEN, INC., SECURITIES LITIGATION | Case No. 3:21-cv-02623-EMC <br><br> **CLASS ACTION** <br><br> **DECLARATION OF TIJANA M. BRIEN IN SUPPORT OF MOTION FOR RECONSIDERATION** |

I, Tijana M. Brien, declare:

1.     I am a partner at the law firm Cooley LLP, counsel for Defendants FibroGen, Inc. ("FibroGen" or the "Company"), Enrique Conterno, James Schoeneck, Mark Eisner, and Pat Cotroneo (collectively, "Defendants"), in the above-captioned matter.  I submit this declaration in support of Defendants' Motion for Reconsideration.  The information set forth herein is true to the best of my knowledge, information, and belief, and if called upon to testify, I could and would testify to the following.

2.     Between August and October 2022, Plaintiffs and Defendants (together, the "Parties") negotiated the terms of the Stipulated Protective Order ("PO"), Dkt. No. 144, including section 11.1 of the PO.

3.     As the party bearing most of the production burden, section 11.1 of the PO was important to include so that Defendants could conduct a reasonable document review and production without the need for a fact-intensive inquiry as to whether they satisfied Federal Rule of Evidence 502(b)'s "reasonable steps" requirement.

4.     Section 11.1 of the PO was also important due to Plaintiffs' repeated request that Defendants re-produce to Plaintiffs close to 100,000 documents Defendants had produced to the U.S. Securities and Exchange Commission ("SEC") in connection with an SEC investigation into FibroGen's April 6, 2021 announcement that the primary cardiovascular safety analyses included post-hoc changes to the stratification factors, which Plaintiffs argued were relevant to this action.

5.     Defendants ultimately agreed to make the re-production to Plaintiffs of documents produced to the SEC based, in part, on the understanding that the requirements of Rule 502(b) would not apply and that Defendants would not need to undertake an extensive re-review of privilege for purposes of this class action.

6.     Defendants completed the re-production in three installments on November 19, 2022, December 8, 2022, and December 19, 2022, after this Court entered the PO on October 21, 2022.

7.     On Friday, January 27, 2023 at 7:41 p.m. PT, Plaintiffs filed a Motion for Class Certification, Dkt. No. 147, and attached the Presentation as Exhibit 10, Dkt. No. 147-11.  Exhibit

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1

BRIEN DECL. ISO MOTION
FOR RECONSIDERATION
3:21-CV-02623-EMC

10 had been filed under seal and was not accessible via ECF, but was emailed to counsel for Defendants at 8:15 p.m. PT.

8. On Monday, January 30, 2023, counsel for Defendants realized that Exhibit 10 may have been inadvertently produced and that an investigation into the reason for its creation was needed in order to determine if it was created for the purpose of seeking legal advice. Defendants' counsel began this investigation the same day.

9. Over the course of the week of January 30, 2023, Defendants' counsel had several phone calls with FibroGen's in-house counsel regarding the Presentation, exchanged multiple emails with FibroGen's in-house counsel, sought information from FibroGen's Chief Medical Officer, Mark Eisner, about the purpose for which he created the Presentation, and reviewed other versions of the Presentation that had been withheld for privilege to determine the context of and reason for its creation.

10. On Friday, February 3, 2023, Defendants' counsel received final information from Mr. Eisner which confirmed that the Presentation was prepared by Mr. Eisner at the request of FibroGen's General Counsel, Michael Lowenstein, to facilitate in-house and outside counsel's legal advice to the Company.

11. Defendants' counsel's investigation also revealed that Defendants had withheld from the SEC production at least a dozen other versions of the Presentation as privileged.

12. Unlike other versions of the Presentation, which were attached to a privileged email communication and/or stamped "attorney-client privileged," this version of the Presentation was a standalone document.

13. To the best of Defendants' knowledge, the Presentation is the only version that was not either marked "attorney-client privilege" or attached to an email to or from a lawyer and is the only version that was mistakenly produced to the SEC rather than withheld as privileged. Had Defendants' counsel been aware of this version, it would have been withheld as privileged.

14. That same day, on Friday, February 3, 2023, Defendants clawed back the Presentation from Plaintiffs at 5:19 p.m. PT, only hours after making the determination that the Presentation was privileged.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

BRIEN DECL. ISO MOTION
FOR RECONSIDERATION
3:21-CV-02623-EMC

I declare under penalty of perjury that the foregoing is true and correct.  Executed on this 21st day of April 2023, at Moss Beach, California.

/s/ Tijana M. Brien
Tijana M. Brien

Cooley LLP
Attorneys at Law
Palo Alto

3

Brien Decl. ISO Motion
for Reconsideration
3:21-cv-02623-EMC