COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
TIJANA M. BRIEN (286590)
(tbrien@cooley.com)
BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
ZANETA J. KIM (317844)
(zkim@cooley.com)
AMIE L. SIMMONS (336356)
(asimmons@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

CAITLIN MUNLEY (*Pro Hac Vice*)
(cmunley@cooley.com)
ALEXANDRA EBER (P*ro Hac Vice*)
(aeber@cooley.com)
1299 Pennsylvania Ave., N.W., Suite 700
Washington, DC 20004-2400
Telephone:    +1 202 842 7800
Facsimile:    +1 202 842 7899

Attorneys for Defendants
FibroGen, Inc., Enrique Conterno, James Schoeneck,
Mark Eisner, and Pat Cotroneo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FIBROGEN, INC., SECURITIES LITIGATION | Case No. 3:21-cv-02623-EMC |
| | **CLASS ACTION** |
| | **DECLARATION OF ALEXANDRA EBER IN SUPPORT OF MOTION FOR RECONSIDERATION** |

I, Alexandra Eber, declare:

1.      I am an associate at the law firm Cooley LLP, counsel for Defendants FibroGen, Inc. ("FibroGen" or the "Company"), Enrique Conterno, James Schoeneck, Mark Eisner, and Pat Cotroneo (collectively, "Defendants"), in the above-captioned matter.  I submit this declaration in support of Defendants' Motion for Reconsideration.  The information set forth herein is true to the best of my knowledge, information, and belief, and if called upon to testify, I could and would testify to the following.

2.      In October 2021, the U.S. Securities and Exchange Commission ("SEC") issued a broad subpoena to FibroGen requesting ten categories of documents related to Roxadustat and the Company's public statements about the drug.

3.      Over the course of the next few months, FibroGen negotiated with the SEC regarding the scope of the requests and the search terms that would be used for electronic documents.

4.      FibroGen then spent nearly a year reviewing more than 166,000 documents for responsiveness and privilege and ultimately produced more than 100,000 documents – consisting of more than 700,000 pages – to the SEC.

5.      As part of the process for reviewing documents for production to the SEC, Defendants' counsel adopted measures to protect against the inadvertent production of privileged documents.

6.      To conduct a first level review, Defendants' counsel hired a group of contract lawyers to initially screen documents for responsiveness and privilege.

7.      All reviewing attorneys, including contract lawyers, received specific instructions from Defendants' counsel on how to identify documents that contained attorney-client communications or work product.

8.      Contract reviewers raised any questions they had in a Q&A log and Defendants' counsel provided their responses in the log.

9.      Defendants' counsel also had periodic check-in calls with the contract reviewers to provide further guidance as needed, including on questions regarding privilege.

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

1

EBER DECL. ISO MOTION
FOR RECONSIDERATION
3:21-CV-02623-EMC

10. A quality control team of Cooley LLP associates and staff attorneys then conducted a second level review of documents identified as privileged or flagged as needing further review.

11. The quality control team also second level reviewed all documents hitting on privilege screening terms (including attorney names and words that commonly appear in privileged documents) and a random 10% sample of documents to be produced to identify any responsiveness and/or privilege issues.

12. Only after such quality checks were complete were documents produced.

13. Of approximately 100,000 documents produced to the SEC, over 46,000 documents were second level reviewed.

14. After this process was complete, all documents that had been withheld from production on the basis of privilege were reviewed again. Documents confirmed as fully or partially privileged were entered into a privilege log; partially privileged documents were redacted; and documents ultimately determined not to be privileged (or privileged in part and redacted) were produced.

15. Defendants logged more than 7,800 documents withheld or redacted for privilege.

16. Defendants clawed back the Presentation from the SEC on Monday, February 6, 2023.

17. On Thursday, February 9, 2023, the SEC confirmed that it would delete the document.

18. At no time has the SEC indicated that it challenges Defendants' assertion of privilege over the Presentation.

19. Nearly all of the documents that Defendants clawed back from the SEC resulted from a technical mistake with the final construction of a single production – production 6. The discovery of that mistake did prompt a significant post-production review and clawback of documents from production 6 and, to a lesser extent, productions 4 and 5. The errors prompting that re-review, however, were corrected before the production of the Presentation, which was produced to the SEC in production 7.

I declare under penalty of perjury that the foregoing is true and correct. Executed on this

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

2

EBER DECL. ISO MOTION
FOR RECONSIDERATION
3:21-CV-02623-EMC

21st day of April 2023, at Dallas, Texas.

/s/ Alexandra Eber
Alexandra Eber

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

3

EBER DECL. ISO MOTION
FOR RECONSIDERATION
3:21-CV-02623-EMC