COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
TIJANA M. BRIEN (286590)
(tbrien@cooley.com)
BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
ZANETA J. KIM (317844)
(zkim@cooley.com)
AMIE L. SIMMONS (336356)
(asimmons@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

Attorneys for Defendant
FibroGen, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FIBROGEN, INC., SECURITIES LITIGATION | Case No. 3:21-cv-02623-EMC <br><br> **CLASS ACTION** <br><br> **DEFENDANT FIBROGEN, INC.'S RESPONSE TO LEAD PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT. 191]** |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant FibroGen, Inc. ("FibroGen" or "the Company") files this response ("Response") to Plaintiffs' Administrative Motion to Consider whether Another Party's Material Should Be Sealed, filed on June 23, 2023 (Dkt. 191).

Plaintiffs' Administrative Motion seeks to seal various documents and portions of documents submitted in connection with Plaintiffs' Reply in Further Support of Motion for Class Certification (the "Reply") that contain information that FibroGen designated "Confidential" pursuant to the terms of the parties' Stipulated Protective Order that was entered by the Court on October 21, 2022 (Dkt. 144), as well as correspondence exchanged between counsel for the parties. As set forth below and in the accompanying Declaration of Michael Lowenstein ("Lowenstein Declaration" or "Lowenstein Decl."), FibroGen confirms the confidentiality of certain documents included in Plaintiffs' Administrative Motion.

Pursuant to Rules 79-5(f)(3) and 79-5(c)(3), FibroGen's Response is supported by the Lowenstein Declaration, filed herewith.

## I.   LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *see also Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records.) The right, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. "A narrow range of documents is not subject to the right of public access at all because the records have traditionally been kept secret for important policy reasons." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted).

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal. The "good cause" test applies to "sealed materials attached to a discovery motion unrelated to the merits of [the] case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). The "compelling reasons" standard applies to cases involving "dispositive motions" as well as any other motions that are "more than tangentially related to the

underlying cause of action." *Id.* at 1098-99. Courts within this circuit apply the "compelling reasons" standard to motions to seal documents relating to class certification. *See Adtrader, Inc. v. Google LLC*, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020). Under the "compelling reasons" standard, a Court may seal judicial records when it finds "compelling reasons and articulate[s] the factual basis for its ruling." *Ctr. for Auto Safety,* 809 F.3d at 1096. The Court must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1097.

## II.    DOCUMENTS CONTAINING FIBROGEN'S CONFIDENTIAL INFORMATION

Though the courts recognize a general right to inspect and copy public records and documents such as judicial records, the Supreme Court has stated that there are limits to this right. "It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598 (noting that "the decision as to access [to records] is one best left to the sound discretion of the trial court"). Courts should not serve as "sources of business information that might harm a litigant's competitive standing." *Id.* Accordingly, the need to protect proprietary and confidential business information is sufficient to seal documents where disclosure would result in competitive harm to a party, even under the "compelling reasons" standard. *See In re Elec. Arts Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *see also, e.g., Stout v. Hartford Life & Accident Ins. Co.*, 2012 WL 6025770, at *2 (N.D. Cal. Dec. 4. 2012) (sealing confidential and proprietary contract).

FibroGen produced confidential, non-public documents pursuant to the Stipulated Protective Order in this case (ECF No. 144) with the understanding that the information would remain confidential. As detailed in the concurrently-filed Lowenstein Declaration, the documents FibroGen seeks to seal contain highly sensitive, confidential non-public information related to FibroGen's business decisions, strategies, and internal deliberations regarding Roxadustat, a drug it sought to commercialize for the treatment of anemia of chronic kidney disease (CKD). (Lowenstein Decl., ¶2.) These documents are proper for sealing because they contain confidential internal discussions and strategy concerning the company's Roxadustat safety analyses,

communications with FibroGen's partners, the FDA, and the presentation of analyses at the Advisory Committee Meeting. (*Id.*)  The disclosure of such information might harm FibroGen's business interests.  (*Id.* at ¶3.)  Indeed, this Court recently recognized that "compelling reasons" exist to seal similar information in documents attached to Plaintiffs' Motion for Class Certification (ECF No. 161), contained in the Court's order (ECF No. 169), and referenced in an amended complaint in a related derivative action. *See Millan v. Schoeneck et al.*, No. 3:21-cv-05871-EMC, ECF No. 35 (N.D. Cal. Dec. 30, 2022). *See also Lucas v. Breg*, 2016 WL 5464549, at *2 (S.D. Cal. Sept. 28, 2016) (sealing a company's 510(k) premarket notifications to FDA because they contain "confidential business material that might harm Breg's competitive standing"); *In re iPhone App. Litig.*, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) (granting motion to seal where defendant's confidentiality interest in technology and business interests outweighed that of the public in accessing such documents); *United States ex rel. Ruhe v. Masimo Corp.*, 2013 WL 12131173, at *2 (C.D. Cal. Aug. 26, 2013) (sealing exhibits and declarations that included non-public information submitted to FDA in the course of obtaining regulatory approval and relating to FDA audit, finding they contained "trade secret and business information a competitor could use to harm Masimo's competitive standing").

FibroGen has attempted to narrow its sealing request as much as possible, and seeks only to seal sensitive information that, if publicly disclosed, would cause harm to FibroGen. For the reasons set forth herein, FibroGen respectfully requests that the following information be sealed from the public record:

| DOCUMENT | PORTION TO BE SEALED | PARTY DESIGNATING | REASON |
| --- | --- | --- | --- |
| Lead Plaintiffs' Reply in further Support of Motion for Class Certification | Redacted portions on p. 5, 9, 13, 14 | Defendant FibroGen | The document was designated "Confidential" because it describes and quotes from non-public internal communications and communications with the FDA regarding the Roxadustat safety analyses. |

| DOCUMENT | PORTION TO BE SEALED | PARTY DESIGNATING | REASON |
|---|---|---|---|
| Ex. 29 to Kaplan Declaration ("Kaplan Decl.") (FGEN-CA-0004196) | Entire Document | Defendant FibroGen | The document was designated "Confidential" because it is draft meeting minutes from a confidential meeting between FibroGen and the FDA, reflecting discussions relating to the Roxadustat NDA and labeling negotiations. |
| Ex. 30 to Kaplan Decl. (FGEN-CA-0178193) | Entire Document | Defendant FibroGen | The document was designated "Confidential" because it is a confidential internal communication reflecting internal strategy discussions related to the presentation of certain Roxadustat efficacy analyses at the FDA Advisory Committee Meeting. |
| Ex. 31 to Kaplan Decl. (FGEN-CA-1113248 and FGEN-CA-1113249) | Entire Document | Defendant FibroGen | The Court previously ordered that a nearly identical version of this document may remain filed under seal. See ECF No. 161; ECF No. 147-8 (Ex. 7 to Kaplan Decl. in support of Plaintiffs' Motion for Class Certification)<br><br>The document was designated "Confidential" because it is a PowerPoint presentation prepared by FibroGen's partner, Astellas, reflecting |

| DOCUMENT | PORTION TO BE SEALED | PARTY DESIGNATING | REASON |
|---|---|---|---|
| | | | confidential information regarding the status and content of discussions with regulators and internal strategy related to the Roxadustat regulatory applications (NDA and MAA) and the Roxadustat safety analyses and their underlying statistical methodology. |

## III.   CONCLUSION

For the reasons set forth herein and in the Lowenstein Declaration, FibroGen respectfully requests that the Court grant Plaintiffs' Administrative Motion to Seal portions of Plaintiffs' Reply in Further Support of the Motion for Class Certification and Exhibits 29-31 filed in support of Plaintiffs' Reply.

Dated: June 30, 2023                                By: */s/ Patrick E. Gibbs*
                                                         Patrick E. Gibbs

                                                   Attorneys for Defendant
                                                   FibroGen, Inc.