COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
TIJANA M. BRIEN (286590)
(tbrien@cooley.com)
BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
ZANETA J. KIM (317844)
(zkim@cooley.com)
AMIE L. SIMMONS (336356)
(asimmons@cooley.com)
3175 Hanover Street
Palo Alto, California 94304-1130
Telephone:    +1 650 843 5000
Facsimile:    +1 650 849 7400

Attorneys for Defendants
FibroGen, Inc., Enrique Conterno, James Schoeneck,
Mark Eisner, and Pat Cotroneo

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FIBROGEN, INC., SECURITIES LITIGATION | Case No. 3:21-cv-02623-EMC<br><br>**CLASS ACTION**<br><br>**DECLARATION OF CARIDAD AUTRAND IN SUPPORT OF FIBROGEN'S OPPOSITION TO LEAD PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS**<br><br>Date:   August 31, 2023<br>Time:   1:30 p.m.<br>Dept.:   5 – 17th Floor<br>Judge:   Hon. Edward M. Chen |

COOLEY LLP

I, Caridad Autrand, hereby declare as follows:

1.     I submit this declaration in support of FibroGen's Opposition to Lead Plaintiffs' Motion for Spoliation Sanctions.  I am presently an Administrative Assistant at FibroGen, Inc. ("FibroGen").  I have personal knowledge of all facts stated in this declaration and would testify competently thereto if called upon as a witness.

2.     I am employed at FibroGen as an Administrative Assistant, where I have provided administrative support to the company's Chief Medical Officer (CMO).  I supported Dr. Peony Yu from December 1, 2016 to December 20, 2020, while she was the CMO, and then Dr. Mark Eisner, since he assumed the position, from December 21, 2020 to present.

3.     When I supported Dr. Yu, she often asked me and others at FibroGen to print electronic documents for her, as she had a habit of reviewing documents in hard copy form and often times used them in various meetings she attended.  Dr. Yu would send the documents to me and others via email to be printed.

4.     When Dr. Yu left FibroGen in March 2021 and transitioned into a consulting role, she asked me to pick up the hard copy documents she had in her possession at her home.  These hard copy documents consisted of the various electronic files Dr. Yu had asked me and others to print.

5.     When Dr. Eisner transitioned into the CMO position, I asked him whether he wanted the hard copy versions of the documents that Dr. Yu had left in her office and those that she asked me to pick up from her residence to bring back to the office.  Dr. Eisner responded that he preferred to work with electronic documents and did not need the hard copy versions and thus, I could dispose of the documents.

6.     I then went through all the hard copy documents that Dr. Yu left in the office & those that I picked up from her residence and had brought to the office -- going through each binder and placing each document into a shred bin.  As I was placing each document into a shred bin, I did not see any handwritten notes on the documents, nor did I see or shred any notebooks or notepads.

I declare under the penalty of perjury under the laws of the United States that the foregoing

COOLEY LLP

1

is true and correct.  Executed on July 17, 2023 in San Francisco, California.

_____
Caridad Autrand