UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FIBROGEN, INC., SECURITIES LITIGATION | Case No. 3:21-cv-02623-EMC<br><br>**<u>CLASS ACTION</u>**<br><br>**[PROPOSED] ORDER GRANTING FIBROGEN'S MOTION TO STRIKE PORTIONS OF DECLARATION OF DAVID R. KAPLAN ISO PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS** |

In support of their Motion for Spoliation Sanctions ("Motion"), Plaintiffs filed a declaration of Plaintiffs' counsel, David R. Kaplan (the "Kaplan Declaration"). Defendant FibroGen ("FibroGen") moved to strike portions of the Kaplan Declaration on the grounds that they were not based on personal knowledge, mischaracterized documents and testimony, and/or constituted inappropriate argument in circumvention of prescribed page limits.

Having considered the Motion, the pleadings and filings in this action, and all other matters properly before the Court, FibroGen's motion is **GRANTED**.

**A.    CERTAIN PARAGRAPHS OF THE KAPLAN DECLARATION ARE NOT BASED ON PERSONAL KNOWLEDGE.**

FibroGen moves to strike paragraphs 2, 4-5, 7-9, 11, 13-15, 17-20, 24-30, 32-42, 44-51, and footnotes 5-7 and 9 of the Kaplan Declaration on the grounds that they violate Local Rules 7-2 and 7-5 because they are not based on Mr. Kaplan's personal knowledge.

"Declarations must be based on personal knowledge." *Gallegos v. Mercedes-Benz USA, LLC*, 2023 WL 3607279, at *3 (N.D. Cal. Mar. 6, 2023). The declarant must "state facts showing . . . [his] connection to the matters stated, establishing the source of the information." *Brew v. City of Emeryville*, 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001); *see also Allen v. Honeywell Ret. Earnings Plan*, 2005 WL 8160551, at *3 (D. Ariz. July 27, 2005) (striking declaration because "[d]efendants have not introduced evidence sufficient to support a finding of personal knowledge"). Statements not based on personal knowledge may be stricken under Local Rule 7-5. *Percelle v. Pearson*, 2015 WL 5736399, at *3 (N.D. Cal. Oct. 1, 2015) (striking paragraphs, *inter alia*, because they "d[id] not establish the declarant's personal knowledge or basis for the statements therein").

In the challenged paragraphs, Mr. Kaplan declares to topics such as communications internal to FibroGen or between FibroGen and the FDA, the decisionmaking surrounding the departure of Chief Medical Officer Peony Yu, the functioning of Ms. Yu's laptop computer, and the facts and circumstances of its return. Mr. Kaplan had no role at FibroGen, and accordingly could not have been involved in and thereby possess personal knowledge of these communications and events and could not competently testify to them. As such, they violate the requirement under

[PROPOSED] ORDER GRANTING FIBROGEN'S
MTN. TO STRIKE KAPLAN DECLARATION
3:21-CV-02623-EMC

the Local Rules that declarations be based on the declarant's personal knowledge. *See Percelle*, 2015 WL 5736399, at *3 (striking portions of declaration, *inter alia*, for "not stating . . . personal knowledge for the conclusions and purported facts").

Because they are not based on Mr. Kaplan's personal knowledge, paragraphs 2, 4-5, 7-9, 11, 13-15, 17-20, 24-30, 32-42, 44-51, and footnotes 5-7 and 9 of the Kaplan Declaration are stricken.

**B.    CERTAIN PARAGRAPHS OF THE KAPLAN DECLARATION MISCHARACTERIZE AND MISSTATE THE RECORD.**

FibroGen also moves to strike paragraphs 4-5, 7-9, 12, 19-20, 24, 28, 31, 47, 54-56, 59-80, 83-87, 91, 93-95, 97, 100-01, 103-04, and footnote 2 of the Kaplan Declaration on the grounds that they include factual assertions that mischaracterize the underlying evidence. A declaration may be stricken where it inaccurately summarizes a transcript or exhibit or includes inaccurate commentary regarding the exhibit. *See Percelle*, 2015 WL 5736399, at *3 (striking declaration because it purports to summarize transcripts or exhibits, and those summaries are inaccurate); *Kennedy v. AJVS, Inc.*, 2012 WL 1748013, at *4-5 (N.D. Cal. May 15, 2012) (striking declaration which "includes unnecessary and apparently inaccurate commentary regarding the exhibits").

In its motion, FibroGen details more than a dozen paragraphs wherein the Kaplan Declaration contains misleading and inaccurate summaries of emails, text messages, FibroGen documents, analyst reports, FDA meeting minutes, a FINRA submission, communications between counsel for Plaintiffs and Defendants, and deposition testimony. Plaintiffs are free to ask the court to draw inferences from a document, but they must do so in their brief, and they may not, in the context of a declaration, make factual assertions that mischaracterize the underlying evidence that they cite. *See Percelle*, 2015 WL 5736399, at *3.

Because they mischaracterize, misstate and/or inaccurately summarize documents and testimony, paragraphs 4-5, 7-9, 12, 19-20, 24, 28, 31, 47, 54-56, 59-80, 83-87, 91, 93-95, 97, 100-01, 103-04, and footnote 2 of the Kaplan Declaration are stricken.

**C.    CERTAIN PARAGRAPHS OF THE KAPLAN DECLARATION CONSTITUTE IMPERMISSIBLE CONCLUSIONS AND ARGUMENT.**

FibroGen lastly moves to strike paragraphs 2-4, 6-7, 9, 12-16, 19, 21-23, 25, 34-35, 42-43,

**[PROPOSED] ORDER GRANTING FIBROGEN'S MTN. TO STRIKE KAPLAN DECLARATION 3:21-CV-02623-EMC**

45, 49, 53, 55, 58, 61, 67-68, 70, 72, 74, 78, 89-90, 93, 102-03, 105, 109, 118-19, and footnote 8 of the Kaplan Declaration on the grounds that they constitute legal conclusions and argument that may not be properly included in a declaration. All arguments, including argumentative quips, belong solely in a party's briefing, and "only facts" belong in any accompanying declaration. *Brae Asset Funding, L.P. v. Applied Fin., LLC*, 2006 WL 2355474, at *5 (N.D. Cal. Aug. 14, 2006).

The challenged paragraphs of the Kaplan Declaration, however, are clearly not factual assertions from a competent witness, but rather read indistinguishably from the arguments of a brief and include characterizations such as "misleading," "manipulated," "key," and "deficient," among others. Legal arguments of this sort are properly made in Plaintiffs' Motion. They are not appropriate content for a declaration. *See id.* (striking declaration "full of legal argument and conclusions" by party's attorney "in violation of Civil Local Rule 7-5(b), which requires a declaration to contain 'only facts' and to 'avoid conclusions and argument'").

Because they constitute legal conclusions and argument not properly included in a declaration, paragraphs 2-4, 6-7, 9, 12-16, 19, 21-23, 25, 34-35, 42-43, 45, 49, 53, 55, 58, 61, 67-68, 70, 72, 74, 78, 89-90, 93, 102-03, 105, 109, 118-19, and footnote 8 of the Kaplan Declaration are stricken.

Good cause appearing therefor, **IT IS HEREBY ORDERED** that FibroGen's Motion to Strike Portions of the Declaration of David. R. Kaplan is **GRANTED**. Paragraphs 2-9, 11-51, 53-56, 58-80, 83-87, 89-91, 93-95, 97, 100-05, 109, 118-19, and footnotes 2 and 5-9 of the Kaplan Declaration are hereby stricken.

**IT IS SO ORDERED.**

Dated: _____, 2023

_____
Honorable Edward M. Chen
United States District Judge

[PROPOSED] ORDER GRANTING FIBROGEN'S
MTN. TO STRIKE KAPLAN DECLARATION
3:21-CV-02623-EMC