**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Tel.: (858) 997-0860
Fax: (858) 369-0096

*Counsel for Lead Plaintiffs Employees' Retirement
System of the City of Baltimore, City of
Philadelphia Board of Pensions and Retirement,
and Plymouth County Retirement Association, and
Lead Counsel for the Proposed Class*

*[Additional Counsel listed on Signature Page]*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FIBROGEN, INC., SECURITIES LITIGATION | Case No. 3:21-cv-02623-EMC <br><br> **<u>CLASS ACTION</u>** <br><br> LEAD PLAINTIFFS' OPPOSITION TO FIBROGEN'S MOTION TO STRIKE PORTIONS OF DECLARATION OF DAVID R. KAPLAN IN SUPPORT OF PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS <br><br> Hearing Date: August 31, 2023 <br> Time: 1:30 p.m. <br> Courtroom: 5 – 17th Floor <br> Judge: Hon. Edward M. Chen |

PUBLIC REDACTED VERSION

**TABLE OF CONTENTS**

I.    INTRODUCTION ........................................................................................................ 1

II.   ARGUMENT ............................................................................................................. 3

    A.    The Kaplan Declaration Complies with Civil Local Rule 37-4 ..................................... 3

    B.    FibroGen Fails to Show the Declaration is Improper Under LR 7-5 ........................... 6

        1.    Mr. Kaplan Declares to Facts Known Personally to Him or in the Record ......... 6

        2.    The Kaplan Declaration Summarizes a Vast Record of Facts for the
Court's Convenience ......................................................................................... 8

        3.    The Kaplan Declaration Makes No Legal Arguments ....................................... 11

III.  CONCLUSION ........................................................................................................ 12

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Allbaugh v. California Field Ironworkers Pen. Tr.*,
2014 WL 2112934 (D. Nev. May 20, 2014) ....................................................................... 6, 12

*Allbaugh v. California Field Ironworkers Pen. Tr.*,
2014 WL 3814026 (Aug. 4, 2014) ........................................................................................ 8

*Aniel v. GMAC Mortg., LLC*,
2012 WL 5373388 (N.D. Cal. Oct. 30, 2012) ....................................................................... 7

*Brackett v. American Airlines Group*,
2022 WL 282529 (N.D. Cal. Jan 31, 2022) .......................................................................... 3

*Brae Asset Funding, L.P. v. Applied Fin., LLC*,
2006 WL 2355474 (N.D. Cal. Aug. 14, 2006) ...................................................................... 5

*Chinitz v. Intero Real Estate Services*,
2020 WL 1308340 (N.D. Cal. Jan. 13, 2020) ....................................................................... 4

*Clare v. Clare*,
2021 WL 6206989 (E.D. Wash. Dec. 8, 2021) ..................................................................... 12

*Edwards Lifesciences Corp. v. Meril Life Sciences Pvt. Ltd.*,
2022 WL 566792 (N.D. Cal. Jan. 14, 2022) ......................................................................... 4

*Food & Water Watch, Inc. v. United States Env't Prot. Agency*,
2021 WL 1893063 (N.D. Cal. May 11, 2021) ....................................................................... 8

*Gallegos v. Mercedes-Benz USA, LLC*,
2023 WL 3607279 (N.D. Cal. Mar. 6, 2023) ........................................................................ 5

*Glass Egg Digital Media v. Gameloft, Inc.*,
2019 WL 5720731 (N.D. Cal. Nov. 5, 2019) ....................................................................... 3, 4

*Hatamian v. Advanced Micro Devices, Inc.*,
2015 WL 511175 (N.D. Cal. Feb. 6, 2015) .......................................................................... 3

*Kennedy v. AJVS, Inc.*,
2012 WL 1748013 (W.D. Wash. May 15, 2012) .................................................................. 5

*Percelle v. Pearson*,
2015 WL 5736399 (N.D. Cal. Oct. 1, 2015) ........................................................................ 5

*Universal Grading Serv. v. eBay, Inc.*,
2011 WL 846060 (N.D. Cal. March 8, 2011) ....................................................................... 5

*Vartanian v. Nationwide Legal, Inc.*,
   2012 WL 2054995 (N.D. Cal. June 5, 2012)..............................................................................3

**RULES**

Civil L.R.
   7-5 ...............................................................................................................................*passim*
   37-4 .............................................................................................................................*passim*

Fed. R. Civ. P.
   37 ....................................................................................................................................... 1, 3
   56(e) ........................................................................................................................................ 7

**LP'S OPP. TO DEFS.' MOT. TO STRIKE
PORTIONS OF KAPLAN DEC. ISO MOT.
FOR SPOLIATION SANCTIONS**
3:21-cv-02623-EMC

## I.   INTRODUCTION

Motions for sanctions under Federal Rule of Civil Procedure 37 in this District are governed by Civil Local Rule 37-4 ("LR 37-4"), which expressly requires that such motions be accompanied by "competent declarations" that "set forth the facts and circumstances that support the motion" and "describe in detail the efforts made by the moving party to secure compliance without intervention by the Court."  To comply with this rule, Plaintiffs filed the Declaration of David R. Kaplan in support of their Sanctions Motion ("Kaplan Declaration or Kaplan Decl."), which does exactly what LR 37-4 requires:  it (i) sets forth the facts and circumstances supporting Plaintiffs' Sanctions Motion (including by describing documents and deposition testimony from the evidentiary record that were also filed in their entirety as exhibits to the Sanctions Motion); and (ii) describes in detail Plaintiffs' exhaustive (and often hindered) efforts to determine whether spoliation occurred prior to filing their Sanctions Motion.[1]

FibroGen has nonetheless moved to strike ninety-seven paragraphs and six footnotes from the Kaplan Declaration—which courts in this District have repeatedly described as a "drastic" remedy that is rarely warranted—based on its contention that they amount to an improper attempt by Plaintiffs to circumvent the Civil Local Rules of this District.  However, the exact opposite is true, as FibroGen's Motion suffers from a fatal flaw:  it does not address or even mention LR 37-4, the local rule that expressly governs "Motions for Sanctions" and pursuant to which the Kaplan Declaration was clearly filed, nor does it cite a single case concerning a declaration filed under that rule.  This glaring omission alone warrants denial of Defendants' motion to strike.

Indeed, rather than address LR 37-4, FibroGen instead makes a number of demonstrably incorrect and inapposite arguments, which themselves amount to little more than FibroGen's own disagreements with the underlying facts giving rise to the Sanctions Motion, rather than any genuine issues of impropriety with the Kaplan Declaration.  For example, FibroGen argues, implausibly, that Mr. Kaplan is prohibited from recounting facts set forth in the numerous

---

[1] References to the Sanctions Motion are to Lead Plaintiffs' motion to sanction Yu and FibroGen ECF No. 185.  References to "Ex." are to exhibits to the Declaration of Lester R. Hooker filed with the Sanctions Motion (ECF No. 185-2). Unless otherwise noted, all emphasis is added, and all internal citations are omitted.

documents and deposition testimony produced in this case because he "lacks personal knowledge" of the underlying events described therein. However, the relevant inquiry is not whether Mr. Kaplan personally participated in the events described in Defendants' documents, but rather whether he has "personal knowledge" of the underlying <u>contents</u> of those documents—which he clearly does, as he personally reviewed those materials in connection with preparing his declaration and bringing the Sanctions Motion. Moreover, FibroGen does not (and cannot) contest the authenticity of these documents or testimony, as they were produced from Defendants' <u>own files and witnesses</u>.

FibroGen's other main argument is to quibble with semantics by taking issue with specific words Mr. Kaplan used to describe certain documents, but, tellingly, FibroGen fails to point to any actual inaccuracy in the Kaplan Declaration. It does not contend, for example, that any document was miscited or misquoted, but only that the quotes were supposedly taken out of context. However, significantly, the fact remains that all of the documents cited in the Kaplan Declaration are attached to the Sanctions Motion in their entirety for the Court's review. Similarly, FibroGen accuses Mr. Kaplan of mischaracterizing the documents and deposition testimony he describes, essentially because his declaration summarizes the vast record supporting Plaintiffs' spoliation claims rather than exhaustively regurgitating all of the record evidence in its entirety. But the Kaplan Declaration highlights certain key aspects of the record evidence because it is necessary to do so under LR 37-4 in order to faithfully set forth the "facts and circumstances that support" the Sanctions Motion and "<u>describe in detail</u>" Plaintiffs' efforts to investigate the issue. Merely filing the documents themselves (amounting to over 100 exhibits totaling nearly 1,000 pages), with no explication or narrative whatsoever of which aspects of them are relevant to Plaintiffs' Sanctions Motion, would unnecessarily burden the Court by forcing it to piece together the facts supporting Plaintiffs' motion from a voluminous record.

In sum, FibroGen's utter failure to even address LR 37-4 dooms its Motion—and its quibbles with the Kaplan Declaration's wording in recounting the vast evidentiary record giving rise to Plaintiffs' Sanctions Motion here do not and cannot provide a valid basis to warrant the "drastic" remedy of striking any portion of the declaration, let alone the majority of it. FibroGen's motion to strike should be denied.

**LP'S OPP. TO DEFS.' MOT. TO STRIKE
PORTIONS OF KAPLAN DEC. ISO MOT.
FOR SPOLIATION SANCTIONS**
3:21-cv-02623-EMC

## II.    ARGUMENT

In this District, "[m]otions to strike are generally regarded with disfavor because [] they are often used as a delaying tactic," and thus "such motions should be denied" in most instances. *Hatamian v. Advanced Micro Devices, Inc.*, 2015 WL 511175, at *1 (N.D. Cal. Feb. 6, 2015); *Brackett v. American Airlines Group*, 2022 WL 282529, at *4 (N.D. Cal. Jan 31, 2022) (same); *see also Vartanian v. Nationwide Legal, Inc.*, 2012 WL 2054995, at *2 (N.D. Cal. June 5, 2012) (Chen, J.) ("Courts generally disfavor motions to strike because striking is such a drastic remedy."). Because the Kaplan Declaration was filed to comply with LR 37-4—the most applicable Civil Local Rule that Defendants fail to address or mention—and because FibroGen's other arguments are meritless and amount to Defendants' mere disagreements with the underlying facts, the "drastic" remedy of striking large swathes of the Kaplan Declaration is unwarranted here.

### A.    The Kaplan Declaration Complies with Civil Local Rule 37-4

Civil Local Rule 37-4, governing "Motions for Sanctions," sets forth specific requirements for parties who move for sanctions under Federal Rule of Civil Procedure 37. While LR 37-4 states that such motions must comply with Civil Local Rules 7-8 and 7-2, critically, <u>it expressly requires movants to file up to three unique declarations</u>. Specifically, LR 37-4(b) states, in relevant part, that a motion for sanctions must be accompanied by "competent declarations" which:

(1) Set forth the facts and circumstances that support the motion; [and]

(2) Describe in detail the efforts made by the moving party to secure compliance without intervention by the Court[.] [2]

*See also Glass Egg Digital Media v. Gameloft, Inc.*, 2019 WL 5720731, at *4 (N.D. Cal. Nov. 5, 2019) (a sanctions motion "must be accompanied by competent declarations setting forth the facts and circumstances that support the motion" and that "describe in detail the efforts made to secure compliance without intervention by the court").

Significantly, compliance with LR 37-4 is essential to a sanctions motion. Indeed, courts have routinely refused to grant motions for sanctions for failure to comply with LR 37-4 by filing the required declarations. *See, e.g., Chinitz v. Intero Real Estate Services*, 2020 WL 1308340, at

---

[2] No fees or other costs and expenses were requested in the Sanctions Motion, so LR 37-4(b)(3) is inapplicable.

**LP'S OPP. TO DEFS.' MOT. TO STRIKE PORTIONS OF KAPLAN DEC. ISO MOT. FOR SPOLIATION SANCTIONS**
3:21-cv-02623-EMC

*1 (N.D. Cal. Jan. 13, 2020) (holding "the motion [wa]s not supported by sufficient evidence that plaintiff's counsel met and conferred with [other party's] counsel in an effort to obtain relief without Court action"); *Edwards Lifesciences Corp. v. Meril Life Sciences Pvt. Ltd.*, 2022 WL 566792, at *4 (N.D. Cal. Jan. 14, 2022) (deferring monetary sanctions because of movant's "failure to comply with the civil local rules" when movant did not provide a declaration required by LR 37-4(b)(3)); *Glass Egg Digital Media*, 2019 WL 5720731, at *4 ("[n]ot having substantially complied with any of these requirements [in LR 37-4, the] motion for sanctions is denied").

Plaintiffs thus filed the Kaplan Declaration for the precise purpose of complying with LR 37-4(b)(1) and (2). Specifically, in accordance with those two provisions, the Kaplan Declaration (i) contains a section "set[ting] forth the facts and circumstances that support" the Sanctions Motion, which includes a recounting of the relevant aspects of the voluminous evidentiary record supporting Plaintiffs' spoliation claims; and (ii) a section "describ[ing] in detail" the exhaustive efforts Plaintiffs made to investigate and resolve the spoliation issue before seeking Court intervention. In light of this, there is simply no basis to fault Plaintiffs for complying with the express provisions of LR 37-4(b) or to impugn their motives.

While FibroGen repeatedly argues that the Kaplan Declaration runs afoul of Civil Local Rule 7-5 ("LR 7-5," which is incorporated into Civil Local Rule 7-2(d) by reference), it wholly ignores that LR 7-5 must be read in conjunction with LR 37-4, <u>which specifically applies to this motion</u>.[3] Indeed, FibroGen ignores LR 37-4 completely, failing to cite or even mention it anywhere in its Motion. Clearly, a party seeking sanctions would have no ability to "<u>set forth the facts and circumstances</u> that support" their motion or "<u>describe in detail</u> the efforts made…to secure compliance" as required if all they were permitted to do was authenticate documents and testimony attached to a motion.

The laundry list of cases to which FibroGen cites in support of its argument that courts in this District regularly strike declarations for violating Civil Local Rule 7-5 are therefore

---

[3] Even if LR 7-5 could be applied without considering LR 37-4 (which it cannot), LR 7-5(b) does <u>not</u> require the Court to strike any portion of a declaration found to be in violation of LR 7-5, but instead grants the Court discretion on the issue. *See* LR 7-5(b) ("An affidavit or declaration not in compliance with this rule <u>may</u> be stricken[.]").

LP'S OPP. TO DEFS.' MOT. TO STRIKE
PORTIONS OF KAPLAN DEC. ISO MOT.
FOR SPOLIATION SANCTIONS
3:21-cv-02623-EMC

inapplicable. Mot. at 2-3. Indeed, every single case FibroGen cites is completely inapposite by default because <u>none</u> of them involve a motion for sanctions, and thus <u>none</u> of them interpret or discuss LR 37-4. FibroGen's complete failure to address the applicable Civil Local Rule in either its arguments or case law alone dooms its Motion.

Moreover, these cases do not even support the striking of the Kaplan Declaration under LR 7-5. *See* Mot. at 2-3. For example, not only is *Kennedy v. AJVS, Inc.*, 2012 WL 1748013, at *4-5 (W.D. Wash. May 15, 2012) (<u>which the Motion glaringly mislabels as an N.D. Cal. case</u>) a case from <u>another</u> district, but the court struck the declaration there in large part because it failed to attach the referenced documents. Not so here, where <u>all</u> of the documents were attached to the Sanctions Motion in their entirety for the Court's review. The court in *Brae Asset Funding, L.P. v. Applied Fin., LLC*, 2006 WL 2355474, at *5 (N.D. Cal. Aug. 14, 2006) similarly struck a declaration largely because, unlike here, it referred "throughout to exhibits that were never filed."[4]

The Kaplan Declaration's thorough exposition of the facts is therefore clearly not "a blatant attempt to circumvent the page limits" for the Sanctions Motion as FibroGen claims (*see* Mot. at 2), but rather aims to meet the express requirements of LR 37-4 and describe the relevant facts and evidence "<u>in detail</u>" for the benefit and convenience of the Court. Indeed, the relevant record here includes over one hundred exhibits numbering nearly one thousand pages, including numerous documents and deposition testimony, that absent the Kaplan Declaration the Court would have to puzzle through on its own to determine which aspects of those voluminous materials support Plaintiffs' spoliation claims.

---

[4] The other cases Defendants rely on are also inapposite. Mot. at 3-4. In *Gallegos v. Mercedes-Benz USA, LLC*, 2023 WL 3607279 (N.D. Cal. Mar. 6, 2023), the court did not strike a declaration pursuant to LR 7-5, but rather refused to take judicial notice of facts cited therein that were not in the complaint. In *Percelle v. Pearson*, 2015 WL 5736399 (N.D. Cal. Oct. 1, 2015), defendants objected to facts in a declaration being used in deciding a summary judgment motion, not a sanctions motion under LR 37-4. Similarly, in *Universal Grading Serv. v. eBay, Inc.*, 2011 WL 846060 (N.D. Cal. March 8, 2011), the defendant objected to facts in a declaration being used to supplement those pleaded in a complaint. Indeed, FibroGen fails to cite a single case involving a motion for sanctions—meaning the cases it does cite are all fundamentally inapposite.

**LP'S OPP. TO DEFS.' MOT. TO STRIKE PORTIONS OF KAPLAN DEC. ISO MOT. FOR SPOLIATION SANCTIONS**
3:21-cv-02623-EMC

**B.      FibroGen Fails to Show the Declaration is Improper Under LR 7-5**

While completely ignoring LR 37-4, FibroGen makes a number of specific arguments as to why certain paragraphs of the Kaplan Declaration purportedly run afoul of LR 7-5—but none of them have merit and fail to justify striking <u>any</u> portion of the Kaplan Declaration.

**1.      Mr. Kaplan Declares to Facts Known Personally to Him or in the Record**

FibroGen argues that the Court should strike forty paragraphs and four footnotes of the Kaplan Declaration because, although Mr. Kaplan describes facts in documents attached as exhibits and from the record that he personally reviewed (none of which are challenged as inauthentic), he was not personally "involved in any of the events or communications that he purports to describe in these paragraphs, and as such, he does not have personal knowledge of them." Mot. at 5. This argument fails.

While Mr. Kaplan obviously did not, for example, personally attend Company meetings with the FDA (nor could any rational person believe that his declaration was purporting to make any such claim),[5] clearly Mr. Kaplan is able to summarize facts from "personal knowledge" that were set forth in the FibroGen documents and inter-party correspondence attached as exhibits to the Sanctions Motion that he personally reviewed in preparing his declaration. Indeed, prohibiting Mr. Kaplan from citing and discussing the facts from these documents—virtually all of which either were produced by Defendants in discovery or else constitute direct correspondence with Defendants—is completely incompatible with the requirements of LR 37-4. If Defendants' contention were the rule, Plaintiffs would be unable to set forth the "facts and circumstances that support" the Sanctions Motion or "describe in detail" their efforts to investigate the spoliation issue.

Significantly, even with respect to LR 7-5, courts have routinely rejected the very same "personal knowledge" argument that FibroGen makes here. *See*, *e.g.*, *Allbaugh v. California Field Ironworkers Pen. Tr.*, 2014 WL 2112934, at *7 (D. Nev. May 20, 2014) (declining to strike attorney declaration because attorney did "have personal knowledge of the content of the

---

[5] Although, notably, Mr. Kaplan did take Yu's deposition. Ex. 20 at 8:5-6.

**LP'S OPP. TO DEFS.' MOT. TO STRIKE
PORTIONS OF KAPLAN DEC. ISO MOT.
FOR SPOLIATION SANCTIONS**
3:21-cv-02623-EMC

documents produced by Defendants" and declaration was "more efficient that filing and asking the Court to cull through 7,700 pages of discovery documents" to demonstrate the same points highlighted therein); *Aniel v. GMAC Mortg., LLC*, 2012 WL 5373388, at *6 (N.D. Cal. Oct. 30, 2012) ("[p]ersonal knowledge … is not strictly limited to activities in which the declarant has personally participated," and "an affiant may testify to acts that she did not personally observe but which have been described in business records").[6]

Even the examples on which FibroGen relies only reveal how strained its argument is. For instance, FibroGen contends that the following sentence from the Kaplan Declaration (at ¶4) should be stricken as not being from personal knowledge (*see* Mot. at 3-4): ███████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████ This sentence cites to Exhibit 1 to the Sanctions Motion, a document Bates-stamped FGEN-CA0037500 that was produced by FibroGen in discovery. But while Defendants assert that Mr. Kaplan's description of the document's contents is somehow inaccurate, the document— which, again, is attached to Plaintiffs' Sanctions Motion in its entirety—██████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ███████████████████████████████████████████████████.

The same is true for the other examples FibroGen cites. In each case, Mr. Kaplan is recounting details or quoting directly from the contents of the documents themselves, all of which are attached in their entirety to the Sanctions Motion. *See* Mot. at 3-4. For example, Mr. Kaplan's descriptions in the Kaplan Declaration that FibroGen takes issue with include (*see id.*): █████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████████; "Yu's laptop had the ability to

---

[6] Plaintiffs also note that "personal knowledge" is not actually a *requirement* of LR 7-5. Rather, it is imported from Fed. R. Civ. P. 56(e), which LR 7-5 states a declaration should comply with "as much as possible." Plaintiffs could not set forth the facts and circumstances supporting their sanctions motion here without reference to facts obtained from discovery documents.

LP'S OPP. TO DEFS.' MOT. TO STRIKE
PORTIONS OF KAPLAN DEC. ISO MOT.
FOR SPOLIATION SANCTIONS
3:21-cv-02623-EMC

save documents both on 'share drive' or 'network drive' locations" (citing Yu's own deposition testimony); ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. FibroGen's argument asserting that Mr. Kaplan lacks "personal knowledge" of facts apparent on the face of documents that Defendants produced in discovery is thus meritless.

### 2. The Kaplan Declaration Summarizes a Vast Record of Facts for the Court's Convenience

FibroGen argues that fifty-one paragraphs and one footnote of the Kaplan Declaration should be stricken because they purportedly mischaracterize and misstate the record. Mot. at 5-11. Again, this argument wholly fails, and calls into question the purpose of filing the motion to strike in the first place.

As an initial matter and as mentioned above, Plaintiffs attached to their Sanctions Motion over one hundred exhibits spanning approximately one thousand pages. Indeed, the Kaplan Declaration chronicles the voluminous record evidence supporting Plaintiffs' spoliation claims, in addition to the extensive correspondence and numerous meet and confers among the parties' counsel that took place over a prolonged period of approximately nine months. While FibroGen contends that Plaintiffs should do nothing more than authenticate all of these exhibits and leave the Court to review one thousand pages of materials on its own, Plaintiffs' approach conserves judicial resources by accurately summarizing the pertinent parts of the extensive record and identifying the key facts "in detail" as expressly required by LR 37-4. *See, e.g., Allbaugh v. California Field Ironworkers Pen. Tr.*, 2014 WL 3814026, at *3 (Aug. 4, 2014) (court did "not find it necessary or judicially economical" to provide 7,700 pages of documents for the Court to review); *Food & Water Watch, Inc. v. United States Env't Prot. Agency*, 2021 WL 1893063, at *6 (N.D. Cal. May 11, 2021) (Chen, J.) ("Asking this Court [] to start from scratch would impair judicial economy"). Moreover, condensing this vast corpus of materials in a way that points the Court to the relevant parts supporting Plaintiffs' Sanctions Motion obviously requires judgment,

selectivity, and focus, in addition to explanation of how certain facts relate to or are supported by other facts.  Accordingly, FibroGen's contention that the Kaplan Declaration "mischaracterizes" documents—all of which are attached to the Sanctions Motion in their entirety for Defendants' and the Court's review—is spurious.

Similarly, FibroGen's quibbles with Plaintiffs' word choices and descriptions amount to Defendants' disagreements with the factual record and are otherwise without basis.  Mot. at 11-14.  For example, FibroGen disputes that Plaintiffs had to undertake a "diligent" review of the 100,000 documents the Company produced in order to uncover the three emails that put Plaintiffs on notice of the spoliation issue, because these three emails were purportedly "the last three emails produced as part of the SEC re-production and therefore would have been easily identified."  Mot. at 9, n.4.  However, the nature of the review Plaintiffs had to undertake to uncover these three emails is squarely within Plaintiffs' own personal knowledge, not FibroGen's—nor does the numerical placement of the three documents in a 100,000-document electronic production have any bearing on how easy they were to discover.  Moreover, the fact that Defendants placed these three emails at the very end of a nearly 100,000 document production speaks volumes about their efforts to improperly "hide the ball" with respect to spoliation.

As another example, the Motion claims that the Kaplan Declaration (at ¶8) misstates

9    **LP'S OPP. TO DEFS.' MOT. TO STRIKE PORTIONS OF KAPLAN DEC. ISO MOT. FOR SPOLIATION SANCTIONS**
3:21-cv-02623-EMC

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████.

FibroGen similarly claims that the Kaplan Declaration includes a "misleading portrayal" of the Company's FINRA response (at ¶12) ████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████

███████████████████████████████████████████████.

It is thus difficult to see how the Kaplan Declaration could be construed to "mischaracterize" these documents at all, much less to a "misleading" degree.

FibroGen also claims that the Kaplan Declaration mischaracterizes the parties' December 21, 2022 meet and confer—which Mr. Kaplan personally attended—because the statement that "Mr. Gibbs stated that he was caught off guard by the issue" of Yu's laptop suggests that "Mr. Gibbs acted as though he was not aware that the laptop hard-drive had been destroyed." Mot. at 9. But FibroGen submits no evidence of how this at all misstates what was said during the meet and confer other than the word of Mr. Gibbs himself, whereas FibroGen's repeated efforts to obscure and deflect on the spoliation issue are well documented throughout the parties' prolonged correspondence. The Court should not strike this paragraph simply because Mr. Kaplan and Mr. Gibbs seemingly disagree about what transpired.

LP'S OPP. TO DEFS.' MOT. TO STRIKE
PORTIONS OF KAPLAN DEC. ISO MOT.
FOR SPOLIATION SANCTIONS
3:21-cv-02623-EMC

Thus, it is apparent that FibroGen's real disagreement is not about any impropriety or inaccuracy in Mr. Kaplan's declaration, but with the facts themselves, which FibroGen is free to dispute in its own briefing. But FibroGen cannot seek to discard or "strike" facts simply because it does not like them, especially when Plaintiffs were expressly required by the rules of this District to "set forth" the facts and circumstances that support their motion "<u>in detail</u>."

### 3.    The Kaplan Declaration Makes No Legal Arguments

FibroGen also seeks to strike forty-one paragraphs and one footnote of the Kaplan Declaration on the basis that these are "rife with inappropriate legal conclusions and arguments." Mot. at 12. However, the Kaplan Declaration does not make any legal arguments or cite to a single case—rather, as set forth above, the Kaplan Declaration sets forth exactly what is required by Rule 37-4.[7]

FibroGen again gives specific examples that fail to support its contentions. To pick one, FibroGen cites to a long passage from ¶53 of the Kaplan Declaration (Mot. at 12) in which Mr. Kaplan recounted that when Plaintiffs specifically asked about preservation issues at the September 1, 2021 Rule 26(f) conference with Defendants—a conference that Mr. Kaplan personally attended—Defendants did not disclose the destruction of the hard drive of Yu's laptop. That is clearly a purely factual claim, not a legal argument.[8]

---

[7] Notably, Yu attached an 18-page declaration to her own opposition to the Sanctions Motion (ECF No. 199-1). While neither required nor explicitly permitted by LR 37-4, her declaration seems to be an attempt to provide further testimony after her deposition with no means for Plaintiffs to cross-examine her, and Yu's declaration even goes so far as to contest legal assertions made by Plaintiffs in their motion for sanctions. *See, e.g.*, *id.* ¶5 ("[i]n accusing me of spoliation of evidence, Plaintiffs offer various pieces of circumstantial evidence that they argue put me on notice that litigation was reasonably foreseeable. I disagree"). While Yu is represented separately from FibroGen, her opposition incorporates FibroGen's by reference, and her declaration references exhibits in the Brien Declaration submitted by FibroGen in support of its opposition, evidencing coordination between Yu and FibroGen. *See, e.g.*, *id.* ¶29.

[8] If FibroGen means to imply that generally noting that Defendants have certain obligations in discovery is an impermissible "legal conclusion," it is hard to see how it could be a controversial one. Indeed, the Brand Declaration not only expressly discusses those obligations, but blatantly *does* reach legal conclusions under them. *See* ECF No. 199-5 at ¶8 ("In advance of the parties' Rule 26(f) conference, all counsel for Dr. Yu carefully considered our obligations under the Federal Rules of Civil Procedure dand this Court's Local Rules and standing orders. We did not then and do not now believe anything in those rules requires the affirmative disclosure of document destruction that precedes a duty to preserve during a 26(f) conference.").

FibroGen also castigates Mr. Kaplan for purportedly selecting quotes that "best serve Plaintiffs' narrative."  Mot. at 13.  For example, FibroGen complains of the following passage:

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

██.  But highlighting certain facts in documents hardly amounts to making legal arguments, and again, LR 37-4 expressly requires a movant to set forth the "facts and circumstances that <u>support</u>" the Sanctions Motion—not to exhaustively recount every bit of record evidence (and, in any case, Mr. Kaplan's use of the word ███████████████████████████████████, with again the document itself attached in its <u>entirety</u> to the Sanctions Motion should the Court wish to review it).[9]

### III.    CONCLUSION

As a result of the foregoing, the Motion should be denied in its entirety.[10]

Dated:  August 11, 2023                                    Respectfully submitted,

                                                                        <u>/s/ David R. Kaplan</u>

---

[9] The Motion also contends that even the Kaplan Declaration's use of descriptive words or phrases in its citation of facts is argumentative.  Mot. at 12-13.  FibroGen should not drag the Court into a drawn-out analysis of adjectives and adverbs in Mr. Kaplan's declaration merely because it unsurprisingly sees the case differently and believes Mr. Kaplan should have used words more favorable to the defense.

[10] In the alternative, even if the Court deems some language in the Kaplan Declaration as objectionable, Plaintiffs submit that the Court should simply disregard that language as immaterial and focus only on the factual information therein, particularly given that said factual information is a requirement of LR 37-4.  *See, e.g.*, *Allbaugh*, 2014 WL 2112934, at *7 (finding that even if declaration included legal conclusions, "the proper remedy is not to disregard [the attorney's] declaration wholesale," as "[t]he [c]ourt has sufficient experience ignoring the legal conclusions of counsel and not treating those conclusions as established facts"); *Clare v. Clare*, 2021 WL 6206989, at *3 (E.D. Wash. Dec. 8, 2021) (declining to strike paragraphs from declaration that "appear somewhat argumentative" because "they are not so egregious to be stricken but instead are helpful" to adjudication of summary judgment motion).

**LP'S OPP. TO DEFS.' MOT. TO STRIKE
PORTIONS OF KAPLAN DEC. ISO MOT.
FOR SPOLIATION SANCTIONS**
3:21-cv-02623-EMC

**SAXENA WHITE P.A.**

David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
Emily Bishop (SBN 319383)
ebishop@saxenawhite.com
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Tel.: (858) 997-0860
Fax: (858) 369-0096

Steven B. Singer
ssinger@saxenawhite.com
Kyla Grant (admitted *pro hac vice*)
kgrant@saxenawhite.com
Sara DiLeo (admitted *pro hac vice*)
sdileo@saxenawhite.com
Joshua H. Saltzman (admitted *pro hac vice*)
jsaltzman@saxenawhite.com
10 Bank Street, 8th Floor
White Plains, New York 10606
Tel: (914) 437-8551

Maya Saxena (admitted *pro hac vice*)
msaxena@saxenawhite.com
Lester R. Hooker (SBN 241590)
lhooker@saxenawhite.com
Dianne M. Pitre (SBN 286199)
dpitre@saxenawhite.com
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel.: (561)394-3399
Fax: (561)394-3382

*Counsel for Lead Plaintiffs Employees' Retirement System of the City of Baltimore, City of Philadelphia Board of Pensions and Retirement, and Plymouth County Retirement Association, and Lead Counsel for the Proposed Class*

**LP'S OPP. TO DEFS.' MOT. TO STRIKE PORTIONS OF KAPLAN DEC. ISO MOT. FOR SPOLIATION SANCTIONS**
3:21-cv-02623-EMC

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on August 11, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel or parties of record.

*/s/ David R. Kaplan*
David R. Kaplan

**LP'S OPP. TO DEFS.' MOT. TO STRIKE PORTIONS OF KAPLAN DEC. ISO MOT. FOR SPOLIATION SANCTIONS**
3:21-cv-02623-EMC