**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Tel.: (858) 997-0860
Fax: (858) 369-0096

*Counsel for Lead Plaintiffs Employees' Retirement
System of the City of Baltimore, City of
Philadelphia Board of Pensions and Retirement,
and Plymouth County Retirement Association, and
Lead Counsel for the Proposed Class*

*[Additional Counsel listed on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE FIBROGEN, INC., SECURITIES LITIGATION | Case No. 3:21-cv-02623-EMC<br><br>**<u>CLASS ACTION</u>**<br><br>[PROPOSED] ORDER DENYING FIBROGEN'S MOTION TO STRIKE PORTIONS OF DECLARATION OF DAVID R. KAPLAN IN SUPPORT OF PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS<br><br>Date: August 31, 2023<br>Time: 1:30 p.m.<br>Dept.: 5 – 17th Floor<br>Judge: Hon. Edward M. Chen |

Defendant FibroGen, Inc. ("FibroGen") has filed a motion (the "Motion" or "Mot."; ECF No. 198) pursuant to Northern District of California Civil Local Rules 7-2 and 7-5(b) to strike portions of the Declaration of David R. Kaplan in Support of Plaintiffs' Motion for Spoliation Sanctions (the "Kaplan Decl."; ECF No. 185).[1]  Having considered the Parties' submissions and applicable law, and all pleadings and papers on file in this matter, the Court hereby **DENIES** Defendant's Motion in its entirety.

## I.    LEGAL STANDARD

In this District, "[m]otions to strike are generally regarded with disfavor because [] they are often used as a delaying tactic," and thus "such motions should be denied" in most instances. *Hatamian v. Advanced Micro Devices, Inc.*, 2015 WL 511175, at *1 (N.D. Cal. Feb. 6, 2015); *see also Vartanian v. Nationwide Legal, Inc.*, 2012 WL 2054995, at *2 (N.D. Cal. June 5, 2012) ("Courts generally disfavor motions to strike because striking is such a drastic remedy").

Because Plaintiffs have moved for sanctions under Federal Rule of Civil Procedure 37, their motion must comply with Civil Local Rule 37-4 ("LR 37-4"), which requires, in pertinent part, that such motion be accompanied by "competent declarations" that: (1) "[s]et forth the facts and circumstances that support the motion" and (2) "[d]escribe in detail the efforts made by the moving party to secure compliance without intervention by the Court.[2]  *See also Glass Egg Dig. Media v. Gameloft, Inc.*, 2019 WL 5720731, at *4 (N.D. Cal. Nov. 5, 2019) (same).  LR 37-4 also requires that motions for sanctions comply with Civil Local Rules 7-8 and 7-2.  Civil Local Rule 7-5 ("LR 7-5"), which must be read in conjunction with LR 37-4 and is incorporated into Civil Local Rule 7-2 by reference, sets forth general requirements for declarations and grants the Court discretion to strike any portion of a declaration found to be in violation of these requirements.

Having reviewed the Kaplan Declaration and the documents, deposition testimony and correspondence referenced therein that were attached in their entirety to Plaintiffs' Sanctions

---

[1] References to the Sanctions Motion are to Lead Plaintiffs' motion to sanction Yu and FibroGen ECF No. 185.  Unless otherwise noted, capitalized terms mean the same as defined in the Sanctions Motion. "Opp." refers to Plaintiffs' opposition to the Motion.  ECF No. __.

[2] LR 37-4(b)(3) requires movants seeking "attorney fees or other costs and expenses" to provide a third declaration.  As Plaintiffs do not seek such relief, this provision is inapplicable.

Motion—and having considered the Parties' arguments on the issue—the Court finds that the Kaplan Declaration complies with the requirements of LR 37-4, and that, accordingly, no part of it should be stricken.

## II.    THE KAPLAN DECLARATION IS APPROPRIATE AND SHOULD NOT BE STRICKEN BECAUSE IT COMPLIES WITH LR 37-4

The Kaplan Declaration consists principally of two sections: (1) a "Factual Background" (¶¶2-104), which sets forth the facts and circumstances supporting the Sanctions Motion, and (2) a "Summary of Efforts Made to Secure Compliance" (¶¶105-117), which describes in detail the efforts Plaintiffs made to investigate and resolve the spoliation issue without intervention by the Court.  This Court finds that, in compliance with the express provisions of LR 37-4, the Kaplan Declaration appropriately summarizes the relevant facts and circumstances from the voluminous record that "support" Plaintiffs' Sanctions Motion, and "describes in detail" Plaintiffs' efforts to investigate the spoliation issue before seeking Court intervention.

Motions for sanctions—and particularly those that seek relief in the form of terminating sanctions or an adverse inference—are serious matters, and the evidentiary record here consists of over one hundred exhibits spanning approximately one thousand pages, including documents produced in discovery, deposition transcripts, and approximately nine months of the parties' prolonged correspondence regarding the alleged spoliation.  Thus, it is essential for movants to comply with LR 37-4 in order to amply demonstrate that they have appropriately investigated and marshalled the relevant evidence supporting sanctions, and that they have done all that they can to work in good faith with the opposing party to attempt to resolve the issue.  The Kaplan Declaration does exactly this by providing a summary of the voluminous record evidence that supports Plaintiffs' spoliation claim, and by showing that Plaintiffs fully exhausted all possible avenues of investigating and resolving their spoliation claim before seeking Court intervention.  Indeed, Plaintiffs' efforts in this regard were extensive, including seeking and reviewing many hundreds of documents relating to the alleged spoliation, engaging in prolonged email and letter correspondence with Defendants regarding various aspects of the erasure and destruction of the hard drive on Yu's laptop, conducting spoliation depositions of both Yu and FibroGen,

subpoenaing documents from the vendor that Yu took the laptop's hard drive to in order to have it destroyed, and consulting with IT professionals to determine what had occurred with respect to Yu's laptop.

While FibroGen claims that under LR 7-5 declarations can only serve to authenticate documents (Mot. at 2), such a reading of that rule is overly narrow as it completely ignores, and in fact is squarely at odds with, LR 37-4.  If that were the case, movants would be unable to fully "set forth the facts and circumstances that support" a sanctions motion, or "describe in detail" their efforts to investigate and resolve the issue prior to seeking court intervention, as LR 37-4 expressly requires.  Furthermore, FibroGen's Motion never once addresses—or even mentions—LR 37-4, which, given the relief that Plaintiffs' Sanctions Motion requests, must be read in conjunction with LR 7-5, nor does it cite to a single case interpreting LR 37-4 or involving a motion for sanctions.

Thus, contrary to what FibroGen argues, the Kaplan Declaration does not run afoul of the Civil Local Rules of this Court, but rather was filed for the specific purpose of complying with LR 37-4 governing "Motions for Sanctions."  Particularly given that FibroGen's motion to strike completely fails to address LR 37-4, this alone provides more than sufficient basis for the Court to deny the motion.

### III.    THE KAPLAN DECLARATION DOES NOT VIOLATE LR 7-5, WHICH MUST BE READ IN CONJUNCTION WITH LR 37-4

While completely ignoring the express requirements of LR 37-4, FibroGen argues that the Kaplan Declaration violates LR 7-5 because Mr. Kaplan does not have "personal knowledge" of the underlying facts described in documents Defendants produced in discovery, his summations of the extensive record here purportedly mischaracterize a number of documents, and he uses argumentative language in various places.  Mot. at 3, 5, 11-12.  While the Court need not address these arguments in order to dismiss the Motion, such contentions—which, again, completely ignore the express requirements of LR 37-4—nonetheless provide no support to FibroGen and do not weigh in favor of striking large portions of the Kaplan Declaration.

*First*, the Kaplan Declaration only cites to facts either within Mr. Kaplan's personal knowledge or contained within documents or deposition testimony produced by Defendants that

Mr. Kaplan personally reviewed in the process of preparing his declaration. Opp. at 6-7. Moreover, Mr. Kaplan personally took Yu's deposition, and personally participated in numerous of the parties' correspondence and meet and confers that FibroGen takes issue with. Prohibiting Mr. Kaplan from citing to and discussing these matters is not only completely incompatible with the express requirements of LR 37-4, it also does not constitute any violation of LR 7-5. Indeed, even under LR 7-5, "[p]ersonal knowledge … is not strictly limited to activities in which the declarant has personally participated," and "an affiant may testify to acts that she did not personally observe but which have been described in business records." *Aniel v. GMAC Mortg., LLC*, 2012 WL 5373388, at *6 (N.D. Cal. Oct. 30, 2012); *see also Allbaugh v. California Field Ironworkers Pension Tr.*, 2014 WL 2112934, at *7 (D. Nev. May 20, 2014) (declining to strike attorney declaration where attorney "d[id] h[ave] personal knowledge of the content of the documents produced by Defendants, and her representation that notices have not been produced in discovery is more efficient than filing and asking the Court to cull through 7,700 pages of discovery documents to demonstrate that same point").

*Second*, considering the voluminous evidentiary record at issue here with regard to Plaintiffs' spoliation claim—indeed, as set forth above, Plaintiffs attached to their Sanctions Motion over one hundred exhibits spanning approximately one thousand pages, including extensive correspondence among the parties over a prolonged period of approximately nine months—Mr. Kaplan was required to summarize this vast corpus of materials in a cogent manner that pointed the Court to the relevant "facts and circumstances" that "support" Plaintiffs' Sanctions Motion in order to comply with LR 37-4, which obviously would entail some selectivity and judgment. Opp. at 8-9. Particularly given that the Sanctions Motion attaches all of the documents and testimony referenced by the Kaplan Declaration in their entirety for the Court's review, FibroGen's quibbles with Mr. Kaplan's word choices or descriptions of the record evidence are without basis and appear to amount to Defendants' disagreements with the underlying factual record. The fact that Defendants would describe this record evidence using different words or phrases that are more favorable to their defenses in this case, or would choose to highlight different

aspects of it due to Defendants' contrary view of the case, does not provide any valid basis to employ the "drastic" remedy of striking large portions of Mr. Kaplan's declaration.

*Third*, contrary to FibroGen's assertions, the Kaplan Declaration cites no caselaw and makes no legal arguments, but rather sets forth what is required by LR 37-4. Although FibroGen claims that Mr. Kaplan makes legal arguments because he chooses to highlight certain facts in documents as opposed to others, or uses descriptive words or phrases FibroGen finds objectionable (Mot. at 12-13), the Court finds these contentions meritless. LR 37-4 again expressly requires Plaintiffs to file a declaration that "describes in detail" the portions of the evidentiary record that "support" their motion. Pointing the Court to certain facts from the voluminous record evidence and explaining why they support Plaintiffs' Sanctions Motion is therefore necessary to comply with LR 37-4, the requirements of which again FibroGen's Motion completely ignores.

## IV.    CONCLUSION

For all of the foregoing reasons, Defendant's Motion is hereby **DENIED** in its entirety.

**IT IS SO ORDERED.**

Dated: _____, 2023

_____
HON. EDWARD M. CHEN
UNITED STATES DISTRICT JUDGE