COOLEY LLP
PATRICK E. GIBBS (183174)
(pgibbs@cooley.com)
TIJANA M. BRIEN (286590)
(tbrien@cooley.com)
BRETT H. DE JARNETTE (292919)
(bdejarnette@cooley.com)
ZANETA J. KIM (317844)
(zkim@cooley.com)
AMIE L. SIMMONS (336356)
(asimmons@cooley.com)
3175 Hanover Street
Palo Alto, California  94304-1130
Telephone:     +1 650 843 5000
Facsimile:     +1 650 849 7400

CAITLIN MUNLEY (*Pro Hac Vice*)
(cmunley@cooley.com)
ALEXANDRA EBER (*Pro Hac Vice*)
(aeber@cooley.com)
1299 Pennsylvania Ave., N.W., Suite 700
Washington, DC 20004-2400
Telephone:     +1 202 842 7800
Facsimile:     +1 202 842 7899

Attorneys for Defendant
FibroGen, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FIBROGEN, INC., SECURITIES LITIGATION | Case No. 3:21-cv-02623-EMC <br><br> **CLASS ACTION** <br><br> **DEFENDANT FIBROGEN, INC.'S RESPONSE TO LEAD PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [DKT. 204]** |

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant FibroGen, Inc. ("FibroGen" or "the Company") files this response ("Response") to Plaintiffs' Administrative Motion to Consider whether Another Party's Material Should Be Sealed, filed on August 11, 2023 (Dkt. 204).

Plaintiffs' Administrative Motion seeks to seal various documents and portions of documents submitted in connection with Plaintiffs' Reply in Further Support of Motion for Spoliation Sanctions (the "Spoliation Reply") and their Opposition to FibroGen's Motion to Strike Portions of the Declaration of David R. Kaplan in Support of Plaintiffs' Motion for Spoliation Sanctions (the "Strike Opposition") that contain information that was designated as "Confidential" by non-parties AstraZeneca Pharmaceuticals LP and AstraZeneca PLC ("AstraZeneca") and/or that FibroGen designated "Confidential" pursuant to the terms of the parties' Stipulated Protective Order that was entered by the Court on October 21, 2022 (Dkt. 144). As set forth below, FibroGen confirms the confidentiality of certain documents included in Plaintiffs' Administrative Motion.

## I.    LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978); *see also Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003) ("In this circuit, we start with a strong presumption in favor of access to court records.) The right, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz*, 331 F.3d at 1135. "A narrow range of documents is not subject to the right of public access at all because the records have traditionally been kept secret for important policy reasons." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted).

The Ninth Circuit applies two tests to determine whether a party is entitled to file certain documents under seal. The "good cause" test applies to "sealed materials attached to a discovery motion unrelated to the merits of [the] case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). The "compelling reasons" standard applies to cases involving "dispositive motions" as well as any other motions that are "more than tangentially related to the underlying cause of action." *Id.* at 1098-99. Courts within this circuit apply the "compelling

interest" standard to motions to seal documents attached to motions for sanctions relating to spoliation, where "the relief requested…would require the District Court to adopt presumptions as to the merits" of the claims at trial. *Al Otro Lado, Inc. v. Mayorkas*, 2021 WL 666861, at *1 (S.D. Cal. Feb. 19, 2021).

## II.    DOCUMENTS CONTAINING FIBROGEN'S CONFIDENTIAL INFORMATION

Though the courts recognize a general right to inspect and copy public records and documents such as judicial records, the Supreme Court has stated that there are limits to this right. "It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon*, 435 U.S. at 598 (noting that "the decision as to access [to records] is one best left to the sound discretion of the trial court"). Courts should not serve as "sources of business information that might harm a litigant's competitive standing." *Id.* Accordingly, the need to protect proprietary and confidential business information is sufficient to seal documents where disclosure would result in competitive harm to a party, even under the "compelling reasons" standard. *See In re Elec. Arts Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008); *see also, e.g., Stout v. Hartford Life & Accident Ins. Co.*, 2012 WL 6025770, at *2 (N.D. Cal. Dec. 4. 2012) (sealing confidential and proprietary contract).

FibroGen produced confidential, non-public documents pursuant to the Stipulated Protective Order in this case (ECF No. 144) with the understanding that the information would remain confidential. FibroGen seeks to seal portions of Plaintiffs' Spoliation Reply and Strike Opposition that describe and quote from Plaintiffs' Spoliation Motion and supporting exhibits. As described in the Declaration of Michael Lowenstein ("Lowenstein Decl.") submitted in support of sealing portions of Plaintiffs' Spoliation Motion, supporting exhibits and other related documents, the documents Plaintiffs' Spoliation Reply and Strike Opposition describe, reference, and/or quote from contain highly sensitive, confidential non-public information related to FibroGen's business strategies and deliberations regarding Roxadustat, a drug it sought to commercialize for the treatment of anemia of chronic kidney disease (CKD). (*See* Lowenstein Decl., ECF No. 189-1 at 2; *see also* ECF No. 196-1.)  Portions of Plaintiffs' Spoliation Reply and Strike Opposition are

proper for sealing because they describe and quote from documents containing and/or describing confidential internal communications and documents regarding the Company's Roxadustat safety analyses, FibroGen's policies regarding human resources and device and network access, and executive compensation and employment issues. (*Id.* at ¶¶ 2-7.) The disclosure of such information might harm FibroGen's business interests. (*Id.*) Plaintiffs' Spoliation Reply also attaches and references documents produced and designated Confidential by non-party AstraZeneca (Exhibits 102-106), which contain and/or reflect FibroGen's confidential information. FibroGen is in contact with AstraZeneca regarding filing a response in support of this confidential designation.

Indeed, this Court recently recognized that "compelling reasons" exist to seal similar information in documents attached to Plaintiffs' Motion for Class Certification (ECF No. 161), contained in the Court's order (ECF No. 169), and referenced in an amended complaint in a related derivative action. *See Millan v. Schoeneck et al.*, No. 3:21-cv-05871-EMC, ECF No. 35 (N.D. Cal. Dec. 30, 2022). *See also Lucas v. Breg*, 2016 WL 5464549, at *2 (S.D. Cal. Sept. 28, 2016) (sealing a company's 510(k) premarket notifications to FDA because they contain "confidential business material that might harm Breg's competitive standing"); *In re iPhone App. Litig.*, 2013 WL 12335013, at *2 (N.D. Cal. Nov. 25, 2013) (granting motion to seal where defendant's confidentiality interest in technology and business interests outweighed that of the public in accessing such documents); *United States ex rel. Ruhe v. Masimo Corp.*, 2013 WL 12131173, at *2 (C.D. Cal. Aug. 26, 2013) (sealing exhibits and declarations that included non-public information submitted to FDA in the course of obtaining regulatory approval and relating to FDA audit, finding they contained "trade secret and business information a competitor could use to harm Masimo's competitive standing").

FibroGen has attempted to narrow its sealing request as much as possible, and seeks only to seal sensitive information that, if publicly disclosed, would cause harm to FibroGen. For the reasons set forth herein, FibroGen respectfully requests that the following information be sealed from the public record:

| DOCUMENT | PORTION TO BE SEALED | PARTY DESIGNATING | REASON |
|---|---|---|---|
| Lead Plaintiffs' Spoliation Reply | Redacted portions, *except* for those at p. | Defendant FibroGen | The document describes and quotes |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

| DOCUMENT | PORTION TO BE SEALED | PARTY DESIGNATING | REASON |
|---|---|---|---|
| | 2:1-2, 2:12-15, 5:5, 5:9, 6:4-6, 9:4-5, 10:3-4, 10:20-21, 10:24, 11 n.10, 12 n.11, 14:19-15:1, 15:5-12, 15:14-19, 15 n.13, 18:4-5, 19:20. | | from Plaintiffs' Spoliation Motion and supporting exhibits, which contain confidential internal communications regarding the Company's Roxadustat safety analyses, discussions with the FDA regarding the Roxadustat safety analyses, FibroGen's policies regarding human resources and device and network access, and executive compensation and employment issues. As noted above, Plaintiffs' Spoliation Reply also references documents produced and designated Confidential by AstraZeneca that contain FibroGen's confidential information, including which reflect confidential communications regarding the Roxadustat safety analyses. |
| Lead Plaintiffs' Strike Opposition | Redacted Portions | Defendant FibroGen | This document describes and quotes from the Kaplan declaration and exhibits to Plaintiffs' Spoliation Motion, which contain confidential internal communications and |

COOLEY LLP
ATTORNEYS AT LAW
PALO ALTO

DEF'S RESP. TO PLF.'S MTN TO SEAL
3:21-CV-02623-EMC

| DOCUMENT | PORTION TO BE SEALED | PARTY DESIGNATING | REASON |
|---|---|---|---|
| | | | documents filed with the Plaintiffs' Spoliation Motion regarding the Company's Roxadustat safety analyses, discussions with the FDA regarding the Roxadustat safety analyses, FibroGen's policies regarding human resources and device and network access, and executive compensation and employment issues. |
| Exs. 102-106 to the Declaration of Lester R. Hooker in Support of Plaintiffs' Spoliation Motion | Entire Documents | Non-Party AstraZeneca | Exhibits 102-106 are documents produced and designated Confidential by non-party AstraZeneca, which contain and/or reflect FibroGen's confidential information. FibroGen is in contact with AstraZeneca regarding filing a response in support of this confidential designation. |

## III.   CONCLUSION

For the reasons set forth herein and in the Lowenstein Declaration (*see* ECF No. 189-1), FibroGen respectfully requests that the Court grant Plaintiffs' Administrative Motion to Seal portions of Plaintiffs' Spoliation Reply and Strike Opposition.

Dated: August 18, 2023

By: */s/ Patrick E. Gibbs*
Patrick E. Gibbs

Attorneys for Defendant
FibroGen, Inc.