**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Tel.: (858) 997-0860
Fax: (858) 369-0096

*Counsel for Lead Plaintiffs Employees' Retirement System of the City of Baltimore, City of Philadelphia Board of Pensions and Retirement, and Plymouth County Retirement Association, and Lead Counsel for the Proposed Class*

*[Additional Counsel listed on Signature Page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FIBROGEN, INC., SECURITIES LITIGATION | Case No. 3:21-cv-02623-EMC <br><br> **<u>CLASS ACTION</u>** <br><br> LEAD PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF OPPOSITION TO MOTION FOR CLASS CERTIFICATION <br><br> Judge: Hon. Edward M. Chen |

# TABLE OF CONTENTS

I.    INTRODUCTION .................................................................................................................1

II.   PROCEDURAL HISTORY ..................................................................................................1

III.  ARGUMENT ........................................................................................................................2

     A.   Defendants' Request For A Sur-Reply Is Untimely And Prejudicial ...........................2

     B.   Plaintiffs' Reply Brief Does Not Raise "New" Arguments Or Evidence ....................3

     C.   Defendants' Proposed Sur-Reply Arguments Are Meritless .......................................4

IV.   CONCLUSION .....................................................................................................................5

Lead Plaintiffs respectfully submit this opposition to Defendants' motion for leave to file a sur-reply in support of their opposition to Plaintiffs' motion for class certification.

## I.    INTRODUCTION

Eight weeks after Plaintiffs filed their reply brief in support of their Motion for Class Certification ("Reply"), and just two weeks before the scheduled hearing on that motion, Defendants seek to burden Plaintiffs and the Court with a proposed sur-reply to respond to supposedly "new" arguments in Plaintiffs' reply brief. Defendants "provided no explanation for [their] delay in bringing this perfunctory motion at the eleventh hour," nor could they. *Chase v. Kia Motors Am. Inc.*, 2023 WL 2212873, at *4 (N.D. Cal. Feb. 24, 2023) (denying sur-reply where the movant waited two weeks to request leave). Indeed, the fact that Defendants waited so long to file their sur-reply demonstrates that there is no pressing need to respond to Plaintiffs' purportedly "new" arguments, and that Defendants' proposed sur-reply is merely "a strategic effort" to "have the last word[.]" *Briggs v. Montgomery*, 2019 WL 13039282, at *2 (D. Ariz. Mar. 19, 2019).

In truth, Defendants have not identified any new arguments or evidence that warrant a sur-reply. Rather, Plaintiffs' arguments are responses to Defendants' price impact arguments raised for the first time in Defendants' Opposition, and Plaintiffs' supposed "new" exhibits are documents that were either cited, referenced, or relied upon in Defendants' Opposition or the Zurek Report, or are publicly available. *Applied Materials, Inc. v. Demaray LLC*, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) (denying leave to file sur-reply where "arguments raised in [reply] do not present new information, but respond to arguments raise in [] [o]pposition"). Defendants' dilatory request for a sur-reply should thus be denied.

## II.    PROCEDURAL HISTORY

On January 27, 2023, Plaintiffs filed their Class Certification Motion. ECF No. 147. The parties stipulated to revised briefing schedules twice—first on February 22, 2023 (ECF No. 155) (entered on February 24, 2023 (ECF No. 156)), and then again on April 21, 2023 (entered on April 26, 2023 (ECF No. 174)). Neither of these revised schedules contemplated a sur-reply. On May 12, 2023, Defendants filed their Opposition (ECF No. 180), and on June 23, 2023, Plaintiffs replied (ECF No. 192). On July 3, 2023, the Court rescheduled the hearing for August 31, 2023. ECF

No. 195.  On June 25, 2023, after Plaintiffs filed their reply, FibroGen's counsel emailed Plaintiffs to seek their consent to file a sur-reply, which Plaintiffs declined.  FibroGen's counsel stated during a June 28, 2023 call with Plaintiffs' counsel that they planned to file a sur-reply as soon as possible. The parties had no further discussions concerning Defendants' proposed sur-reply.

## III.    ARGUMENT

### A.    Defendants' Request For A Sur-Reply Is Untimely And Prejudicial

As courts in this District and Circuit have made clear, "surreplies are generally disfavored." *Chase*, 2023 WL 2212873, at *4.  In fact, courts "only allow for sur-replies in the most extraordinary of circumstances" because they are "usually a strategic effort [] to have the last word on a matter." *Briggs*, 2019 WL 13039282, at *2.

Here, what is extraordinary is that Defendants waited *eight weeks* from the time Plaintiffs filed their reply brief on June 23, 2023 to seek leave for a sur-reply.[1]  Defendants' delay is not only inordinate, but unexplained, and their motion should be denied for this reason alone.  Indeed, courts in this District have routinely held that delays far less than eight weeks warrant the denial of a request to file a sur-reply.  *See, e.g., Karuk Tribe of California v. United States Forest Serv.*, 2005 WL 8177406, at *2 (N.D. Cal. June 13, 2005) ("the Court cannot fathom why [the movant] would wait two weeks after receiving Plaintiff's brief to seek leave to file a [sur reply]."); *Chase*, 2023 WL 2212873, at *4 (same after defendant waited "nearly two weeks," noting "[defendant] provided no explanation for its delay in bringing this perfunctory motion at the eleventh hour."); *Portafolios v. OpenGate Cap., LLC*, 2021 WL 4891829, at *1 (C.D. Cal. Apr. 21, 2021) (same after party "waited a month," and noting that "even assuming" new arguments were raised in the reply, that "would have been immediately apparent" when the reply was filed); *Fetrow-Fix v. Harrah's Ent., Inc.*, 2011 WL 6938594, at *9 (D. Nev. Dec. 30, 2011) (denying sur-reply opposing class certification motion where "Defendants waited for more than 30 days").

Moreover, at no time during the numerous scheduling discussions the parties held prior to Plaintiffs filing their Reply did Defendants ever propose filing a sur-reply—despite the fact that

---

[1] By comparison, Civil Local Rule 7-3 gives Defendants only *seven days* to object to reply evidence without leave of court.

the parties agreed to modify the briefing schedule *twice*. Instead, Defendants raised the issue for the first time only after Plaintiffs filed their reply, but then waited *another seven weeks* after the parties met and conferred to seek leave to file a sur reply. This is far too late.

Finally, with the Class Certification hearing less than two weeks away (and scheduled for the same day as the hearings on Plaintiffs' sanctions motion and Defendants' motion to strike), Plaintiffs would be unduly prejudiced in having to now prepare to address the additional arguments and caselaw that *Defendants* newly raise in their proposed sur-reply. *See, e.g., Karuk Tribe*, 2005 WL 8177406, at *2 (decision to move for leave to file sur-reply "only two weeks prior to the scheduled hearing date len[t] credence" to concerns of prejudice and delays).

**B.  Plaintiffs' Reply Brief Does Not Raise "New" Arguments Or Evidence**

Even if Defendants' motion for a sur-reply were timely, it would be unwarranted. Contrary to Defendants' claims, the Reply does not raise "new" arguments, but merely responds to new issues raised by *Defendants' Opposition*—namely, Defendants' price impact arguments relating to the July 15, 2021 corrective disclosure. Unsurprisingly, Plaintiffs responded to those arguments in their reply brief, which they could not have preemptively addressed in their opening brief. *See, e.g., In re Anadarko Petroleum Corp. Sec. Litig.*, 2022 WL 950892, at *1 (S.D. Tex. Mar. 25, 2022) (sur-reply to motion for class certification in PSLRA case denied because the "reply squarely responded to arguments in [d]efendants' response" that non-fraud related information caused stock price drop, and thus did not "introduce new arguments or evidence").

Nor does the Reply present a new "theory." Rather, it responds to Defendants' mischaracterizations of Plaintiffs' theory of the case. *See Applied Materials*, 2020 WL 8515132, at *1 (finding that arguments and evidence in reply "do no present new information, but respond to arguments raised in [Defendants'] Opposition."). Indeed, Plaintiffs' Reply directly responded to Defendants' incorrect argument in the Opposition that "the prespecified sensitivity analyses" were "the only information Plaintiffs claim was concealed from the market after April 6, 2021," (Opp. at 18), by explaining that FibroGen had ignored many of the Complaint's allegations. *See, e.g.*, Reply at 5 ("nowhere in the Complaint do Plaintiffs silo their allegations concerning the July 15, 2021 disclosure to the mere release of the sensitivity analyses. Rather, the Complaint clearly

alleges that the crux of the alleged fraud is that Roxadustat's undisclosed safety profile was far worse than publicly represented…"); *id.* at 5-7 (pointing to allegations ignored by Defendants). Accordingly, Defendants' request for a sur-reply is not a response to "new" arguments, but rather an improper attempt "to have the last word on [the] matter." *Briggs*, 2019 WL 13039282, at *2.

Finally, the evidence attached to Plaintiffs' reply brief is similarly not "new." Indeed, of the 23 exhibits filed with Plaintiffs' reply brief, ***all*** of them are documents that were within Defendants' possession or otherwise publicly available at the time that Defendants filed their Opposition: ***four*** are highlighted copies of exhibits to Defendants' Opposition (ECF No. 192-1, Exs. 13-16); ***nine*** are analyst reports expressly relied upon by Defendants' expert (*id.*, Exs. 17, 20-27); ***three*** are excerpts from the Lead Plaintiff depositions, which Defendants' Opposition cited (*id.*, Exs. 32-34); ***two*** are documents implicated by Defendants' Opposition—the July 13, 2021 FibroGen briefing document and July 15, 2021 AdCom transcript (*id.*, Exs. 18, 19); one is an excerpt from Defendants' expert's deposition (*id.*, Ex. 12); one is already in the record as an exhibit to Plaintiffs' spoliation sanctions motion (*id.*, Ex. 29); one is a document filed with Plaintiffs' opening brief, but with a different cover email *(id.*, Ex. 31); one is an email produced by Defendants (*id.*, Ex. 30); and the last is an article easily accessible on the internet (*id.,* Ex. 28). Moreover, Plaintiffs cited these documents in response to arguments that ***Defendants*** make in Defendants' opposition—which is not only appropriate in litigation, but the very purpose of a reply brief. *See Applied Materials*, 2020 WL 8515132, at *1 ("evidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief").[2]

## C.    Defendants' Proposed Sur-Reply Arguments Are Meritless

Even if the Court were to consider Defendants' untimely sur-reply arguments, these arguments are meritless. While Defendants contend that "Plaintiffs do not identify [any] 'revelations'" at the July 15, 2021 AdCom besides the committee's vote (Sur-Reply at 2), the

---

[2] Defendants' cases are inapposite. In *Banga v. Experian Info. Sols., Inc.*, 2013 WL 5539690, at *3 (N.D. Cal. Sept. 20, 2013), the non-moving party did not oppose a sur-reply. And in *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996), *Tanious v. Gattoni*, 533 F. Supp. 4d 770, 774 (N.D. Cal. 2021), and *Hill v. Goodfellow Top Grade*, 2020 WL 665610, at *4, n.2 (N.D. Cal. Feb 11, 2020) (none of which concerned a motion for class certification), entirely new arguments were raised on reply—which, as set forth above, is not the case here.

Reply identifies (and the Complaint alleges) a bevy of important new revelations, including the "alarmingly negative" relationship between dosage and death that rendered Defendants' last-ditch dose mitigation strategy unworkable, and the FDA's confirmation that the acceptable upper bound hazard ratio was 1.25. *See, e.g.*, Reply at 3, 7-8.

While Defendants assert that the FDA Briefing Document had disclosed that higher doses of Roxadustat were correlated with a higher risk of death (Sur-Reply at 3), the cited passage refers to something entirely different—a higher risk of death from Roxadustat <u>as compared to *placebo*</u>. *Id.* The AdCom focused on the higher risk of death associated with *higher doses* of Roxadustat as a reason for rejecting FibroGen's proposed dose mitigation strategy; analysts specifically highlighted this "alarmingly negative" new revelation at the AdCom; and the Court expressly relied upon these revelations in sustaining Defendants' misstatements. *In re Fibrogen, Inc.*, 2022 WL 2793032, at *11 (N.D. Cal. July 15, 2022). Similarly, while Defendants claim that the Court "rejected the theory that Defendants misled investors about what the FDA would use as a non-inferiority margin" (Sur-Reply at 3), the Court in fact stated that this issue was "still relevant" and that "there was sufficient reason for FibroGen to lie about the 1.25 figure," such that these statements "survived." *FibroGen*, 2022 WL 2793032, at *18. Indeed, the AdCom revealed that the FDA had specifically rejected 1.3 and wanted 1.25 to be the applicable margin. Reply at 8.[3]

## IV.    CONCLUSION

For the above reasons, Defendants' motion for leave to file a sur-reply should be denied.

---

[3] Even if correct, Defendants' proposed sur-reply arguments would not demonstrate a *complete* lack of price impact—yet another reason warranting denial of their request for a sur-reply. *SEB Inv. Mgmt. AB v. Symantec Corp.*, 335 F.R.D. 276, 287 (N.D. Cal. 2020) (denying sur-reply on price impact, as "Defendants will have an opportunity to rehash their arguments in the proper frame—loss causation—on summary judgment or at trial."); *see also Bos. Ret. Sys. v. Uber Techs., Inc.*, 2022 WL 2954937, at *2, n.2 (N.D. Cal. July 26, 2022) (denying sur-reply where "the issues addressed in the sur-reply are not necessary to decide the motion for class certification"). While Defendants assert that "Courts in this Circuit have limited or modified class definitions and class periods at the class certification stage," their cases are entirely inapposite. Sur-Reply at 6-7. In *Luna v. Marvell Tech. Grp. Ltd*, 2017 WL 4865559, at *7 (N.D. Cal. Oct. 27, 2017), the Court only modified the class definition to exclude purchasers who would have no damages. In *Hayes v. MagnaChip Semiconductor Corp.*, 2016 WL 7406418, at *8-9 (N.D. Cal. Dec. 22, 2016), the defendants had expressly told the market not to rely on their prior false financial statements because they required restatement, whereas here Defendants still claim to this day that they made no false and misleading statements. And *Monroe Cty. Emps. Ret. Sys. v. YPF S.A.*, 15 F. Supp. 3d 336, 357-58 (S.D.N.Y. 2014) was a decision on a motion to dismiss—***not*** class certification.

Dated:  August 21, 2023

Respectfully submitted,

*/s/ David R. Kaplan*

**SAXENA WHITE P.A.**

David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
Emily Bishop (SBN 319383)
ebishop@saxenawhite.com
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Telephone: (858) 997-0860
Facsimile: (858) 369-0096

Steven B. Singer
ssinger@saxenawhite.com
Kyla Grant (admitted *pro hac vice*)
kgrant@saxenawhite.com
Joshua H. Saltzman (admitted *pro hac vice*)
jsaltzman@saxenawhite.com
10 Bank Street, 8th Floor
White Plains, New York 10606
Tel: (914) 437-8551

Maya Saxena (admitted *pro hac vice*)
msaxena@saxenawhite.com
Lester R. Hooker (SBN 241590)
lhooker@saxenawhite.com
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel.: 561.394.3399
Fax: 561.394.3382

*Counsel for Lead Plaintiffs Employees' Retirement System of the City of Baltimore, City of Philadelphia Board of Pensions and Retirement, and Plymouth County Retirement Association, and Lead Counsel for the Proposed Class*

LP'S OPP. TO DEFS.' MOT. FOR LEAVE TO FILE
SUR-REPLY ISO OPP. TO CLASS CERT. MOT., 3:21-CV-02623-EMC                    6

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on August 21, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel or parties of record.

/s/ David R. Kaplan
David R. Kaplan