**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Tel.: (858) 997-0860
Fax: (858) 369-0096

*Counsel for Lead Plaintiffs Employees' Retirement*
*System of the City of Baltimore, City of*
*Philadelphia Board of Pensions and Retirement,*
*and Plymouth County Retirement Association, and*
*Lead Counsel for the Proposed Class*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FIBROGEN, INC., SECURITIES LITIGATION | Case No. 3:21-cv-02623-EMC |
| | **CLASS ACTION** |
| | [PROPOSED] ORDER DENYING DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUR-REPLY IN OPPOSITION TO LEAD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |
| | Judge: Hon. Edward M. Chen |

On August 17, 2023, Defendants FibroGen, Inc., Enrique Conterno, James Schoeneck, Mark Eisner, Pat Cotroneo, and K. Peony Yu (collectively, "Defendants") filed an Administrative Motion for Leave to File a Sur-Reply in Opposition to Lead Plaintiffs' Motion for Class Certification (the "Motion"; ECF No. 210).  Having considered the submissions and applicable law, and all pleadings and papers on file in this matter, the Court hereby **DENIES** Defendants' Motion.

As a threshold matter, Defendants' delay in bringing this Motion is inexcusable.  Lead Plaintiffs filed their Reply in Further Support of Class Certification Motion (the "Reply"; ECF No. 192) on June 23, 2023, and Defendants provided no excuse for waiting almost two months—and only two weeks before the August 31, 2023 hearing on the Class Certification Motion—to move for leave to file a sur-reply.  Considering that "surreplies are generally disfavored," and that Defendants "provided no explanation for [their] delay in bringing this perfunctory [M]otion," the Court finds sufficient grounds to deny it.  *See, e.g., Chase v. Kia Motors America, Inc.*, 2023 WL 2212873, at *4 (N.D. Cal. Feb. 24, 2023) (denying motion for leave to file sur-reply made "nearly two weeks after Plaintiffs filed their reply").

Moreover, none of the arguments in Lead Plaintiffs' Reply are improperly raised for the first time, nor is the evidence submitted new.  Instead, Lead Plaintiffs' arguments and evidence were properly submitted "directly in response to arguments raised in [Defendants'] Opposition," and it is well-settled that "evidence submitted with a reply brief is not new evidence when it is submitted to rebut arguments raised in the opposition brief."  *See Applied Materials, Inc. v. Demaray LLC*, 2020 WL 8515132, at *1 (N.D. Cal. Dec. 16, 2020) (denying motion for leave to file sur-reply where arguments raised in reply brief did "not present new information, but [instead] respond[ed] to arguments raised in [Defendants'] Opposition").

Given that the Court finds that Lead Plaintiffs' Reply does not raise new arguments or improperly submit evidence for the first time, no sur-reply is warranted.

For the reasons set forth above, Defendants' Motion is **DENIED**.

**IT IS SO ORDERED.**


Dated: _____, 2023                _____
                                              HON. EDWARD M. CHEN
                                              UNITED STATES DISTRICT JUDGE