UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FIBROGEN SECURITIES LITIGATION | Case No. 21-cv-02623-EMC <br><br>**ORDER DENYING DEFENDANT'S MOTION TO STRIKE PORTIONS OF KAPLAN DECLARATION IN SUPPORT OF PLAINTIFFS' MOTION FOR SPOLIATION SANCTIONS** <br><br> Docket No. 198 |

Defendant FibroGen, Inc. brings a motion to strike portions of the Declaration of David R. Kaplan in Support of Plaintiffs' Motion for Spoliation Sanctions, Docket No. 185-1 ("Kaplan Decl.") pursuant to Northern District of California Civil Local Rules 7-2 and 7-5(b). For the reasons set forth below, the Court **DENIES** Defendant's Motion.

## I.   LEGAL STANDARD

Before responding to a pleading, a party may move to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to the trial." *Wang v. OCZ Tech. Grp., Inc.*, 276 F.R.D. 618, 624 (N.D. Cal. Oct. 14, 2011) (quoting *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)). Motions to strike are generally disfavored. *See Shaterian v. Wells Fargo Bank, N.A.*, 829 F. Supp. 2d 873, 879 (N.D. Cal. 2011); *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). A motion to strike should only be granted if the matter sought to be stricken clearly has no possible bearing on the subject matter of the litigation. *See Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339

(N.D. Cal. 1991); *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds, Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) ("'Immaterial matter' is that which has no essential or important relationship to the claim for relief or the defenses being pleaded."). Statements that do not pertain to, and are not necessary to resolve, the issues in question are impertinent. *Id.* If there is any doubt whether the portion to be stricken might bear on an issue in the litigation, the court should deny the motion to strike. *Platte Anchor Bolt*, 352 F. Supp. 2d at 1057. Just as with a motion to dismiss, the court should view the pleading sought to be struck in the light most favorable to the nonmoving party. *Id.*

Defendant moves pursuant to Civil Local Rules 7-2 and 7-5(b). The latter provides, in part that "[a]n affidavit or declaration may contain only facts, must conform as much as possible to the requirements of Fed. R. Civ. P. 56(e), and must avoid conclusions and argument." LR 7-5(b). Because Plaintiffs have moved for sanctions under Federal Rule of Civil Procedure 37, their motion must also comply with Civil Local Rule 37-4 ("LR 37-4"), which requires, in pertinent part, that such motion be accompanied by "competent declarations" that: (1) "[s]et forth the facts and circumstances that support the motion" and (2) "[d]escribe in detail the efforts made by the moving party to secure compliance without intervention by the Court. *See also Glass Egg Dig. Media v. Gameloft, Inc.*, 2019 WL 5720731, at *4 (N.D. Cal. Nov. 5, 2019).

## II.     DISCUSSION

Defendant mounts two challenges to the Kaplan Declaration. First, they argue that the declaration contains paragraphs that are not based on Kaplan's personal knowledge. Second, they argue that Kaplan makes improper argument in his declaration, and in doing so mischaracterizes or incorrectly summarizes the evidence the declaration is meant to authenticate. Defendant argues that this improper argument is intended to circumvent the page limits set forth in the local rules.

Defendant argues that the Kaplan Declaration violates LR 7-5 because Kaplan does not have "personal knowledge" of the underlying facts described in documents Defendants produced in discovery, such as internal communications within the company. The Kaplan Declaration cites to facts either within Kaplan's personal knowledge or contained within documents or deposition testimony produced by Defendants that Kaplan represents he has reviewed in preparing his

declaration. *See, e.g., Aniel v. GMAC Mortg., LLC*, 2012 WL 5373388, at *6 (N.D. Cal. Oct. 30, 2012) ("[p]ersonal knowledge . . . is not strictly limited to activities in which the declarant has personally participated," and "an affiant may testify to acts that she did not personally observe but which have been described in business records").

The Court agrees that some of Kaplan's language toes the line of argument. To the extent it does, the Court will disregard the argument and read the declaration for its factual content and authentication of the factual record. *See, e.g., Allbaugh*, 2014 WL 2112934, at *7 (finding that even if declaration included legal conclusions, "the proper remedy is not to disregard [the attorney's] declaration wholesale," as "[t]he [c]ourt has sufficient experience ignoring the legal conclusions of counsel and not treating those conclusions as established facts"); *Clare v. Clare*, 2021 WL 6206989, at *3 (E.D. Wash. Dec. 8, 2021) (declining to strike paragraphs from declaration that "appear somewhat argumentative" because "they are not so egregious to be stricken but instead are helpful" to adjudication of summary judgment motion).

### III.    CONCLUSION

Accordingly, Defendant's motion to strike is **DENIED**.

This order disposes of Docket No. 198.

**IT IS SO ORDERED**.

Dated: August 29, 2023

_____
EDWARD M. CHEN
United States District Judge