**LEVI & KORSINSKY, LLP**
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100-3425
San Francisco, California 94111
Telephone: (415) 373-1671
Facsimile: (415) 484-1294
Email: aapton@zlk.com

*Attorneys for Movant George Assad*

[Additional Counsel Appear on Signature Page]

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE FIBROGEN, INC. SECURITIES LITIGATION | Case No. 3:21-cv-02623-EMC |
| | **NOTICE OF MOTION AND MOTION OF NON-PARTY GEORGE ASSAD TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(B) AND CIVIL LOCAL RULE 79-5(G)(3); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| | Date: January 18, 2024 |
| | Time: 1:30 p.m. |
| | Courtroom: 5 – 17th Floor |
| | Judge: Hon. Edward M. Chen |

Case No. 3:21-cv-02623-EMC

NOTICE OF MOTION AND MOTION OF NON-PARTY GEORGE ASSAD TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(B) AND CIVIL LOCAL RULE 79-5(G)(3); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on January 18, 2024 at 1:30 p.m., or as soon thereafter as the matter may be heard, before the Honorable Edward M. Chen, Senior District Judge for the U.S. District Court for the Northern District of California, in Courtroom 5 – 17th Floor, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco, CA 94102, non-party George Assad ("Proposed Intervenor") will and hereby does move to permissively intervene in the above-captioned action (the "Action") for the limited purpose of moving to unseal the Court's Order Granting in Part Plaintiff's Motion for Spoliation Sanctions (Dkt. No. 223) (the "Spoliation Order") filed on September 29, 2023. This Motion is based on this Notice of Motion and Motion; the supporting Memorandum of Points and Authorities; the concurrently filed Motion to Unseal the Court's Order Granting in Part Plaintiff's Motion for Spoliation Sanctions and supporting memorandum (the "Motion to Unseal"); the pleadings, records, and papers filed in this action; and any other matters properly before the Court.

**STATEMENT OF ISSUES (CIVIL L.R. 7-4(a)(3))**

Whether Proposed Intervenor should be permitted to intervene for the limited and specified purpose of seeking to unseal the Spoliation Order.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Proposed Intervenor is the plaintiff in a factually related stockholder derivative action pending in the United States District Court for the District of Delaware captioned *Assad v. Conterno, et al.*, No. 1:21-cv-01811-RGA (D. Del.) (the "Federal Derivative Action"). Proposed Intervenor seeks access to the Spoliation Order because: (1) this Action and the Federal Derivative Action involve multiple common questions of fact and law; (2) Proposed Intervenor believes the contents of the Spoliation Order will assist him in his ongoing investigation of alleged misconduct by defendants; and (3) defendants cannot justify the continued sealing of the Spoliation Order.

The Spoliation Order was filed on September 29, 2023. The Court instructed the parties to

Case No. 3:21-cv-02623-EMC

[PROPOSED] ORDER GRANTING MOTION OF NON-PARTY GEORGE ASSAD TO
INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(B)

this Action to meet and confer and file a joint submission regarding which portions of the Spoliation Order should be publicly filed. Defendant K. Peony Yu ("Yu") requested that the entire Spoliation Order remain under seal, while defendant FibroGen, Inc. ("FibroGen" or the "Company") requested that only the portions of the Spoliation Order referencing Exhibit 46 remain under seal. *See* Dkt. No. 228. Plaintiffs in this Action requested the entirety of the Spoliation Order to be public. *Id*.

On October 25, 2023, the parties to this Action informed the Court that they had reached an agreement in principle to settle the litigation and requested that the Action be stayed until further order of the Court. *See* Dkt. No. 230. The parties also stipulated that "[a]ny and all orders that any Party requested to be sealed in this action shall remain under seal." *Id*. The Court so ordered the parties' stipulation that same day. *See* Dkt. No. 231. Thus, despite FibroGen's request just over three weeks prior to keep only limited portions of the Spoliation Order under seal, and plaintiffs' previous contention that the Spoliation Order should be unsealed in its entirety, the entirety of the Spoliation Order has been maintained under seal.

As detailed in Proposed Intervenor's concurrently filed Motion to Unseal, there is no basis for the Spoliation Order to be maintained under seal. At this point, none of the parties to this Action have proffered any legitimate reason why the Spoliation Order should remain under seal, let alone the "compelling reasons" required by the Ninth Circuit under such circumstances. *See Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

Furthermore, it is highly unlikely, if not impossible, that any showing of compelling reasons could be made. All of the factual information in the Spoliation Order is likely several years old, given that Defendant Yu retired from the Company at the end of 2020 and apparently destroyed her laptop in early 2021. The allegations underlying this Action and the Federal Derivative Action are even older and have largely been disclosed to the public following years of litigation. The information at issue here is not the type of current financial information, for example, that a party might need to protect to maintain its competitive advantage. The fact that

Case No. 3:21-cv-02623-EMC

[PROPOSED] ORDER GRANTING MOTION OF NON-PARTY GEORGE ASSAD TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(B)

information about defendant Yu's spoliation may be embarrassing is an insufficient reason for the Court to seal its records. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.").

Because this Action and the Federal Derivative Action involve much of the same alleged misconduct by many of the same defendants, Proposed Intervenor has a legitimate interest in ensuring public access to the contents of the Spoliation Order. Proposed Intervenor also satisfies all of the requirements for permissive intervention under Federal Rule of Civil Procedure 24(b).[1] Accordingly, the motion to intervene should be granted.

## II.  RELEVANT FACTUAL AND PROCEDURAL HISTORY

This Action was commenced on April 12, 2021, alleging that FibroGen and certain current and former executives violated federal securities laws by making false and misleading statements regarding the safety and efficacy of its flagship drug, Roxadustat, and the likelihood that Roxadustat would be approved by the U.S. Food and Drug Administration ("FDA"). The Federal Derivative Action was filed on December 27, 2021, alleging that certain of the Company's officers and directors had damaged the Company by, *inter alia*, making false and misleading statements about Roxadustat and its prospects for FDA approval.[2] The Federal Derivative Action is currently

---

[1] Although Rule 24(c) requires intervention motions to be accompanied by a pleading, courts in the Ninth Circuit and throughout the country often approve motions to intervene without a pleading where the purpose of the requested intervention was sufficiently clear. *See, e.g., Beckman Industries, Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 474 (9th Cir. 1992) ("Courts, including this one, have approved intervention motions without a pleading where the court was otherwise apprised of the grounds for the motion."); *see also Porter v. T.D. Bank, N.A.*, 2011 WL 925734, at *2 (E.D. Pa. Mar. 14, 2011) ("Motions to intervene have been granted by courts within the Third Circuit despite the movant's failure to adhere precisely to the requirements of Rule 24(c), where the purpose of intervening was sufficiently clear." (collecting cases)). Here, Proposed Intervenor seeks to intervene for the limited purpose of unsealing the Spoliation Order and, therefore, should be permitted to do so without an accompanying pleading.

[2] On April 14, 2022, a substantially similar derivative action was filed in the Court of Chancery for the State of Delaware, styled *In re FibroGen, Inc. Deriv. Litig.*, C.A. No. 2022-0331-SG (the "Chancery Derivative Action").

Case No. 3:21-cv-02623-EMC

[PROPOSED] ORDER GRANTING MOTION OF NON-PARTY GEORGE ASSAD TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(B)

stayed.

On July 15, 2022, the Court denied defendants' motion to dismiss this Action. *See* Dkt. No. 126. Defendants served their answers to the operative complaint in September 2022 and the parties engaged in discovery. In December 2022, a potential spoliation issue came to plaintiffs' attention. After months of additional investigation regarding the alleged spoliation, including a deposition of defendant Yu on March 10, 2023, plaintiffs in this Action filed a motion for spoliation sanctions against defendant Yu on June 8, 2023. *See* Dkt. No. 185. Following a hearing in August, the Court issued the Spoliation Order on September 29, 2023. On October 25, 2023, the parties to this Action informed the Court that they had reached an agreement in principle to settle the litigation, requested a stay of the Action, and agreed that the Spoliation Order would be maintained under seal. *See* Dkt. No. 230.

The parties to the Federal Derivative Action have been tentatively discussing a resolution of the case in recent weeks. In connection with these discussions, Proposed Intervenor asked defendants' counsel for a copy of the Spoliation Order. Defendants have refused to provide it.

**III.    ARGUMENT**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597 (1978). This right is rooted in both the First Amendment to the United States Constitution and federal common law. *See Williams & Cochrane, LLP v. Quechan Tribe of the Fort Yuma Indian Reservation*, 2017 WL 7362744, at *1 (S.D. Cal. Nov. 7, 2017) ("Under common law and the First Amendment, there is a presumptive right of public access to court records.").

In accordance with these principles, the Ninth Circuit has regularly permitted non-parties, including private litigants, to intervene in actions for the sole purpose of unsealing judicial records and/or modifying the terms of a protective order. *See, e.g.*, *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473-76 (9th Cir. 1992) (affirming district court's grant of motions by state court

Case No. 3:21-cv-02623-EMC

litigants to intervene and modify protective order to permit access to deposition transcripts); *San Jose Mercury News, Inc. v. U.S. District Court - N. Dist. (San Jose)*, 187 F.3d 1096, 1102-03 (9th Cir. 1999) (reversing district court's denial of newspaper's motion for permissive intervention where district court did not rule on whether good cause existed to prevent public disclosure of investigatory report produced in discovery).

As detailed below, Proposed Intervenor's motion to intervene in this matter to seek to unseal the Spoliation Order is supported by both Civil Local Rule 79-5(g)(3) and Federal Rule of Civil Procedure 24(b). The Court should permit intervention on both grounds.

### A. Civil Local Rule 79-5(g)(3) Provides An Independent Procedural Mechanism For Proposed Intervenor to Move to Unseal the Spoliation Order

Civil Local Rule 79-5(g)(3) states: "Parties or non-parties may, at any time, file a motion requesting that the Court unseal a document." Civ. L.R. 79-5(g)(3). This rule provides non-parties with a direct, unconditional right to move to unseal a document, irrespective of the applicability of Federal Rule of Civil Procedure 24. *See Prof'l Programs Grp. v. Dep't of Com.*, 29 F.3d 1349, 1353 (9th Cir. 1994) ("Local rules have the force of law and are binding upon the parties and upon the court, and a departure from local rules that affects substantial rights requires reversal.") (internal quotations omitted). Moreover, because intervention is sought only to unseal a one particular court order, this Court may *sua sponte* unseal the Spoliation Order irrespective of a motion to intervene. *See, e.g.*, *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (underscoring the Court's "supervisory power over its own records and files"); *Eagle Star Ins. Co. v. Arrowood Indem. Co.*, 2013 WL 5322573, at *1 (S.D.N.Y. Sept. 23, 2013) (citing *id.*, granting request to unseal without deciding motion to intervene). However, in an abundance of caution and in accordance with what Proposed Intervenor understands to be the predominant practice in this Court, Proposed Intervenor also moves for permissive intervention under Rule 24(b), which provides an alternative basis for Proposed Intervenor to request to unseal the Spoliation Order. As detailed below, Proposed Intervenor satisfies all of the necessary prerequisites for permissive

Case No. 3:21-cv-02623-EMC

intervention and discretionary factors further support the Court's grant of this relief.

### B. The Court Should Permit Intervention Under Rule 24(b)

"Nonparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under [Rule 24(b)]." *San Jose Mercury News*, 187 F.3d at 1100.[3] Generally, parties seeking permissive intervention must satisfy three requirements: "(1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Beckman*, 966 F.2d at 473.

However, only the second element applies when a non-party seeks to intervene solely for the purpose of unsealing a court record. *See Cosgrove v. Nat'l Fire & Marine Ins. Co.*, 770 F. App'x 793, 795 (9th Cir. 2019) ("A third party seeking permissive intervention purely to unseal a court record does not need to demonstrate independent jurisdiction or a common question of law or fact."); *Greer v. Cnty. of San Diego*, 2023 WL 4479234, at *3 (S.D. Cal. July 10, 2023) ("[A] party who seeks to intervene solely to unseal filed documents only needs to show timeliness; it does not need to demonstrate independent jurisdiction or a common question of law or fact."); *see also Beckman*, 966 F.2d at 473; *San Jose Mercury News*, 187 F.3d at 1100. "This generous interpretation of Rule 24(b) arises from the longstanding tradition of public access to court records—that is, because of the need for an effective mechanism for third-party claims of access to information generated through judicial proceedings." *Greer*, 2023 WL 4479234, at *3 (internal quotations omitted).

"A motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court." *San Jose Mercury News*, 187 F.3d at 1100. In exercising that discretion, the court must consider, *inter alia*, "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Furthermore,

---

[3] In this sentence, the Ninth Circuit specifically referred to former "Rule 24(b)(2)." *Id*. In 2007, Rule 24 was reorganized such that rule 24(b)(2) became Rule 24(b)(1)(B), which allows "permissive intervention" for non-parties that have "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *see United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1247 n.5 (10th Cir. 2017).

[PROPOSED] ORDER GRANTING MOTION OF NON-PARTY GEORGE ASSAD TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(B)

when exercising its discretion on a motion for permissive intervention for the purpose of unsealing a court record, the district court must weigh "the strong presumption in favor of the public's right of access to judicial records" and "whether the countervailing interests in opposing public disclosure can overcome the presumption in favor of it." *Cosgrove*, 770  F. App'x at 795 (internal quotations omitted).

Here, Proposed Intervenor's motion is timely, intervention will not unduly delay or prejudice the adjudication of the original parties' rights, and additional factors support the Court's exercise of its discretion in favor of granting Proposed Intervenor's motion for permissive intervention.

### 1.    Proposed Intervenor's Motion is Timely

"In determining whether a motion for intervention is timely, a court must consider three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *San Jose Mercury News*, 187 F.3d at 1100-01 (internal quotations omitted). Each of these factors supports the conclusion that Proposed Intervenor's motion is timely.

First, the parties to this Action have reached a settlement but have not yet moved for preliminary approval. This is an ideal time for Proposed Intervenor's motion. The Court has jurisdiction over the parties and intervention would not disrupt the proceedings or affect the terms or enforceability of the parties' stipulation and agreement of settlement. Furthermore, unsealing the Spoliation Order would provide the Company's public stockholders and members of the class with information relevant to their assessment of the fairness, adequacy, and reasonableness of the proposed settlement – especially as to defendant Yu.

Second, Proposed Intervenor's motion will not prejudice any party. Permissive intervention may be denied if it would inject new issues into a dispute or unnecessarily prolong a proceeding. *See, e.g.*, *UMG Recordings, Inc. v. Bertelsmann AG*, 222 F.R.D. 408, 414 (N.D. Cal. 2004) (denying permissive intervention because addition of new party would "necessitate the

[PROPOSED] ORDER GRANTING MOTION OF NON-PARTY GEORGE ASSAD TO INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(B)

consideration of extraneous legal and factual issues," unrelated to the original party's claim). No such concerns exist here. Proposed Intervenor does not seek to introduce any new claims or issues into this Action; he merely seeks to be heard on an issue the Court already has before it: whether or not the Spoliation Order should be sealed. The fact that there may be some additional briefing on Proposed Intervenor's motion to intervene and motion to unseal does not constitute the type of prejudice that would warrant denial of intervention. *See Su v. Siemens Indus., Inc.*, 2013 WL 3477202, at *3 (N.D. Cal. July 10, 2013) (prospect of additional motion practice, by itself, is not enough to establish prejudice).

Third, with respect to "the reason for and length of the delay," *San Jose Mercury News*, 187 F.3d at 1101, there has been no delay by Proposed Intervenor. Pursuant to Civil Local Rule 79-5(g)(3), "[p]arties or non-parties may, ***at any time***, file a motion requesting that the Court unseal a document." Civ. L.R. 79-5(g)(3) (emphasis added). In the context of a motion to unseal, "delays measured in years have been tolerated where an intervenor is pressing the public's right of access to judicial records." *San Jose Mercury News*, 187 F.3d at 1101; *see also S.E.C. v. AOB Commerce, Inc.*, 2013 WL 5405697, at *1 (C.D. Cal. Sept. 23, 2013) (permitting intervention for purpose of unsealing documents five years after case settled). In this case, however, Proposed Intervenor did not wait years or even months. Instead, Proposed Intervenor acted with appropriate speed and diligence, filing his motion within 44 days of the filing of the October 25, 2023 Order maintaining the Spoliation Order under seal.

**2.  The Court Should Exercise its Discretion to Grant Proposed Intervenor's Motion for Permissive Intervention**

As explained above, Proposed Intervenor's motion will cause no delay or prejudice to the adjudication of the rights of the parties to this Action. This factor, therefore, does not weigh against the Court's exercise of its discretion to grant Proposed Intervenor's motion. A number of other factors, however, weigh in support of the Court's exercise of its discretion to grant the motion.

First, while Proposed Intervenor is not required to demonstrate a common question of law

Case No. 3:21-cv-02623-EMC

or fact in order to qualify for permissive intervention, *see Cosgrove*, 770 F. App'x at 795, there are multiple common questions of fact and law, demonstrating that Proposed Intervenor has a legitimate interest in unsealing the Spoliation Order. Whether defendant Yu, one of the principal actors in the Company's alleged fraud, destroyed evidence is highly relevant to Proposed Intervenor's allegations that certain FibroGen officers and directors – including defendant Yu – damaged the Company.

Second, in exercising its discretion on a motion for permissive intervention for the purpose of unsealing a court record, the court must consider the "strong presumption in favor of the public's right of access to judicial records" and determine "whether the countervailing interests opposing public disclosure can overcome the presumption in favor of it." *Cosgrove*, 770 F. App'x at 795. Proposed Intervenor's arguments concerning the public's right of access are more fully set forth in his accompanying memorandum in support of his Motion to Unseal (which should be read concurrently with this brief and is incorporated herein by reference). FibroGen has not and cannot counter this strong presumption.

**IV.    CONCLUSION**

For the foregoing reasons, Proposed Intervenor's motion for permissive intervention should be granted.

Dated: December 8, 2023             **LEVI & KORSINSKY, LLP**

/s/ Adam M. Apton
Adam M. Apton (SBN 316506)
1160 Battery Street East, Suite 100-3425
San Francisco, California 94111
Telephone: (415) 373-1671
Facsimile: (415) 484-1294
Email: aapton@zlk.com

Gregory M. Nespole (*pro hac vice* forthcoming)
Daniel Tepper (*pro hac vice* forthcoming)
Correy A. Suk (*pro hac vice* forthcoming)
33 Whitehall Street, 17th Floor

Case No. 3:21-cv-02623-EMC

New York, New York 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-1294
Email: gnespole@zlk.com
dtepper@zlk.com
ckamin@zlk.com

*Counsel for Movant George Assad*

Case No. 3:21-cv-02623-EMC

[PROPOSED] ORDER GRANTING MOTION OF NON-PARTY GEORGE ASSAD TO
INTERVENE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(B)