**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
Emily Bishop (SBN 319383)
ebishop@saxenawhite.com
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Tel.: (858) 997-0860
Fax: (858) 369-0096

*Counsel for Lead Plaintiffs Employees' Retirement
System of the City of Baltimore, City of
Philadelphia Board of Pensions and Retirement,
and Plymouth County Retirement Association, and
Lead Counsel for the proposed Settlement Class*

*[Additional Counsel listed on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE FIBROGEN, INC., SECURITIES LITIGATION | Case No. 3:21-cv-02623-EMC<br><br>**<u>CLASS ACTION</u>**<br><br>LEAD PLAINTIFFS' AND LEAD COUNSEL'S COMBINED REPLY MEMORANDUM OF LAW IN SUPPORT OF: (1) MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (2) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES<br><br>Hearing Date: May 16, 2024<br>Time: 1:30 p.m.<br>Courtroom: 5 – 17th Floor [Via Zoom]<br>Judge: Hon. Edward M. Chen |

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................1

I.    INTRODUCTION...........................................................................................................1

II.   THE REACTION OF THE SETTLEMENT CLASS SUPPORTS APPROVING
      THE SETTLEMENT AND THE PLAN OF ALLOCATION.............................................2

III.  THE SETTLEMENT CLASS'S UNANIMOUS ENDORSEMENT OF THE FEE
      AND EXPENSE APPLICATION SUPPORTS FINAL APPROVAL.................................6

IV.   CONCLUSION ..............................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Abadilla v. Precigen, Inc.*,
   2023 WL 7305053 (N.D. Cal. Nov. 6, 2023) ................................................................. 3

*Binder v. Gillespie*,
   184 F.3d 1059 (9th Cir. 1999) ....................................................................................... 4

*Blue Chip Stamps v. Manor Drug Stores*,
   421 U.S. 723 (1975) ....................................................................................................... 4

*Destefano v. Zynga, Inc.*,
   2016 WL 537946 (N.D. Cal. Feb. 11, 2016) .............................................................. 2, 3

*Farrar v. Workhorse Grp., Inc.*,
   2023 WL 5505981 (C.D. Cal. July 24, 2023) ................................................................ 5

*Fleming v. Impax Labs. Inc.*,
   2022 WL 2789496 (N.D. Cal. July 15, 2022) ................................................................ 2

*Hanlon v. Chrysler Corp.*,
   150 F.3d 1011 (9th Cir. 1998) ....................................................................................... 2

*In re Banc of California Sec. Litig.*,
   2020 WL 1283486 (C.D. Cal. Mar. 16, 2020) ............................................................... 6

*In re Broadcom Corp. Securities Litig.*,
   2005 WL 8152913 (C.D. Cal. Sept. 12, 2005) .............................................................. 4

*In re Facebook, Inc. Internet Tracking Litig.*,
   2024 WL 700985 (9th Cir. Feb. 21, 2024) .................................................................... 2

*In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico,
   on April 20, 2010*,
   2013 WL 10767663 (E.D. La. Dec. 24, 2013) .............................................................. 5

*In re Omnivision Techs., Inc.*,
   559 F. Supp. 2d 1036 (N.D. Cal. Jan. 9, 2008) ............................................................. 6

*In re Polyurethane Foam Antitrust Litig.*,
   168 F. Supp. 3d 985 (N.D. Ohio 2016) ......................................................................... 5

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*,
   2017 WL 2212783 (N.D. Cal. May 17, 2017) ............................................................... 5

*In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*,
   2022 WL 17730381 (N.D. Cal. Nov. 9, 2022) ............................................................... 2

*In re Wells Fargo & Co. S'holder Derivative Litig.,*
   445 F. Supp. 3d 508 (N.D. Cal. 2020)...................................................................................3

*Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit,*
   547 U.S. 71 (2006) ...................................................................................................................4

*Miller v. Ghirardelli Choc. Co.,*
   2015 WL 758094 (N.D. Cal. Feb. 20, 2015) ..........................................................................4

*Rieckborn v. Velti PLC,*
   2015 WL 468329 (N.D. Cal. Feb. 3, 2015) ............................................................................5

**STATUTES & REGULATIONS**

15 U.S.C.
   § 78bb(a)...................................................................................................................................4
   § 78j(b) .....................................................................................................................................4
   § 78u-4 .................................................................................................................................4, 6

17 C.F.R. § 240.10b–5 ...................................................................................................................4

**SECONDARY SOURCES**

4 William B. Rubenstein, Newberg on Class Actions § 12:15 (6th ed.)
   (Westlaw Nov. 2023).................................................................................................................5

## MEMORANDUM OF POINTS AND AUTHORITIES

Lead Plaintiffs and Lead Counsel submit this reply brief in further support of their motions for (a) Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 250) ("Final Approval Motion"), and (b) an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (ECF No. 251) ("Fee and Expense Application") (collectively, the "Motions").[1]

## I.     INTRODUCTION

Now that the deadline for submitting objections and requests for exclusion has passed, the reaction of the Settlement Class resoundingly confirms that the proposed $28.5 million Settlement is fair, reasonable, and adequate and should be approved.  Following a comprehensive, Court-approved notice program – which included direct mail notice to over 38,000 potential Settlement Class Members, direct email notice to over 750 potential Settlement Class Members, and publication of the Notice over major newswires and the Internet – there are no valid objections to the Motions, and only one request for exclusion has been received on behalf of an individual who owns a *de minimus* portion of shares included in the Settlement Class.  While one individual submitted a letter purporting to object to certain terms of the Stipulation, the issues raised in the letter are factually wrong and legally baseless, as discussed in greater detail below.  The near total absence of opt-outs, the lack of any valid objections to the Final Approval Motion, and the lack of any objections at all to the Fee and Expense Application establishes that the reaction of the class strongly supports granting the Motions in their entirety.

Accordingly, Lead Plaintiffs and Lead Counsel respectfully submit that the Court should grant final approval to the Settlement, the Plan of Allocation, and the Fee and Expense Application.

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement dated December 7, 2023 ("Stipulation"; ECF No. 236, Ex. 1) and the Declaration of Lester R. Hooker in Support of (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation, and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Final Approval Declaration" or "Final Approval Decl."; ECF No. 252).  Citations herein to "¶__" refer to paragraphs in the Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order"; ECF No. 244).  "Segura Decl." refers to the Supplemental Declaration of Luiggy Segura Regarding (A) Mailing of Notice Packet; (B) Publication of Summary Notice; and (C) Report on Requests for Exclusion to Date, filed concurrently herewith. Unless otherwise noted, all emphasis is added, and all internal quotation marks and citations are omitted.

REPLY IN SUPPORT OF FINAL
APPROVAL AND FEE AWARD
3:21-cv-02623-EMC

1

## II. THE REACTION OF THE SETTLEMENT CLASS SUPPORTS APPROVING THE SETTLEMENT AND THE PLAN OF ALLOCATION

As set forth in Lead Plaintiffs' opening papers, each of the factors that Courts consider in connection with final approval of a securities class action settlement heavily support that the Settlement and the Plan of Allocation are fair, adequate, and reasonable. After more than 38,750 potential Class Members were notified of the Settlement, only one request for exclusion has been received – which was submitted on behalf of an individual purporting to represent a *de minimus* portion of the shares included in the Settlement Class[2] – and no valid objections to any aspect of the Settlement, Plan of Allocation or the Fee and Expense Application have been received. This overwhelmingly positive reaction demonstrates that the Settlement Class views the Settlement as fair, reasonable, and adequate.

Courts in this District and in the Ninth Circuit are uniform that this favorable reaction of the class strongly supports approval of the Motions. *See In re Facebook, Inc. Internet Tracking Litig.*, 2024 WL 700985, at *1 (9th Cir. Feb. 21, 2024) (affirming approval where class's "favorable reaction," including the absence of a large number of objections, raised a "strong presumption" that the settlement terms were favorable to the class) (citing *Hanlon v. Chrysler Corp.,* 150 F.3d 1011, 1026 (9th Cir. 1998)); *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2022 WL 17730381, at *9, 11 (N.D. Cal. Nov. 9, 2022) (Breyer, J.) (finding the reaction of the class "strongly favors approval of the settlement" where there were "only twenty-seven opt-outs" and "three objections"—"a tiny percentage of the overall class"); *Fleming v. Impax Labs. Inc*., 2022 WL 2789496, at *7 (N.D. Cal. July 15, 2022) (Gilliam, Jr., J.) ("[T]he absence of a large number of objections to a proposed class action settlement raises a strong presumption that the terms of a proposed class settlement action are favorable to the class members."); *Destefano v. Zynga, Inc*., 2016 WL 537946, at *13 (N.D. Cal. Feb. 11, 2016) (Scott Corley, Mag. J.) ("a court may appropriately infer that a class action settlement is fair, adequate,

---

[2] Although the individual requesting exclusion did not provide any documentation to support the request because it "require[d] undue effort in too short an allotted time," the request itself was timely submitted, will be deemed valid, and the individual will be permitted to supplement the request with supporting documentation, as provided in the Court-approved Notice. Based on the representations in the individual's letter, the request for exclusion represents less than 0.04% of the total Recognized Loss of all Settlement Class members. Segura Decl. ¶13.

and reasonable when few class members object to it.").

Notably, no institutional investors have objected to the Settlement. Institutional investors are typically the most sophisticated members of securities classes and have the financial ability and incentive to object if they feel a settlement is unfair. Here, 472 separate institutions owned FibroGen common stock during the Class Period, holding on average approximately 75% of the public float. ECF No 147-2. These institutional investors have the resources and motivation to object, if warranted. The absence of any such objections is therefore particularly probative of the Settlement's fairness and adequacy. *See In re Wells Fargo & Co. S'holder Derivative Litig.,* 445 F. Supp. 3d 508, 518 (N.D. Cal. 2020) (Tigar, J.) (class's reaction supported settlement where "not one sophisticated institutional investor objected"); *Zynga, Inc.*, 2016 WL 537946, at *14 (lack of opt-outs from institutional investors "strongly supports" final approval of settlement).

Furthermore, the lone objection submitted on behalf of an individual investor and certain unidentified clients should be rejected as invalid. ECF No. 254. The objector, Mr. Arthur S. Bechhoefer, failed to comply with this Court's Preliminary Approval Order by submitting documentation demonstrating that he has standing to object. *See Abadilla v. Precigen, Inc.*, 2023 WL 7305053, at *11 (N.D. Cal. Nov. 6, 2023) (Labson Freeman, J.) (objector to proposed settlement agreement "bears the burden of proving any assertions they raise"). Specifically, the Preliminary Approval Order expressly provides that objections to the Settlement "must include documents sufficient to prove membership in the Settlement Class," including the dates, prices, and amounts of FibroGen shares purchased and sold during the Settlement Class Period, "accompanied by adequate supporting documentation." ¶21 (listing examples of adequate documentation, including "broker confirmation slips, broker account statements, [or] an authorized statement from the broker"). The Preliminary Order makes clear that an objector who fails to provide the required information and documentation will "be deemed to have waived his … objection" and "shall be forever barred and foreclosed from objecting to the" Settlement. ¶22. This same requirement is set forth in the Notice disseminated to the Settlement Class. ECF No. 252, Ex. D, at Ex. A at ¶¶89, 94. Mr. Bechhoefer, a purported investment advisor, failed to include *any* documentation sufficient to prove membership in the Settlement Class. Accordingly, his

objection is invalid, and should be deemed waived, barred, and foreclosed from consideration. ¶22; *see Miller v. Ghirardelli Choc. Co.*, 2015 WL 758094, at *10 (N.D. Cal. Feb. 20, 2015) (Beeler, Mag. J.) (striking objections where objectors did not prove standing as class members).

Moreover, even if considered, the issues raised by Mr. Bechhoefer lack any factual or legal basis. First, Mr. Bechhoefer's complaint that FibroGen securities purchased/acquired *before* and *held* through the Settlement Class Period should be eligible to participate in the Settlement violates the express terms of Section 10(b) of the Exchange Act and SEC Rule 10b-5, which proscribe only fraud "in connection with the purchase or sale" of securities. 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b–5. The Supreme Court reaffirmed the "purchaser-seller" rule nearly fifty years ago in *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 730 & 749 (1975), which held that private damages actions under Section 10(b) and Rule 10b-5 are confined to only purchasers or sellers of the securities. Moreover, the Ninth Circuit has specifically instructed that "[s]hareholders who did no more than retain their shares[ ] are ... barred by the purchaser-seller rule from maintaining an action under Rule 10b–5." *Binder v. Gillespie*, 184 F.3d 1059, 1066 (9th Cir. 1999).[3]

Second, Mr. Bechhoefer's complaint that the Plan of Allocation should recognize "taxes, commissions, and fees" (ECF No. 254 at 1) likewise finds no basis in fact or law. As an initial matter, in securities class actions alleging violations of Section 10(b) and Rule 10b-5, plaintiffs are limited in their potential recovery to actual, out-of-pocket damages. 15 U.S.C. § 78bb(a) (limiting a plaintiff pursuing claims under the Exchange Act to its "actual damages"); 15 U.S.C. § 78u-4(e) (providing formula for calculating out-of-pocket damages cap where a class "seeks to establish damages by reference to the market price of a security"). Furthermore, Mr. Bechhoefer's argument misunderstands the nature of plans of allocation for securities class settlements, which do not and cannot include every potentially recoverable item of damages purportedly suffered by individual class members. *See In re Broadcom Corp. Securities Litig.*, 2005 WL 8152913, *3 (C.D. Cal. Sept. 12, 2005) ("By definition, a settlement is not designed to compensate fully all damages that a Class may have sustained"). Rather, an "allocation formula need only have a

---

[3] Moreover, even if "holder claims" could be pursued under state law, such claims would have been preempted in this Action. *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 84 (2006) (holding that SLUSA broadly pre-empts "state-law holder class-action claims").

reasonable, rational basis, particularly if recommended by experienced and competent counsel." *Farrar v. Workhorse Grp., Inc.*, 2023 WL 5505981, at *13 (C.D. Cal. July 24, 2023); *Rieckborn v. Velti PLC*, 2015 WL 468329, at *8 (N.D. Cal. Feb. 3, 2015) (Orrick, J.) (same).

Here, the Plan of Allocation clearly has a reasonable, rational basis. As discussed in Lead Plaintiffs' opening papers, it is based on the standard out-of-pocket measure of damages consistent with Section 10(b) of the Exchange Act and is similar to plans of allocation approved in numerous other securities class actions. *See* ECF No. 250 at 19 (collecting cases). The Notice further describes how the Plan of Allocation recognizes losses proximately caused by Defendants' alleged misstatements due to artificial inflation in the prices of FibroGen securities, and quantifies the amounts of such inflation, as calculated by Lead Plaintiffs' damages experts. Notice ¶56. In contrast, the additional items of individual loss purportedly suffered by Mr. Bechhoefer and his clients are virtually never included in securities class action plans of allocation. Segura Decl. ¶12. Moreover, including such items (*e.g.*, lost tax deductions depending on a claimants' tax bracket and available capital gains) would introduce a host of "individualized assessments [such] that the cost and difficulty of administering [the settlement] would necessarily result in fewer benefits than the proposed Class-wide Settlement."[4] *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2017 WL 2212783, at *21 (N.D. Cal. May 17, 2017) (Breyer, J.).

Finally, Mr. Bechhoefer is simply wrong that the Settlement Class is not earning interest on the recovery. ECF No. 254 at 2. Pursuant to the Stipulation, the $28.5 million Settlement Amount was deposited into an interest-bearing Escrow Account for the benefit of all Authorized Claimants, who will receive "any and all interest earned thereon" when the Net Settlement Fund is distributed. Stipulation at ¶¶1.47, ¶2.3. The Notice similarly explains that: "The Net Settlement

---

[4] *See also, e.g.*, *In re Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010*, 2013 WL 10767663, at *14 (E.D. La. Dec. 24, 2013), *aff'd sub nom. In re Deepwater Horizon*, 744 F.3d 370 (5th Cir. 2014) (noting the importance of avoiding "delays that would result from having to engage in a claim-by-claim analysis … by the Claims Administrator in administering the Settlement"); *In re Polyurethane Foam Antitrust Litig.*, 168 F. Supp. 3d 985, 998 (N.D. Ohio 2016) (overruling objection because the suggested change to the settlement "would increase administrative costs"); 4 William B. Rubenstein, Newberg on Class Actions § 12:15 (6th ed.) (Westlaw Nov. 2023) ("The goal of any distribution method is to get as much of the available damages remedy to class members as possible and in as simple and expedient a manner as possible.").

REPLY IN SUPPORT OF FINAL
APPROVAL AND FEE AWARD
3:21-cv-02623-EMC

5

Fund [] *i.e.*, the Settlement Amount plus any and all interest earned thereon … will be distributed in accordance with a plan of allocation that is approved by the Court." Notice at ¶2.

Accordingly, the lone objection should be rejected.[5]

## III. THE SETTLEMENT CLASS'S UNANIMOUS ENDORSEMENT OF THE FEE AND EXPENSE APPLICATION SUPPORTS FINAL APPROVAL

The Settlement Class's reaction also strongly supports granting the Fee and Expense Application. *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1048 (N.D. Cal. Jan. 9, 2008) (Conti, J.) ("The reaction of the class may also be a determining factor in … determining the fee award."). Indeed, there are *no* objections to the Fee and Expense Application. Segura Decl. ¶11. The Notice disclosed that Lead Counsel would be seeking a fee equal to 25% of the Settlement Fund. Notice at ¶5. The Fee and Expense Application provided detailed information concerning Lead Counsel's lodestar and expenses, and the tasks performed by the various lawyers who worked on the case. See ECF Nos. 251, 252 at Ex. E. The Notice also appraised potential Settlement Class Members that Lead Counsel would seek litigation expenses of up to $715,000 and up to $45,000 as reimbursement to Lead Plaintiffs under 15 U.S.C. §78u-4(a)(4), for their time spent representing the Class. *See* Notice at ¶5. Notably, the actual amounts requested by Lead Counsel and Lead Plaintiffs are lower: $637,306.21 and $35,540.28, respectively.

The fact that not a single objection was lodged against any aspect of the Fee and Expense Application heavily supports approval of the requested amounts. *See In re Banc of California Sec. Litig.*, 2020 WL 1283486, at *1 (C.D. Cal. Mar. 16, 2020) (awarding 33% of $19.75 million settlement fund where "over 35,000 copies of the Notice were disseminated to potential Class Members … and no objections to the fees or expenses were filed by Class Members"); *Omnivision*, 559 F. Supp. 2d at 1049 (awarding lead plaintiffs $29,913.80 from the settlement fund where class members were provided notice and "no one objected").

## IV. CONCLUSION

For the foregoing reasons, and those set forth in their opening papers, Lead Plaintiffs and Lead Counsel respectfully request that the Court (a) approve the proposed Settlement and Plan of

---

[5] Lead Counsel emailed Mr. Bechhoefer on April 19, 2024 in an attempt to explain the above points to him. However, Mr. Bechhoefer did not respond to Lead Counsel's email.

Allocation and enter the Proposed Order and Final Judgment; and (b) approve Lead Counsel's Fee and Expense Application in full.

For the Court's convenience, submitted herewith are the following [Proposed] Orders: (i) the Proposed Final Judgment and Order of Dismissal, which is substantially similar to the Proposed Final Judgment and Order of Dismissal agreed upon by the Parties and submitted with Lead Plaintiffs' Motion for Preliminary Approval of Class Action Settlement (*see* ECF No. 236 at 115) and has been updated to address the submitted objection and request for exclusion; (ii) the Proposed Order Approving Plan of Allocation; and (iii) the Proposed Order Awarding Attorneys' Fees and Expenses.

Dated:  May 2, 2024

Respectfully submitted,

/s/ David R. Kaplan
**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
Emily Bishop (SBN 319383)
ebishop@saxenawhite.com
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Tel.: (858) 997-0860
Fax: (858) 369-0096

Steven B. Singer
ssinger@saxenawhite.com
Kyla Grant (admitted *pro hac vice*)
kgrant@saxenawhite.com
Sara DiLeo (admitted *pro hac vice*)
sdileo@saxenawhite.com
Joshua H. Saltzman (admitted *pro hac vice*)
jsaltzman@saxenawhite.com
10 Bank Street, 8th Floor
White Plains, New York 10606
Tel: (914) 437-8551

Maya Saxena (admitted *pro hac vice*)
msaxena@saxenawhite.com
Lester R. Hooker (SBN 241590)
lhooker@saxenawhite.com
Dianne M. Pitre (SBN 286199)
dpitre@saxenawhite.com
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel.: (561) 394-3399
Fax: (561) 394-3382

*Counsel for Lead Plaintiffs Employees' Retirement*

*System of the City of Baltimore, City of Philadelphia Board of Pensions and Retirement, and Plymouth County Retirement Association, and Lead Counsel for the proposed Settlement Class*

REPLY IN SUPPORT OF FINAL
APPROVAL AND FEE AWARD
3:21-cv-02623-EMC

8

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 2, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel or parties of record.

*/s/ David R. Kaplan*
David R. Kaplan
