**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
Emily Bishop (SBN 319383)
ebishop@saxenawhite.com
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Tel.: (858) 997-0860
Fax: (858) 369-0096

*Counsel for Lead Plaintiffs and*
*Lead Counsel for the Settlement Class*

*[Additional Counsel listed on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE FIBROGEN, INC., SECURITIES LITIGATION | Case No. 3:21-cv-02623-EMC<br><br>**<u>CLASS ACTION</u>**<br><br>LEAD PLAINTIFFS': (1) NOTICE OF UNOPPOSED MOTION FOR CLASS DISTRIBUTION ORDER; AND (2) MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>Hearing Date: January 30, 2025<br>Time: 1:30 p.m.<br>Courtroom: 5 – 17th Floor<br>Judge: Hon. Edward M. Chen |

UNOPPOSED MOTION FOR
CLASS DISTRIBUTION ORDER
3:21-cv-02623-EMC

## <u>NOTICE OF MOTION FOR CLASS DISTRIBUTION ORDER</u>

**PLEASE TAKE NOTICE** that on January 30, 2025, at 1:30 p.m., or as soon thereafter as the matter may be heard, at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102, Courtroom 5, 17th Floor, before the Honorable Edward M. Chen, Lead Plaintiffs will and hereby do respectfully move this Court pursuant to the Parties' Stipulation and Agreement of Settlement ("Stipulation" or "Settlement Agreement") for entry of a Class Distribution Order, which, among other things, will: (i) approve the Court-appointed Claims Administrator JND Legal Administration's ("JND") determinations concerning the acceptance and rejection of Claims submitted in connection with the Settlement of the Action; (ii) direct distribution of the Net Settlement Fund to Authorized Claimants; (iii) approve payment of JND's fees and expenses incurred and estimated to conduct the distribution of the Settlement; (iv) authorizing the destruction of Claim Forms and supporting documents at an appropriate time; (v) releasing claims related to the administration process; and (vi) for such other and further relief as this Court deems appropriate.[1]

This Motion is based on: this Notice of Motion; the following Memorandum of Law; the accompanying Declaration of David R. Kaplan in Support of Lead Plaintiffs' Unopposed Motion for Class Distribution Order ("Kaplan Decl." or "Kaplan Declaration"); the Segura Declaration, and the exhibits attached thereto; the pleadings and records in this Action, and further arguments and matters as the Court may consider.

Pursuant to ¶4.11 of the Stipulation, Defendants were provided reasonable notice of the filing of this Motion. Defendants conferred with Lead Plaintiffs, and Defendants do not oppose this Motion. Because this Motion is unopposed, Lead Counsel respectfully submit that the Motion may be decided without a hearing. For the Court's convenience, a proposed Class Distribution Order is accompanying the Motion.

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings set forth in the Stipulation (ECF No. 236, Ex. 1), the Court-approved Plan of Allocation, or the Declaration of Luiggy Segura in Support of Lead Plaintiffs' Unopposed Motion for Class Distribution Order ("Segura Decl." or "Segura Declaration"), submitted on behalf of JND. All references to "Ex. _" are to exhibits accompanying the Segura Decl.

## STATEMENT OF ISSUES TO BE DECIDED

(1)    Whether the Court should approve the administrative determinations of the Claims Administrator for acceptance and rejection of submitted Claims;

(2)    Whether the Court should approve the recommended plan for distribution of the Net Settlement Fund (the "Distribution Plan"); and

(3)    Whether the Court should authorize payment from the Settlement Fund to the Claims Administrator for the balance of fees and expenses incurred and to be incurred in connection with the Settlement administration and distribution process.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    PRELIMINARY STATEMENT

Pursuant to the Parties' Settlement Agreement, Lead Plaintiffs Employees' Retirement System of the City of Baltimore, City of Philadelphia Board of Pensions and Retirement, and Plymouth County Retirement Association, on behalf of themselves and the Settlement Class, respectfully submit this memorandum in support of the Unopposed Motion for Class Distribution Order (the "Motion").  The proposed Distribution Plan is set forth in the Segura Declaration.  *See* Segura Decl. ¶48.  Significantly, there are no disputed Claims by any Settlement Class Member requiring Court review.  Moreover, Defendants conferred with Lead Plaintiffs, and Defendants do not oppose this Motion.  As such, this Motion is ripe for determination.

## II.    BACKGROUND

On December 7, 2023, a Settlement of all claims in this Action for $28,500,000 in cash for the benefit of the Settlement Class was reached, and the Parties entered into the Settlement Agreement.  ECF No. 236, Ex. 1.  The Court granted preliminary approval of the Settlement on February 13, 2024.  ECF No. 244 (the "Preliminary Approval Order").  The Court appointed JND, a firm specializing in the administration of class action settlements, to supervise and administer the notice procedure and process the Claim Forms submitted.  *See* Preliminary Approval Order at ¶9.  Pursuant to the Preliminary Approval Order, JND mailed 38,689 Notice Packets to potential Settlement Class Members, brokers and other nominees, published the Summary Notice, established a case-specific website dedicated to this Settlement (the "Settlement Website"), and set up a toll-free helpline.  *See* Segura Decl. ¶¶5-7.  The Settlement Website and helpline enabled Settlement Class Members to obtain information about the Settlement, including deadlines for exclusions, objections, and filing Claims and access to important documents relevant to the Settlement, including the Stipulation, Notice, and Claim Form.  *See id.* at ¶6; Settlement Website.

On May 28, 2024, the Court entered the Order Approving Plan of Allocation, ECF No. 256 ("Plan of Allocation Order"), finding, *inter alia*: (1) the Settlement "is fair, reasonable, and adequate"; and (2) the Plan of Allocation, set forth in the Notice approved by the Court on February 13, 2024, and disseminated to Class Members, "provides a fair and reasonable basis upon which

to allocate the net settlement proceeds among Settlement Class Members." *See* Plan of Allocation Order at ¶¶3-4. On August 1, 2024, the Court entered the Order Awarding Attorneys' Fees and Expenses. ECF No. 259.[2] On the same day, the Court deferred dismissal of the case and entry of final judgment until the final accounting and claims process is completed. ECF No. 260.[3]

As set forth in the Segura Declaration, in addition to providing notice, Claims Administrator JND has processed the Claim Forms and calculated recognized loss amounts consistent with the Court-approved Plan of Allocation. *See generally*, Segura Decl. JND has processed 27,443 Claims received through December 2, 2024. *Id*. ¶9. Of these 27,443 Claims: 12,750 were received or postmarked on or before June 12, 2024 and were determined by JND to be eligible and are recommended for approval ("Timely Eligible Claims"); 1,171 were received or postmarked after the June 12, 2024 deadline, but received on or before December 2, 2024 and were determined by JND to be otherwise eligible and are recommended for approval ("Late But Otherwise Eligible Claims"); and 13,522 should be wholly rejected (the "Rejected Claims"). Accordingly, the cash in the Net Settlement Fund is now available for distribution to Authorized Claimants in accordance with the Plan of Allocation. In accordance with paragraphs 4.11 and 4.12 of the Stipulation, Lead Plaintiffs respectfully ask the Court to enter the Class Distribution Order approving the Distribution Plan.

## III. CLAIMS ADMINISTRATION

Pursuant to the Settlement Agreement, the Notice, and the Preliminary Approval Order, all Settlement Class Members wishing to participate in the Settlement were required to submit Claim Forms by mail or online, postmarked by, or received, no later than June 12, 2024. *See* Segura Decl. ¶8. As stated above, through December 2, 2024, JND has received 27,443 Claim Forms.

---

[2] Lead Counsel's [Proposed] Order Awarding Attorneys' Fees and Expenses (ECF No. 255-4) incorrectly stated the reimbursable litigation expenses amount as $641,900.33. The amount, correct in Lead Counsel's motion for attorneys' fees and reimbursement of litigation expenses (*see* ECF No. 251) and supporting filings thereof (*see* ECF No. 252) was $637,306.21. Accordingly, Lead Counsel received reimbursement of litigation expenses in the lesser amount of $637,306.21.

[3] Following entry of a Class Distribution Order, JND will distribute the Net Settlement Fund to Authorized Claimants. Once completed, and in accordance with the Northern District of California's Procedural Guidance for Class Action Settlements, the Parties will file a Post-Distribution Accounting with the Court.

*See id* at ¶9.  JND has now prepared detailed reports listing: (i) all valid Claims by Authorized Claimants; (ii) all Claim Forms that were submitted after the claims submission deadline but on or before December 2, 2024 that are otherwise valid; and (iii) rejected Claims with the rejection reasons.  *See id*. ¶¶43-46; Exs. C through E.

All Claims received through December 2, 2024 have been fully processed in accordance with the Settlement Agreement and the Court-approved Plan of Allocation included in the Notice, and JND has worked with Claimants to help them perfect their Claims.  *See generally*, Segura Decl.  Specifically, JND evaluated and processed all Claim Forms and supporting documentation to determine, among other things, whether each Claimant had purchased or acquired FibroGen securities during the Settlement Class Period, and whether transaction information entered on the Claim Form was supported by the documentation provided.  *See* Segura Decl. ¶¶13-21.

Much of JND's efforts in handling the administration involved Claimant communications, so that all Claimants had sufficient opportunity to cure any deficiencies and file a complete Claim. As demonstrated by the Segura Declaration, JND received and reviewed all submitted Claims and, pursuant to the Settlement Agreement at ¶4.9, to the extent that a Claim was deficient, JND notified the Claimant of the deficiency and advised the Claimant as to possible ways to cure the deficiency. *See* Segura Decl. ¶¶23-30.  For example, many of the Claims submitted in the Settlement were initially deficient or ineligible for one or more reasons, including being incomplete, not signed, not properly documented, or otherwise deficient, which required substantial follow-up work by JND. *See id.* ¶¶24, 27. The "Deficiency Notification and Reconciliation Process," which primarily involved mailing a letter (the "Deficiency Notice") to Claimants and subsequently handling and responding to calls, correspondence, and emails from Claimants, was intended to assist Claimants in properly completing their deficient submissions so that Claimants would be eligible to participate in the Settlement. *Id.* ¶23.

For Electronic Claims, JND contacted the banks, brokers, nominees, and other filers who submitted their data electronically to confirm their submissions and notify the filer of any deficiencies or ineligible Claims.  Segura Decl. ¶¶27-30.  JND provided Electronic Claim ("E-Claim") submitters whose submissions were deficient with an email attaching a "Deficiency

Spreadsheet" which listed the specific E-Claims which were deficient and/or rejected along with the basis for that deficiency or condition of ineligibility.[4] *Id*. JND established a robust process to communicate with filers of deficient E-Claims and to give them an opportunity to cure their deficiencies, as well as to contest any rejections of deficient Claims that remained uncured. *See id*.

Ultimately, as detailed in the Segura Declaration, after the Deficiency Notification and Reconciliation Process was complete, the Claims Administrator determined that 13,921 Claims are acceptable and should receive a distribution.[5] This number includes 12,750 Timely Eligible Claims, and 1,171 Late But Otherwise Eligible Claims. *Id*. ¶¶44-45 & Exs. C & D. These Claims represent a total Recognized Loss amount of $1,039,509,716.25.[6] *Id*. ¶¶10, 44-45; Exs. C & D. The Claims Administrator also determined that 13,522 Claims are not eligible and should be rejected for the following reasons: (i) 8,621 Claims did not result in a Recognized Claim under the Plan of Allocation; (ii) 2,329 Claims did not fit the definition of the Settlement Class; (iii) 2,296 Claims had uncured conditions of ineligibility; (iv) 71 Claims were duplicates; and (v) 205 Claims were withdrawn by the filer.[7] *Id*. ¶46 & Ex. E.

"[A] district court overseeing settlement distribution has inherent power to accept late claims." *Grottano v. City of New York*, 2021 WL 6427554, at *1 (S.D.N.Y. Dec. 17, 2021). Additionally, the Settlement Agreement contemplates that the Court may approve extending the deadline for Settlement Class Members to submit Claims to allow acceptance of additional Claims that are otherwise eligible to participate in the Settlement. *See* Settlement Agreement at ¶4.5. Extending the claims deadline is common in securities class actions. *See, e.g., Roberti v. OSI Sys.,*

---

[4] Examples of Deficiency Notices are attached as Exhibit A to the Segura Declaration and an example of a Deficiency Email with a Deficiency Spreadsheet is attached thereto as Exhibit B.

[5] These 13,921 Claims, represent over 64 million total shares purchased during the Settlement Class Period. Significantly, approximately 69.4% of the total number of shares represented by these Claims, have been filed by institutional investors. *See* Segura Decl. at ¶10.

[6] The Recognized Loss amount is $1,023,384,481.01 for Timely Eligible Claims, and $16,125,235.24 for Late But Otherwise Eligible Claims. *Id*. ¶¶44-45.

[7] This claims acceptance rate is consistent with claims acceptance rates in other large securities class action settlements, including the most recent securities class action settlements for which JND was appointed the Claims Administrator. *See, e.g., In re Perrigo Company PLC Sec. Litig.*, No 1:19-cv-70-DLC, ECF No. 338 at ¶¶33, 36 (S.D.N.Y. July 28, 2022) (23,610 claims received, 18,090, or 77%, were rejected); *see also* Segura Decl. at ¶10 (collecting additional cases).

*Inc.*, 2018 WL 5086940, at *3 (C.D. Cal. Sept. 25, 2018) (approving payment of "late but otherwise eligible claims"); *Davis v. Yelp, Inc.*, Case No. 3:18-cv-00400, ECF No. 216 at ¶3 (N.D. Cal. Aug. 29, 2023) (Chen, J.) (same).  JND has not rejected any Claim received through December 2, 2024, solely based on its late submission, and Lead Counsel and JND believe no delay has resulted from the provisional acceptance of these Late But Otherwise Eligible Claims.  *See* Segura Decl. at ¶37. Lead Counsel believes that when the equities are balanced, it would be unfair to prevent an otherwise valid claim from participating in the distribution of the Net Settlement Fund solely because it was submitted after the deadline, but while Claims were still being processed.

However, there must be a final cut-off date after which no more Claims may be accepted so that a proportional distribution of the Net Settlement Fund may take place.  *See In re Gypsum Antitrust Cases*, 565 F.2d 1123, 1127 (9th Cir. 1977) ("There is no question that in the distribution of a large class settlement fund, 'a cutoff date is essential and at some point the matter must be terminated'"); *In re OCZ Tech. Grp., Inc. Sec. Litig.*, 2016 WL 7974652, at *2 (N.D. Cal. Mar. 11, 2016) (approving a cutoff date); *Davis v. Yelp, Inc.*, Case No. 3:18-cv-00400, ECF No. 216 (N.D. Cal. Aug. 29, 2023) (Chen, J.) (same). Acceptance of additional Claims received during the finalization of the administration and the preparation of this application would necessarily require a delay in the distribution.  Segura Decl. ¶38.  Accordingly, it is respectfully requested that the Court enter an Order directing that no Claims received after December 2, 2024 be included in the distribution.

## IV.    CLAIMS ADMINISTRATOR'S FEES AND EXPENSES

In accordance with JND's agreement to act as the Court-appointed Claims Administrator for the Settlement, JND was and is responsible for, among other things, disseminating notice of the Settlement to the Settlement Class, creating and maintaining a website and toll-free telephone helpline, processing Claims, and allocating and distributing the Net Settlement Fund to Authorized Claimants. Segura Decl. ¶¶2-3.  As stated in the Segura Declaration, JND's total fees and expenses for this matter through September 30, 2024, are $369,787.74.  *Id.* at ¶47; Ex. F.  In addition, pursuant to the Court-approved Notice, nominees charged JND $24,648.83 for reimbursement of their reasonable expenses incurred.  To date, and in accordance with the Settlement Agreement,

JND has been reimbursed the amount of $172,457.00.  JND respectfully requests payment of the remaining balance of $221,979.57, for fees, expenses, and broker fees, and $67,084.65 in anticipation of the fees and expenses that will be incurred in making the Initial Distribution.  If the anticipated fees and expenses to conduct the distribution is greater than the actual cost to conduct the distribution, the excess will be returned to the Net Settlement Fund, and the balance will be paid to the Investor Protection Trust.  *See* Plan of Allocation Order at ¶6 (approving Plan of Allocation that includes IPT as the *cy pres* recipient).

## V.    DISTRIBUTION OF NET SETTLEMENT FUND

Lead Plaintiffs request that the Court authorize the distribution of the balance of the Settlement Fund—after deduction of the fees and expenses previously awarded and those requested herein—to the Settlement Class Members whose claims have been accepted.  *See* Segura Decl.; Exs. C and D.  Lead Plaintiffs now respectfully move the Court for an order approving JND's determinations concerning the acceptance and rejection of the Claims included in this Motion and approving the proposed Distribution Plan set forth in the Segura Declaration.

Under the proposed Distribution Plan, consistent with the terms of the Stipulation and Plan of Allocation, JND will conduct an Initial Distribution of the Net Settlement Fund to all Claimants on a *pro rata* basis whose distribution payments calculate to $10.00 or more.  *See* Segura Decl. ¶48.  Based on the experience of Lead Counsel in similar distributions, it can be expected that a certain number of the payments to be distributed to Settlement Class Members who filed valid Claims will not be cashed, deposited, or negotiated promptly.  To encourage Authorized Claimants to promptly cash, deposit, or negotiate their distributions and to avoid or reduce future expenses relating to unpaid distributions, Lead Counsel propose that all the distribution checks bear a notation "DEPOSIT PROMPTLY.  VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT NEGOTIATED WITHIN 90 DAYS AFTER ISSUE DATE."[8]  *Id*. ¶48(b).

---

[8] This Court and other Courts in this District have previously approved 90 days or less to encourage prompt cashing of checks.  *See, e.g., Davis v. Yelp, Inc.*, Case No. 3:18-cv-00400-EMC, ECF No. 214-2, ¶47(b) (N.D. Cal. Aug. 4, 2023) and ECF No. 216, ¶6 (N.D. Cal. Aug. 29, 2023) (Chen, J.) (approving 90 days); *OSI*, 2018 WL 5086940, at *3 ("Require claimants to promptly deposit their payment within 90 days or forfeit their benefit"); *OCZ Tech. Grp.,* 2016 WL 7974652, at *1 ("[t]o

The Claims Administrator will make reasonable and diligent efforts to encourage Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund to cash their distribution.  Segura Decl. ¶48.  However, if after nine (9) months any funds remain in the Net Settlement Fund, by reason of uncashed checks or otherwise, the Claims Administrator will conduct a second distribution ("Second Distribution") if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so.  *Id*. ¶48(d).  During the Second Distribution, any amounts remaining in the Net Settlement Fund after the Initial Distribution, after payment of Notice and Administration Costs (including the estimated costs of such Second Distribution), Taxes, and any escrow fees, will be redistributed to all Authorized Claimants in the Initial Distribution who cashed their distribution checks and would receive at least $10.00 from the Second Distribution. *Id*. Additional distributions, after deduction of costs and expenses as described above and subject to the same conditions, may occur until Lead Counsel, in consultation with JND, determine that further distribution is not cost-effective.  *Id*. ¶48(e).

Finally, in accordance with the Court-approved Plan of Allocation, if any funds remain in the Net Settlement Fund after payment of any further Notice and Administration Costs, Taxes, and escrow fees, the remaining balance shall be contributed to Investor Protection Trust, a non-sectarian, not-for-profit, 501(c)(3) organization devoted to independent and unbiased investor education, research, and support of investor protection efforts.[9] Segura Decl. ¶48(f); *see also* Notice at ¶77.

Courts routinely approve substantially similar distribution plans in securities class actions such as this one.  *See*, *e.g.*, *Davis v. Yelp, Inc.*, Case No. 3:18-cv-00400, ECF No. 216 (N.D. Cal. Aug. 29, 2023) (Chen, J.); *OSI*, 2018 WL 5086940, at **3-4; *OCZ Tech. Grp.,* 2016 WL 7974652,

---

encourage Authorized Claimants to promptly cash their payments" requiring 60 days for deposit of payment).

[9] *See* Declaration of Lester R. Hooker in Support of: (I) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement and Plan of Allocation; and (II) Lead Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, ECF No. 252 at ¶92 (N.D. Cal. April 4, 2024); *see also In re Capstone Turbine Corp. Sec. Litig.,* 2020 WL 7889062, at *2 (C.D. Cal. Aug. 26, 2020) ("At such time as Lead Counsel, in consultation with the Claims Administrator, determines that no additional distributions are cost-effective, then the funds will be donated to Investor Protection Trust, a non-sectarian, not-for-profit organization").

UNOPPOSED MOTION FOR
CLASS DISTRIBUTION ORDER
3:21-cv-02623-EMC

9

at **1-2. The Court-approved Claims Administrator and Lead Counsel submit that the administration of the Settlement and the proposed Distribution Plan comply with the terms of the Settlement Agreement and the Plan of Allocation approved by the Court; and therefore, should be approved.

## VI.   RELEASE OF CLAIMS

In order to allow the full and final distribution of the Net Settlement Fund, it is necessary to bar any further claims against the Net Settlement Fund beyond the amounts allocated to Authorized Claimants, and to provide that all persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the Claims submitted in connection with the Settlement, or who are otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund, be released and discharged from all claims arising out of that involvement. Courts in the Ninth Circuit and elsewhere have repeatedly approved similar releases in connection with the distribution of settlement proceeds. *See e.g., Capstone*, 2020 WL 7889062, at *2 (distribution order containing similar language); *OCZ Tech. Grp.*, 2016 WL 7974652, at *2 (same). Accordingly, Lead Plaintiffs respectfully request that the Court enter the Class Distribution Order, which will release and discharge all such claims.

## VII.   RECORDS RETENTION AND DESTRUCTION

Lead Plaintiffs also request that the Court permit JND to destroy any paper and electronic Claim Forms one (1) year after the Distribution of the Net Settlement Fund is complete. Segura Decl. ¶48(h); *Davis v. Yelp, Inc.*, Case No. 3:18-cv-00400-EMC, ECF No. 216 at ¶10 (N.D. Cal. Aug. 29, 2023) (Chen, J.).

## VIII.   CONCLUSION

For the above reasons, Lead Plaintiffs respectfully request that the Motion be granted.

Dated: December 17, 2024                Respectfully submitted,

/s/ David R. Kaplan
**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
Emily Bishop (SBN 319383)
ebishop@saxenawhite.com
505 Lomas Santa Fe Drive, Suite 180

Solana Beach, CA 92075
Tel.: (858) 997-0860
Fax: (858) 369-0096

Steven B. Singer
ssinger@saxenawhite.com
Kyla Grant (admitted *pro hac vice*)
kgrant@saxenawhite.com
Sara DiLeo (admitted *pro hac vice*)
sdileo@saxenawhite.com
Joshua H. Saltzman (admitted *pro hac vice*)
jsaltzman@saxenawhite.com
10 Bank Street, 8th Floor
White Plains, New York 10606
Tel: (914) 437-8551

Maya Saxena (admitted *pro hac vice*)
msaxena@saxenawhite.com
Lester R. Hooker (SBN 241590)
lhooker@saxenawhite.com
Dianne M. Pitre (SBN 286199)
dpitre@saxenawhite.com
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel.: (561) 394-3399
Fax: (561) 394-3382

*Counsel for Lead Plaintiffs and the Settlement Class*

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on December 17, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel or parties of record.

/s/ David R. Kaplan
David R. Kaplan
