**SAXENA WHITE P.A.**
David R. Kaplan (SBN 230144)
dkaplan@saxenawhite.com
Emily Bishop (SBN 319383)
ebishop@saxenawhite.com
505 Lomas Santa Fe Drive, Suite 180
Solana Beach, CA 92075
Tel.: (858) 997-0860
Fax: (858) 369-0096

*Counsel for Lead Plaintiffs Employees' Retirement
System of the City of Baltimore, City of
Philadelphia Board of Pensions and Retirement,
and Plymouth County Retirement Association, and
Lead Counsel for the Settlement Class*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE FIBROGEN, INC., SECURITIES LITIGATION | Case No. 3:21-cv-02623-EMC<br><br>**CLASS ACTION**<br><br>[PROPOSED] FINAL JUDGMENT AND ORDER OF DISMISSAL |

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL
3:21-cv-02623-EMC

WHEREAS, a class action is pending in this Court entitled *In re FibroGen, Inc., Securities Litigation*, Case No. 3:21-cv-02623-EMC (N.D. Cal.) (the "Action");

WHEREAS, by order dated August 30, 2021, this Court appointed Employees' Retirement System of the City of Baltimore, City of Philadelphia Board of Pensions and Retirement, and Plymouth County Retirement System as Lead Plaintiffs ("Lead Plaintiffs" or "Plaintiffs") pursuant to the requirements of the Private Securities Litigation Reform Act of 1995 and approved Lead Plaintiffs' selection of Saxena White P.A. ("Saxena White") as Lead Counsel (ECF No. 75);

WHEREAS, on November 19, 2021, Lead Plaintiffs filed their Corrected Consolidated Class Action Complaint (the "Complaint,"; ECF No. 97);

WHEREAS, (a) Lead Plaintiffs, on behalf of themselves and the Settlement Class, and (b) defendants FibroGen, Inc. ("FibroGen"), Enrique Conterno, James A. Schoeneck, Mark Eisner, Pat Cotroneo, and K. Peony Yu (collectively the "Defendants," and, together with Lead Plaintiffs, the "Parties") have entered into a Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement Agreement"; ECF No. 236, Ex. 1), that provides for a complete dismissal with prejudice of the claims asserted in the Complaint against Defendant Releasees (as defined in the Stipulation) on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated February 13, 2024 this Court: (a) preliminarily approved the Settlement and certified the Settlement Class for purposes of this Settlement only; (b) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (c) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement (ECF No. 244);

WHEREAS, on April 4, 2024, Lead Plaintiffs submitted their unopposed Notice of Motion and Motion for Final Approval of Class Action Settlement and Plan of Allocation (the "Final Approval Motion," ECF No. 250);

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL
3:21-cv-02623-EMC

1

WHEREAS, on May 2, 2024, Lead Plaintiffs submitted their Reply Memorandum of Law in Support of Motion for Final Approval of Class Action Settlement and Plan of Allocation (ECF No. 255), which attached a [Proposed] Final Judgment and Order of Dismissal (ECF No. 255-2);

WHEREAS, on May 16, 2024, the Court held a Final Approval Hearing;

WHEREAS, on May 28, 2024, the Court entered the Order Approving Plan of Allocation, in which the Court held, among other things, that it would "issue a further order as to final judgment [] after receipt and consideration of an accounting of the class claims and distribution process" (ECF No. 256);

WHEREAS, on June 13, 2024, Lead Plaintiffs submitted a status report (the "Status Report") regarding the claims received from Potential Settlement Class Members by the Court-appointed Claims Administrator JND Legal Administration (ECF No. 257);

WHEREAS, on August 1, 2024, the Court entered the Order re Status Report stating that it was "in receipt of the parties' status report regarding filing of claims," and deferred "dismissal of the case and entry of final judgment until the final accounting and claims process is completed" (ECF No. 260). The Court further directed the Parties to "file [the] final accounting and notice a hearing date to review the final accounting upon completion," at which time "the Court will determine whether dismissal and entry of final judgment is appropriate";

WHEREAS, on December 17, 2024, Lead Plaintiffs filed their Unopposed Motion for Class Distribution Order (ECF No. 261), and on January 15, 2025, the Court entered the Class Distribution Order (ECF No. 265), which, among other things, directed the Parties to jointly file a post-distribution accounting status report within 150 days of the Court's Order;

WHEREAS, on June 13, 2025, the Parties filed their Joint Status Report Regarding Settlement Administration and Post-Distribution Accounting, advising that distribution of the Net Settlement Fund was substantially completed on June 11, 2025, and requesting that the remaining balance be contributed to the Public Justice Foundation as a replacement *cy pres* recipient of the Investor Protection Trust, which had ceased operations (ECF No. 267);

WHEREAS, on June 18, 2025, the Court entered an Order authorizing the Public Justice Foundation as a replacement *cy pres* recipient of the Investor Protection Trust (ECF No. 268);

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL
3:21-cv-02623-EMC

2

WHEREAS, distribution of the Net Settlement Fund to Authorized Claimants has been completed and on November 14, 2025, the Parties jointly moved, under Federal Rule of Civil Procedure 58(d), to request entry of Judgment in this matter and for an order approving contribution of the $21,713.03 balance remaining in the Net Settlement Fund and an anticipated tax refund of $38,951.00 if and when received in 2026, to the Court-approved *cy pres* recipient, Public Justice Foundation (ECF No. 269);

WHEREAS, the conditions of Settlement, as agreed to by the Parties in the Stipulation, include: "entry of the Judgment" and "the Judgment becoming Final" (Stipulation at ¶ 8.1);

WHEREAS, given the foregoing, the Court finds that this case is due to be dismissed with prejudice and that Judgment should enter under Rule 58(d);

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation; and (b) the Notice and the Summary Notice, both of which were previously filed with the Court.

3. **Class Certification for Settlement Purposes** – The Court affirms its determinations in the Preliminary Approval Order certifying, for the purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the Settlement Class consisting of all persons who purchased or acquired FibroGen securities, including options, between December 20, 2018 through July 15, 2021, inclusive. Excluded from the Settlement Class are (1) Defendants; (2) the Officers or directors of FibroGen during the Settlement Class Period; (3) the Immediate Family members of any Defendant or any Officer or director of FibroGen during the Settlement Class Period; and (4) any entity that any Defendant owns or controls, or owned or controlled, during the Settlement Class Period. Also excluded from the Settlement Class is the person listed in Exhibit 1 hereto who filed

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL
3:21-cv-02623-EMC

3

a valid and timely request for exclusion in accordance with the Preliminary Approval Order and the plaintiffs in the Opt-Out Action.

4.    **Settlement Notice** – The Court finds and concludes that the dissemination of the Notice and the publication of the Summary Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action; (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder); (iii) Lead Plaintiffs' motion for an award of attorneys' fees and reimbursement of Litigation Expenses; (iv) their right to object to any aspect of the Settlement, the Plan of Allocation and/or Lead Plaintiffs' motion for attorneys' fees and reimbursement of Litigation Expenses; (v) their right to exclude themselves from the Settlement Class; and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable laws and rules.

5.    **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted in the Complaint against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable and adequate to the Settlement Class. Specifically, the Court finds that (a) Lead Plaintiffs and Lead Counsel have adequately represented the Settlement Class; (b) the Settlement was negotiated by the Parties at arm's length; (c) the relief provided for the Settlement Class under the Settlement is adequate taking into account the costs, risks, and delay of trial and appeal, the means of distributing the Settlement Fund to the Settlement Class, and the attorneys' fee and expense award; and (d) the Settlement treats members of the Settlement Class equitably relative to each other.

6.    The Action and all of the claims asserted in the Complaint against Defendants in the Action by Lead Plaintiffs and the other Settlement Class Members are hereby dismissed with prejudice.  The Parties and the D&O Insurers shall bear their own costs and expenses, except as otherwise expressly provided for in the Stipulation.

7.    **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiffs, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns. The plaintiffs in the Opt-Out Action and the person listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

8.    **Releases** – The Releases set forth in the Stipulation, together with the definitions contained in the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a)    Without further action by anyone, and subject to Paragraph 9 below, upon the Effective Date of the Settlement, Plaintiff Releasees, by operation of the Stipulation, of law, and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim against the Defendants and the other Defendant Releasees, and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any or all of the Released Plaintiffs' Claims against any of the Defendant Releasees. This Release shall not apply to any Excluded Claim.

(b)    Without further action by anyone, and subject to paragraph 9 below, upon the Effective Date of the Settlement, Defendant Releasees, by operation of the Stipulation, of law, and of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, and discharged each and every Released Defendants' Claim against the Plaintiff Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff Releasees. This Release shall not apply to any Excluded Claim.

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL
3:21-cv-02623-EMC

5

(c)    Upon the Effective Date, Plaintiff Releasees are forever barred and enjoined from commencing, instituting, maintaining, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any Released Plaintiffs' Claims against any of the Defendant Releasees; and

(d)    Upon the Effective Date, to the extent allowed by law, the Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by a Settlement Class Member against any of the Defendant Releasees with respect to any Released Plaintiffs' Claims, or brought by a Defendant against any of the Plaintiff Releasees with respect to any Released Defendants' Claim.

9.    Notwithstanding the above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10.    **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

11.    **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)    shall be (i) offered against any of the Defendant Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant Releasees with respect to (a) the truth of any fact alleged by Lead Plaintiffs or any Settlement Class Member; (b) the validity of any claim that was or could have been asserted in this Action or in any other litigation; (c) the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation; (d) any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant Releasees; or (e) any damages suffered by Plaintiffs or the Settlement Class; or (ii) in any way referred to for any other reason against any of

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL
3:21-cv-02623-EMC

6

the Defendant Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b)    shall be (i) offered against any of the Plaintiff Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff Releasees (a) that any of their claims are without merit, that any of the Defendant Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount; or (b) with respect to any liability, negligence, fault or wrongdoing of any kind; or (ii) in any way referred to for any other reason as against any of the Plaintiff Releasees, in any civil, criminal, or administrative action or proceeding (including any arbitration) other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c)    shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, the Parties and the Releasees and their respective counsel may refer to this Judgment to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

12.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; and (c) the Settlement Class Members for all matters relating to the Action.

13.    **Modification of the Agreement of Settlement** – Without further approval from the Court, the Parties are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court,

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL
3:21-cv-02623-EMC

7

Lead Plaintiffs and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

14.     The Court finds that it is not cost effective to redistribute the remaining balance of the Net Settlement Fund together with an anticipated tax refund in 2026 of approximately $38,951.00 and approves the contribution of $21,713.03 remaining in the Net Settlement Fund, and an anticipated tax refund of $38,951.00 if and when received in 2026, to the Public Justice Foundation as the *cy pres* recipient;

15.     This Litigation and all Released Claims are dismissed with prejudice.  The Parties are to bear their own costs, except as otherwise agreed in writing by the Settling Parties or as otherwise provided in the Stipulation or Judgment.

The Court directs immediate entry of this Judgment by the Clerk of the Court.

SO ORDERED this _____ day of _____, 2025.

_____
The Honorable Edward M. Chen
United States District Judge

[PROPOSED] FINAL JUDGMENT
AND ORDER OF DISMISSAL
3:21-cv-02623-EMC

8

**Exhibit 1**

**List of Person Excluded from the Settlement Class Pursuant to Request**

1. Dan Brecher
   New York, NY